UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20207

GUSTAVO HERNANDEZ,

    Plaintiff,

vs.

HYPOWER, LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Gustavo Hernandez, sues Defendant, Hypower, LLC, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Gustavo Hernandez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     **Defendant, Hypower, LLC,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material.

3.     This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 29 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claims.

4.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business and maintained its principal place of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions

1

were made in this District.

5. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

6. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Gustavo Hernandez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

7. Plaintiff was an employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

8. Plaintiff was a non-exempt employee of Defendant.

9. Plaintiff consents to participate in this lawsuit.

10. Plaintiff worked for Defendant as an electrical foreman from approximately May 2022 to January 4, 2024.

11. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in the exclusive custody of Defendant.

12. Defendant was Plaintiff's direct employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13. Defendant regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

14. Defendant has been, at all times material, an enterprise engaged in interstate commerce in the course of its acting as a general contractor specializing in electrical and utility contracting.

15. Defendant sells, installs, repairs, and services electrical systems, components, products, and materials that have moved through interstate commerce as its business.

16. Defendant also purchased, sold, and/or re-sold electrical wiring components, electrical outlets, junction boxes, wires, conduits, equipment, materials, and supplies that moved through interstate commerce.

17. Defendant conducted its business using vans, vehicles, tools, equipment, machinery, materials, and supplies that moved through interstate commerce as well while obtaining insurance for its company and both insurance and bonds for its work through and with companies, agents, carriers, and/or brokers located outside of the State of Florida – which involved exchanging paperwork and payment to and from outside of the State of Florida.

18. Furthermore, Defendant regularly and recurrently obtained, solicited, exchanged, and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

19. Defendant's annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or $125,000.00 for each fiscal quarter in which Plaintiff worked.

20. Defendant agreed to pay Plaintiff $35/hour for his work at the Palmer Lakes project, which lasted until approximately February 2023.

3

a. Plaintiff received a directive from his direct supervisor at the Palmer Lakes project to arrive at the job site at 6:00 a.m., at which time he was expected to perform work necessary and integral to his work for Defendant, but to clock in (and thereby work off the clock) until 7:00 a.m.

b. Plaintiff complied by arriving at the job site and commencing work at 6:00 a.m. by performing work necessary and integral to his work for Defendant and then imputing that he commenced working at 7:00 a.m.

c. Plaintiff's direct supervisor at the Palmer Lakes project similarly instructed the electricians to arrive at the job site at 6:00 a.m., at which time they were expected to perform work necessary and integral to their work for Defendant, but to clock in (and thereby work off the clock) until 6:30 a.m.

21. Defendant agreed to pay Plaintiff $42.58/hour for his work at the MSC cruises terminal, which started in February 2023.

22. Defendant supplemented Plaintiff's hourly pay for his work at the MSC cruise terminal with $495 in weekly fringe, which Defendant based on Plaintiff working 40 hours in each corresponding week.

a. Plaintiff received a directive from his direct supervisor at the MSC cruise terminal project to arrive at the job site at 6:00 a.m. but to clock in (and thereby work off the clock) until 7:00 a.m.

b. Plaintiff complied by arriving at the parking lot designated by Defendant, taking a shuttle from the off-site parking facility in Downtown Miami to the MSC cruise

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

terminal in the Port of Miami so that he would arrive and commence work for Defendant by 6:00 a.m., and inputted that he commenced working at 7:00 a.m.

 c. Plaintiff's direct supervisor at the MSC cruise terminal project similarly instructed the electricians to arrive at the job site at 6:00 a.m., at which time they were expected to perform work necessary and integral to their work for Defendant, but to clock in (and thereby work off the clock) until 6:30 a.m.

23. At the Palmer Lakes and the MSC cruise terminal projects, Plaintiff usually clocked out and stopped working at around 3:30 p.m.

24. Thus, Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendant.

25. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly pay rate for all hours worked over 40 hours in a given workweek because it required him to work off the clock and only paid him for the time his supervisors authorized and directed him to submit.

26. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours worked during the relevant time by requiring him (and others) to perform work off the clock and for which he would not be paid.

27. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay him overtime for the hours he was instructed to not record as work time, and/or Defendant

5

concocted a scheme under which it deprived Plaintiff of his overtime pay.

28. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Gustavo Hernandez, demands the entry of a judgment in his favor and against Defendant, Hypower, LLC, as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorney's fees, costs, and expenses under the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

Plaintiff, Gustavo Hernandez, reincorporates and re-alleges paragraphs 1 through 6 as though set forth fully herein and further alleges as follows:

29. Defendant employed Plaintiff as an electrical foreman from May 2022 until it

6

terminated his employment on January 4, 2024.

30. Defendant offered for Plaintiff to earn $35/hour while working for Defendant at the Palmer Lakes project, and Plaintiff accepted that offer.

31. Defendant then offered for Plaintiff to earn $42.58/hour plus fringe benefits that amounted to $495 for 40 hours of documented time work while working at the MSC cruise terminal project, and Plaintiff accepted that offer.

32. The parties also agreed as a term and condition of Plaintiff's employment and continued employment with it, he would accrue paid time off based on the time he worked for Defendant.

33. Plaintiff fully performed under the parties' agreement(s); he worked for Defendant at the Palmer Lakes and then at the MSC cruise terminal projects.

34. As of January 4, 2024, Plaintiff accrued 80 hours of unused paid time off.

35. Defendant terminated Plaintiff's employment on January 4, 2024, but failed and refused to timely pay him for the paid time off that he accrued but did not use.

36. Plaintiff contacted Defendant to find out about its paying him the value of his accrued but unused PTO, and in response he was told it would not be paying him for his accrued but unused PTO.

37. Plaintiff has been damaged as a result of Defendant's failure to pay him for his accrued but unused PTO in breach of their agreement.

WHEREFORE Plaintiff, Gustavo Hernandez, demands the entry of a judgment in his favor and against Defendant, Hypower, LLC, for all breach of contract damages suffered, plus pre-

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

judgment and post-judgment interest, costs, and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

Respectfully submitted this 18th day of January 2024,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*