**UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 1:24-cv-20207- JEM**

GUSTAVO HERNANDEZ,

    Plaintiff,

    v.

HYPOWER, LLC

    Defendant.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, HYPOWER, LLC ("Hypower" or "Defendant"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12, hereby file its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, GUSTAVO HERNANDEZ ("Hernandez" or "Plaintiff"), and state as follows:

1.    Defendant is without knowledge of the allegations set forth in Paragraph 1 of the Complaint and therefore denies same.

2.    Admitted that Hypower is a Florida limited liability company authorized to conduct business in Miami-Dade County, Florida.

3.    Admitted for jurisdictional purposes only.

4.    Admitted for jurisdictional purposes only.

5.    Admitted for jurisdictional purposes only.

6.    Defendant is without knowledge of the allegations set forth in Paragraph 6 of the Complaint and therefore denies same.

1

## COUNT 1 – FLSA OVERTIME WAGE VIOLATION(S)

7. Admitted that Plaintiff was employed by Hypower. The remaining allegations set forth in Paragraph 7 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

8. The allegations set forth in Paragraph 8 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

9. Defendant is without knowledge of the allegations set forth in Paragraph 9 of the Complaint and therefore denies same.

10. Admitted.

11. Admitted that Hypower is in possession of records regarding the dates of Plaintiff's employment with Hypower. Denied that such records are in the "exclusive" custody of Hypower.

12. The allegations set forth in Paragraph 12 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

13. The allegations set forth in Paragraph 13 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

14. Admitted that Hypower is a general contractor specializing in electrical and utility contracting. Without knowledge and therefore denies remaining allegations.

15. Admitted that Hypower sells, installs, repairs and services electrical systems, components, products and materials. Without knowledge and therefore denies remaining allegations.

16. Admitted that Hypower purchases and sells electrical products, supplies and equipment. Without knowledge and therefore denies remaining allegations.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

    **a.** Denied.

    **b.** Denied.

    **c.** Denied.

21. Admitted.

22. Admitted.

    **a.** Denied.

    **b.** Denied.

    **c.** Denied.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT II – BREACH OF CONTRACT

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Denied.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

## DEMAND FOR TRIAL BY JURY

Defendant demands a trial by Jury.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

Plaintiff's FLSA claims, including his claim for liquidated damages, are barred in whole or in part, because Defendant acted in good faith and had reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff's claims are barred in that he was an exempt employee under FLSA during all the material times set forth in the Complaint, and thus, not entitled to overtime under FLSA.

### *Second Affirmative Defense*

Plaintiff's claims are barred in whole or in part, in that Defendant did not know and did not show a reckless disregard that their conduct, if any, was prohibited by the Fair Labor Standards Act.

### *Third Affirmative Defense*

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and/or estoppel by silence because Plaintiff failed to report his hours allegedly worked.

### *Fourth Affirmative Defense*

Defendant is also entitled to a set-off for all monies received by Plaintiff for employment, unemployment, free-lancing, and/or being an independent contractor.

### *Fifth Affirmative Defense*

Plaintiff's claims are barred to the extent he seeks injunctive, declaratory and/or other equitable relief because: (1) Plaintiff has adequate remedies at law; and (2) he has suffered no irreparable harm due to any alleged conduct by Defendant.

### *Sixth Affirmative Defense*

To the extent that overtime wages are owed to Plaintiff, which Defendant expressly denies, the fluctuating workweek should be utilized to calculate damages.

### *Seventh Affirmative Defense*

Defendant states that all actions taken related to payment of Plaintiff's compensation, wages, and withholdings thereto were made in good faith and any purported violations of the FLSA are *de minimis*.  Defendant had time keeping procedures such that Plaintiff was responsible for making, keeping, and reporting any wages owed for working, including overtime.  Any worked overtime hours were properly paid.

### *Eighth Affirmative Defense*

Plaintiff's claims fail in whole or in part because he never worked more than forty (40) hours per week.

### *Ninth Affirmative Defense*

5

To the extent that Plaintiff seeks equitable relief, his recovery should be barred because by the doctrine of unclean hands. During Plaintiff's employment period, Plaintiff purported to be working for Defendants; however, Plaintiff used Defendants materials—including but not limited to a company truck—to work for other people during work hours when he was being compensated by Defendants. This led to Plaintiff being overcompensated during various workweeks. Accordingly, it would be inequitable for the Court to grant relief to Plaintiff.

