UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:24-cv-20207- JEM

GUSTAVO HERNANDEZ,

    Plaintiff,

v.

HYPOWER, LLC

    Defendant.

_____/

***UNOPPOSED* MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, HYPOWER, LLC ("Defendant"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 15(a)(2), hereby moves this Court to amend its Amended Answer and Affirmative Defenses, and in support thereof states as follows:

**Introduction**

1. On or about January 18, 2024, Plaintiff, GUSTAVO HERNANDEZ ("Plaintiff") filed his Complaint [D.E. 1] in the above-styled lawsuit.

2. On or about March 7, 2024, Defendant filed its Amended Answer and Affirmative Defenses [D.E. 17].

3. As of the date of this motion, no dispositive motions have been filed.

4. Defendant seeks to amend its Amended Answer and Affirmative Defenses amend this Defendant's response to paragraph 2 to accurately reflect that Defendant is a Delaware limited liability company.

5. A copy of Defendant's proposed Second Amended Answer and Affirmative Defenses is attached hereto as **Exhibit "A"**.

6. This Motion for Leave to Amend is made in good faith, is not made for the purpose of delay and will promote judicial economy.

7. Pursuant to Rule 15(a), leave to amend "shall be freely given when justice so requires" and "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

8. Courts should grant parties leave to amend unless there is an "apparent or declared reason" to deny it "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (citing *Foman*, 371 U.S. at 182). "[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

9. Here, there is no "undue delay, bad faith, or dilatory motive" on Defendant's part. *See McKinley*, 177 F.3d at 1258. Defendant's motive for filing the Second Amended Answer and Affirmative Defenses it to correct Defendant's response to paragraph 2.

10. Further, the instant motion will not prejudice Plaintiff because this Court has not yet entered a scheduling order establishing a deadline for the amendment of pleadings, and the matter is not otherwise set for trial.

WHEREFORE, Defendant, HYPOWER, LLC, respectfully requests this Honorable Court allow the filing of a Second Amended Answer and Affirmative Defenses in the form attached hereto as Exhibit A, and any and all further relief as this Court deems just and proper.

## 7.1(a)(3) CERTIFICATION

Prior to the filing of this motion, counsel for Defendant made reasonable efforts to confer with counsel for Plaintiff in an effort to resolve in good faith the issues raised in this motion. Counsel for Plaintiff does not oppose the relief requested herein.

Respectfully submitted,

**TRIPP SCOTT, P.A.**
110 SE Sixth Street, 15th Floor
Ft. Lauderdale, FL 33301
Tel: (954) 525-7500
Facsimile: (954) 761-8475
*Counsel for Defendant*

By: */s/ Stephanie C. Mazzola*
STEPHANIE C. MAZZOLA, ESQ.
Fla. Bar No. 0077661
scm@trippscott.com
sxc@trippscott.com
eservice@trippscott.com
BRITTANY L. HYNES, ESQ.
Fla. Bar No. 1018589
blh@trippscott.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed and served on all counsel of record via CM/ECF on this 1st day of May, 2024.

By: */s/ Stephanie C. Mazzola*
STEPHANIE C. MAZZOLA, ESQ.
Fla. Bar No. 0077661

#2784076v1-100971.0001