UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:24-cv-20207- JEM

GUSTAVO HERNANDEZ,

    Plaintiff,

    v.

HYPOWER, LLC

    Defendant.
_____/

## SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant, HYPOWER, LLC ("Hypower" or "Defendant"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12, hereby file its Second Amended Answer and Affirmative Defenses to the Complaint filed by Plaintiff, GUSTAVO HERNANDEZ ("Hernandez" or "Plaintiff"), and state as follows:

    1.    Defendant is without knowledge of the allegations set forth in Paragraph 1 of the Complaint and therefore denies same.

    2.    Denied that Hypower is a Florida limited liability company. Hypower is a Delaware limited liability company authorized to conduct business in Miami-Dade County, Florida.

    3.    Admitted for jurisdictional purposes only.

    4.    Admitted for jurisdictional purposes only.

    5.    Admitted for jurisdictional purposes only.

    6.    Defendant is without knowledge of the allegations set forth in Paragraph 6 of the Complaint and therefore denies same.

## COUNT 1 – FLSA OVERTIME WAGE VIOLATION(S)

7. Admitted that Plaintiff was employed by Hypower. The remaining allegations set forth in Paragraph 7 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

8. The allegations set forth in Paragraph 8 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

9. Defendant is without knowledge of the allegations set forth in Paragraph 9 of the Complaint and therefore denies same.

10. Admitted.

11. Admitted that Hypower is in possession of records regarding the dates of Plaintiff's employment with Hypower. Denied that such records are in the "exclusive" custody of Hypower.

12. The allegations set forth in Paragraph 12 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

13. The allegations set forth in Paragraph 13 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

14. Admitted that Hypower is a general contractor specializing in electrical and utility contracting. Without knowledge and therefore denies remaining allegations.

#2784052v1-100971.0001

15. Admitted that Hypower sells, installs, repairs and services electrical systems, components, products and materials. Without knowledge and therefore denies remaining allegations.

16. Admitted that Hypower purchases and sells electrical products, supplies and equipment. Without knowledge and therefore denies remaining allegations.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

    a. Denied.

    b. Denied.

    c. Denied.

21. Admitted.

22. Admitted.

    a. Denied.

    b. Denied.

    c. Denied.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

#2784052v1-100971.0001

## COUNT II – BREACH OF CONTRACT

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Denied.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

## DEMAND FOR TRIAL BY JURY

Defendant demands a trial by Jury.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

Plaintiff's FLSA claims, including his claim for liquidated damages, are barred in whole or in part, because Defendant acted in good faith and had reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff's claims are barred in that he was an exempt executive employee under FLSA during all the material times set forth in the Complaint, and thus, not entitled to overtime under FLSA.

### *Second Affirmative Defense*

Plaintiff's claims are barred in whole or in part, in that Defendant did not know and did not show a reckless disregard that their conduct, if any, was prohibited by the Fair Labor Standards Act.

### *Third Affirmative Defense*

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and/or estoppel by silence because Plaintiff failed to report his hours allegedly worked.

### *Fourth Affirmative Defense*

Defendant is also entitled to a set-off for all monies received by Plaintiff for employment, unemployment, free-lancing, and/or being an independent contractor. Any such set off shall not reduce the amount Plaintiff can recover below the statutory minimum wage.

### *Fifth Affirmative Defense*

Plaintiff's claims are barred to the extent he seeks injunctive, declaratory and/or other equitable relief because: (1) Plaintiff has adequate remedies at law; and (2) he has suffered no irreparable harm due to any alleged conduct by Defendant.

### *Sixth Affirmative Defense*

Defendant states that all actions taken related to payment of Plaintiff's compensation, wages, and withholdings thereto were made in good faith and any purported violations of the FLSA are *de minimis*. Defendant had time keeping procedures such that Plaintiff was responsible for making, keeping, and reporting any wages owed for working, including overtime. Any worked overtime hours were properly paid.

