UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20207-MARTINEZ/SANCHEZ

GUSTAVO HERNANDEZ,

    Plaintiff,

vs.

HYPOWER, LLC,

    Defendant.

_____/

## LOCAL RULE 16.1(b) JOINT CONFERRAL REPORT

Counsel for Plaintiff, Gustavo Hernandez, and for Defendant, Hypower, LLC, after having met and conferred in-person, submit the following Joint Conferral Report pursuant to Local Rule 16.1(b)(2):

**(A)** **The Likelihood of Settlement**

Settlement may be possible in this action seeking unpaid overtime wages (plus liquidated damages, costs, and attorneys' fees) under the Fair Labor Standards Act, and accrued but unused paid-time-off under common law breach of contract.

**(B)** **The Likelihood of Appearance in the Action of Additional Parties**

Plaintiff is not seeking to certify a class and does not anticipate the appearance of any additional parties in this case.

**(D)** **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.**

None at this time. This is a relatively non-complex case involving the recovery of unpaid wages under the Fair Labor Standards Act and accrued paid-time-off under common law breach of contract.

**(E)     The Necessity or Desirability of Amendments to the Pleadings**

Defendant may seek to amend its answer and affirmative defenses, and if so, Plaintiff is likely to oppose its request considering that Defendant is on its Second Amended Answer and Affirmative Defenses.

**(F)     The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things which will Avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence**

The parties will utilize admissions of fact and stipulations regarding authenticity of documents to avoid unnecessary proof.

**(G)     Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

None other than in (F), above.

**(H)     Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

None.

**(I)     A Preliminary Estimate of the Time Required for Trial.**

A Preliminary estimate of the time required for trial is three days by jury.

**(J)     Requested Date(s) for Conferences Before Trial, a Final Pretrial Conference and Trial**

Dates for Trial and Calendar Call have been set by this Court's Amended Order Setting Civil Trial Date and Pretrial Schedule [ECF No. 25]. Per the Court's Order, "[n]o pretrial conference shall be held in this action unless the Court determines that a pretrial conference is necessary." ECF No. 25 at ¶ 1.

**(K)     Any Issues Regarding:**

1.  **Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced**

The Parties agree that ESI may exist subject to discovery or disclosure. Such ESI will be identified and preserved in native format; however, the initial production of such documents will be in searchable .pdf or .tiff format unless specifically requested otherwise. The Parties agree that there is no obligation to make documents / ESI searchable which are not currently preserved in a searchable format.

The parties anticipate that they will produce electronically stored information relating to Plaintiff's days and hours worked and pay to him electronically, to the extent it exists. The electronic formats are likely to include those that can be opened by Microsoft Word, Microsoft Excel, and Adobe. With regard to e-mails or searchable ESI for which either party has the technical capability to conduct a search, the parties shall agree on search terms that fall within the scope of discovery contemplated by Fed. R. Civ. P. 26(b)(1), e.g. proportional to the needs of the case. The parties agree that such discussions may be used in connection with any motion to compel.

2. **Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared for all items withheld based on a claim of privilege or work product protection, except written communications between a named party and its counsel after January 3, 2024, and documents created by counsel after the aforesaid date. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

The parties will address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

3.  **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

    The parties do not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

**(L)** **Additional Information Required By the Court:**

1.  **Jury Preference**

    The parties request a trial by jury.

2.  **Elements and Defenses of Each Claim**

    a.  **Fair Labor Standards Act – Unpaid Overtime Wages**

        **Elements:**

        To succeed on his claim for unpaid overtime wages under the FLSA, Plaintiff must prove each of the following facts by a preponderance of evidence:

        First: Plaintiff was an employee of Defendant and was either (i) engaged in commerce or in the production of goods for commerce, or (ii) employed by an enterprise engaged in commerce or in the production of goods for commerce; and

        Second: Defendant failed to pay Plaintiff the overtime pay required by law[1].