### Tenth Affirmative Defense

At all times, Defendant's actions were lawful, justified, and made in good faith.

### Eleventh Affirmative Defense

All actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons, and were not the result of any discriminatory, retaliatory, pretextual, and/or illegal motive and were completed unrelated to Plaintiff's alleged complaint about not being paid in accordance with the FLSA. Namely, Defendant lawfully terminated Plaintiff after he received several disciplinary actions. Accordingly, Plaintiff cannot establish any nexus between any employment action taken against him and any alleged protected activity under the FLSA.

### Twelfth Affirmative Defense

Defendant asserts the affirmative defense of after acquired evidence. Plaintiff's recovery, if any, should be reduced if Defendant unearths additional legitimate reasons for terminating Plaintiff.

### Thirteenth Affirmative Defense

Defendant asserts that Plaintiff failed to mitigate damages. Upon information and belief, Plaintiff did not attempt in earnest to seek gainful employment elsewhere and failed to accept

work. Thus, Plaintiff failed to mitigate his damages. To the extent he has mitigated his damages, Defendant is entitled to offset the amounts Plaintiff has earned.

### *Fourteenth Affirmative Defense*

Plaintiff's claims are barred in whole or in part, in that Defendant's conduct, if any, was not willful.

### *Fifteenth Affirmative Defense*

Plaintiff's claims for attorney's fees are barred in whole or in part, in that Plaintiff is not entitled to recover his reasonable attorney's fees under the Fair Labor Standards Act.

### *Sixteenth Affirmative Defense*

Defendant states that to the extent any determination is made that wages or overtime compensation were ever owed or are owed to Plaintiff, and further, to the extent that it is determined that Plaintiff worked more than forty (40) hours in a work week and did not receive proper overtime compensation, such overtime was not specifically known by Defendant, and therefore, no liquidated damages would be owing for the nonpayment of such overtime compensation. Defendant had time keeping procedures such that Plaintiffs were responsible for making, keeping, and reporting any wages owed for working, including overtime. Any worked overtime hours were properly paid.

### *Seventeenth Affirmative Defense*

Defendant states that the Complaint fails to state a cause of action sufficient to justify the award of liquidated damages in favor of Plaintiff. Defendant had time keeping procedures such that Plaintiff was responsible for making, keeping, and reporting any wages owed for working, including overtime. Any worked overtime hours were properly paid.

#2746137v1-100971.0001

*Eighteenth Affirmative Defense*

Plaintiff's breach of contract claim is barred, in that Plaintiff was terminated for cause, and therefore, pursuant to Defendant's employee handbook, is not entitled to payment of any accrued but unused PTO.

*Reservation of Rights*

Defendant reserves the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process and/or to file a counterclaim.

WHEREFORE, Defendant, HYPOWER, LLC, respectfully requests that this Honorable Court enter judgment as follows: (a) order that Plaintiff take nothing by this action; (b) dismiss Plaintiff's Complaint and any claim therein with prejudice; (c) order that judgment be entered in Defendant's favor; and (d) grant such further relief as the Court deems just and appropriate.

Date: February 12, 2024

Respectfully submitted,

**TRIPP SCOTT, P.A.**
110 SE Sixth Street, 15th Floor
Ft. Lauderdale, FL 33301
Tel: (954) 525-7500
Facsimile: (954) 761-8475
*Counsel for Defendant*

By: */s/ Stephanie C. Mazzola*
STEPHANIE C. MAZZOLA, ESQ.
Fla. Bar No. 0077661
scm@trippscott.com
sgc@trippscott.com
eservice@trippscott.com
BRITTANY L. HYNES, ESQ.
Fla. Bar No. 1018589
blh@trippscott.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed and served on all counsel of record via CM/ECF on this 12th day of February 2024.

By: */s/ Stephanie C. Mazzola*
STEPHANIE C. MAZZOLA, ESQ.
Fla. Bar No. 0077661

**SERVICE LIST**

Brian H. Pollock, Esq.
Florida Bar No. 174742
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Telephone: (305) 230-4884
Email: brian@fairlawattorney.com
Attorneys for Plaintiff

P. Brooks LaRou, Esq.
Florida Bar No. 1039018
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Telephone: (305) 230-4884
Email: broooks@fairlawattorney.com
Attorneys for Plaintiff