### *Seventh Affirmative Defense*

Plaintiff's claims fail in whole or in part because he never worked more than forty (40) hours per week.

### *Eighth Affirmative Defense*

To the extent that Plaintiff seeks equitable relief, his recovery should be barred because by the doctrine of unclean hands. During Plaintiff's employment period, Plaintiff purported to be

working for Defendants; however, Plaintiff used Defendant's materials—including but not limited to a company truck—to work for other people during work hours when he was being compensated by Defendants. This led to Plaintiff being overcompensated during various workweeks. Accordingly, it would be inequitable for the Court to grant relief to Plaintiff.

### *Ninth Affirmative Defense*

At all times, Defendant's actions were lawful, justified, and made in good faith. Defendant had reasonable grounds to believe that (1) Plaintiff was paid for all hours he reported and all hours that he acknowledged that were entered were all the hours he was entitled to be paid; (2) Plaintiff was not working more than the hours than he reported on his time records, as Defendant was not on notice that Plaintiff was working more hours than Plaintiff believed he was being properly compensated for.

### *Tenth Affirmative Defense*

Plaintiff's claims are barred in whole or in part, in that Defendant's conduct, if any, was not willful.

### *Eleventh Affirmative Defense*

Plaintiff's claims for attorney's fees are barred in whole or in part, in that Plaintiff is not entitled to recover his reasonable attorney's fees under the Fair Labor Standards Act because Plaintiff's claim was brought in bad faith.

### *Twelfth Affirmative Defense*

Defendant states that to the extent any determination is made that wages or overtime compensation were ever owed or are owed to Plaintiff, and further, to the extent that it is determined that Plaintiff worked more than forty (40) hours in a work week and did not receive proper overtime compensation, such overtime was not specifically known by Defendant, and

therefore, no liquidated damages would be owing for the nonpayment of such overtime compensation. Defendant had time keeping procedures such that Plaintiffs were responsible for making, keeping, and reporting any wages owed for working, including overtime. Any worked overtime hours were properly paid.

### *Thirteenth Affirmative Defense*

Defendant states that the Complaint fails to state a cause of action sufficient to justify the award of liquidated damages in favor of Plaintiff. Defendant had time keeping procedures such that Plaintiff was responsible for making, keeping, and reporting any wages owed for working, including overtime. Any worked overtime hours were properly paid.

### *Fourteenth Affirmative Defense*

Plaintiff's breach of contract claim is barred, in that Plaintiff was terminated for cause, and therefore, pursuant to Defendant's employee handbook, is not entitled to payment of any accrued but unused PTO.

### *Reservation of Rights*

Defendant reserves the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process and/or to file a counterclaim.

WHEREFORE, Defendant, HYPOWER, LLC, respectfully requests that this Honorable Court enter judgment as follows: (a) order that Plaintiff take nothing by this action; (b) dismiss Plaintiff's Complaint and any claim therein with prejudice; (c) order that judgment be entered in Defendant's favor; and (d) grant such further relief as the Court deems just and appropriate.

Date: May 1, 2024

Respectfully submitted,

**TRIPP SCOTT, P.A.**
110 SE Sixth Street, 15th Floor

Ft. Lauderdale, FL 33301  
Tel: (954) 525-7500  
Facsimile: (954) 761-8475  
*Counsel for Defendant*

By: */s/ Stephanie C. Mazzola*  
STEPHANIE C. MAZZOLA, ESQ.  
Fla. Bar No. 0077661  
scm@trippscott.com  
sxc@trippscott.com  
eservice@trippscott.com  
BRITTANY L. HYNES, ESQ.  
Fla. Bar No. 1018589  
blh@trippscott.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed and served on all counsel of record via CM/ECF on this 1st day of May, 2024.

By: */s/ Stephanie C. Mazzola*  
STEPHANIE C. MAZZOLA, ESQ.  
Fla. Bar No. 0077661

#2784052v1-100971.0001