        **Defenses:[2]**

        1. Plaintiff is not entitled to recover anything to the extent his off-the-clock work is de minimis.

---

[1] Defendant submits that Plaintiff is also required to establish that Defendant knew or should have known of the unpaid overtime work. *See Allen v. Board of Public Educ. for Bibb Cty.*, 495 F. 3d 1306, 1314-15 (11th Cir. 2007).

[2] Plaintiff submits that Defendant seeks to introduce as defenses issues that it waived by failing to include them its Second Amended Answer and Affirmative Defenses [ECF No. 28] and that any further amendment would amount to an abuse of the amendment process given it's already had three attempts. Plaintiff also objects to the inclusion of proposed defenses that improperly seek to shift the burden of proof from Defendant to Plaintiff, such as for the de minimis defense, irrespective of Defendant not pleading it. Furthermore, Defendant seeks to include defenses that are not viable as a matter of law. Rather than provide a basis for including defenses that were not pled, are not legally viable, or are not accurate representations of the law, Defendant requested the parties to "agree to disagree" and proceeded to include the contested defenses at Nos. 1, 2, 8, 10, 12, and 13, not to include Plaintiff's proposed revisions to defenses at Nos. 3, 4, 5, 6, 7, 9, and 11, and suggested Plaintiff note his issues with the defenses.

2. Plaintiff is also not entitled to recover any damages under the FLSA for any off-the-clock work to the extent Plaintiff fails to prove by a preponderance of the evidence that he worked more than forty (40) hours in a workweek without overtime compensation.

3. If Plaintiff establishes he worked off-the-clock and that he worked more than forty (40) hours in a workweek within the statute of limitations, Defendant may still defeat Plaintiff's overtime wage claim if it proves it was not aware of the off-the-clock work allegedly performed by Plaintiff.

4. Defendant may prove it was not aware of any off-the-clock work, and that it is not liable for any unpaid overtime wages, if it demonstrates Plaintiff failed to notify Defendant or deliberately prevented Defendant from learning of work performed in excess of forty (40) hours in a workweek.

5. Defendant is not liable to Plaintiff if it proves it detrimentally relied on Plaintiff's assertion that he properly submitted time records reflecting all of his hours worked.

6. Defendant is not liable to Plaintiff if it proves it detrimentally relied on Plaintiff's assertion that he would comply with company policies regarding time keeping and overtime.

7. Defendant is not liable to Plaintiff if it proves Plaintiff breached his duty to comply with Defendant's time keeping and overtime policies set forth in the company handbook and elsewhere.

8. Assuming Plaintiff proves he worked over forty (40) hours in a workweek by performing off-the-clock work, which Defendant expressly denies, Defendant is not liable to Plaintiff for any preliminary or postliminary work which does not constitute a principal or primary duty pursuant to the portal to portal act.

9. Defendant is not liable to Plaintiff pursuant to the executive exemption if Defendant proves by a preponderance of the evidence that: (1) Defendant paid Plaintiff a fixed salary not less than $684 per week; (2) Plaintiff's primary duty was to manage the subdivision he worked in; (3) Plaintiff regularly and customarily supervised the work of two (2) or more employees; (4) Plaintiff had the authority to hire or fire other employees, or his suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight.

10. To the extent Plaintiff is deemed to be non-exempt, he was paid a salary which was intended to cover all hours worked. Accordingly, if the jury determines Plaintiff was non-exempt and worked more than forty (40) hours in a workweek with the knowledge of Defendant, overtime must be calculated by dividing Plaintiff's salary by the number of hours he worked, with halftime the

regular hourly rate being due thereafter for all hours Plaintiff proves he worked in excess of forty (40) in a workweek.

11. The statute of limitations in FLSA cases is generally two years. Here, the statute of limitations should only go back two years because any purported violations of the FLSA were not willful. Defendant was not aware of any overtime violations and relied on Plaintiff's representation of the amount of work he performed on his time sheets to ensure he was fully paid. Defendant's time keeping and overtime policies were implemented to ensure employees are adequately compensated for all time worked. Because Defendant was never unaware of time worked outside of Plaintiff's time sheets, it did not know that its acts or omissions were forbidden by the FLSA.

12. Plaintiff is not entitled to seek a higher hourly rate based upon discretionary fringe benefits provided to him during his employment period.

13. Defendant is entitled to a set off for certain fringe benefits provided to Plaintiff.

14. Defendant is not liable to Plaintiff to the extent his alleged preliminary work, postliminary work, or off-the-clock work was voluntarily performed.

b. **Breach of Contract – Unpaid PTO**

**Elements:**

To recover damages from Defendant for breach of contract, Plaintiff must prove all of the following:

First: Plaintiff and Defendant entered into a contract;[3]

Second: Plaintiff did all, or substantially all, of the essential things which the contract required him to do;

Third: All conditions required by the contract for Defendant's performance had occurred; and

Fourth: Defendant failed to pay Plaintiff the value of his accrued but unused PTO due under the parties' contract.

**Defenses:[4]**

---

[3] Defendant submits that an individual seeking to establish breach of contract must also prove that the contract is based upon an offer, acceptance and valid consideration.

[4] Plaintiff submits that Defendant again seeks to introduce as defenses issues that it waived by failing to include them its Second Amended Answer and Affirmative Defenses [ECF No. 28] and that any further amendment would amount to an abuse of the amendment process given it's already had three attempts.

1. Defendant is not liable to Plaintiff for its claim for breach of contract if it proves Plaintiff is an at-will employee.

2. Defendant is not liable to Plaintiff for breach of contract if it proves Plaintiff was terminated for a lawful reason.

3. Defendant is not liable to Plaintiff for any workplace benefits if it proves it has a policy which provides that employees terminated for cause are not entitled to workplace benefits upon termination.

4. Defendant is not liable for breach of contract if it proves the statute of frauds applies.

5. Defendant is not liable for breach of contract if it proves the parties never entered into a contract.

6. Defendant is not liable for breach of contract if it proves a prior breach of contract by Plaintiff.

7. The plaintiff's breach of contract claim is barred by the doctrine of equitable estoppel. The plaintiff acknowledged and represented to the defendant that he was an at-will employe.  The defendant relied in good faith on this representation to its detriment by treating Plaintiff like an at-will employee with no contract or right to any benefits.

8. The plaintiff's breach of contract action is barred based on the failure of a condition precedent. The defendant was not required to provide any workplace benefits unless Plaintiff was currently employed at the time of the request. The Plaintiff was not employed when he requested his workplace benefits because he was terminated for cause.

3. **Estimate of Damages**

Unpaid Overtime Wages: $24,445.20.

Unpaid PTO: $3,406.40.

4. **Variance from Discovery Limitations**

None at this time, although there are pattern jury instructions applicable to actions for unpaid overtime wages under the FLSA. There is no need for a variance from

---

Defendant refused to include Plaintiff's proposed revisions to No. 3 and nonetheless included Nos. 1, 2, 4, 5, 6, and 7 despite these "defenses" not being plead or not being legally viable as a matter of law for the reasons set forth in the prior footnote (based on Defendant's request to "agree to disagree").

the discovery limitations imposed by the Local Rules and/or the Federal Rules of Civil Procedure.

Dated this 29th day of May 2024.

| | |
|---|---|
| s/ Patrick Brooks LaRou | s/ Jake S. Blumstein |
| Brian H. Pollock, Esq. | Seth J. Donahoe, Esq. |
| Florida Bar No. 174742 | Florida Bar No. 1004133 |
| brian@fairlawattorney.com | sjd@trippscott.com |
| Patrick Brooks LaRou, Esq. | Jake S. Blumstein, Esq. |
| Florida Bar No. 1039018 | Florida Bar No. 1017746 |
| brooks@fairlawattorney.com | jsb@trippscott.com |
| FAIRLAW FIRM | TRIPP SCOTT, P.A. |
| 135 San Lorenzo Avenue, Suite 770 | 110 SE Sixth Street, 15th Floor |
| Coral Gables, Florida 33146 | Fort Lauderdale, Florida 33301 |
| Telephone: (305) 230-4884 | Telephone: (954) 525-7500 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |