UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-20207-JEM

GUSTAVO HERNANDEZ,

    Plaintiff,

v.

HYPOWER, LLC,

    Defendant.
_____/

### *UNOPPOSED* MOTION FOR LEAVE TO AMEND DEFENDANT'S SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant, HYPOWER, LLC ("Defendant"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 15(a)(2), hereby moves this Court to amend its Second Amended Answer and Affirmative Defenses, and in support thereof states as follows:

1. By way of background, this lawsuit arises out of Plaintiff's, Gustavo Hernandez ("Plaintiff"), employment with Defendant. On January 18, 2024, Plaintiff filed his Complaint, in which he asserts that he was not properly compensated for his purported overtime hours in violation of the Fair Labor Standards Act ("FLSA").

2. On February 12, 2024, Defendant, through its prior counsel, filed its Answer and Affirmative Defenses to Complaint [D.E. 8].

3. On March 7, 2024, upon the written consent of Plaintiff's counsel, Defendant, through its prior legal counsel, filed an Amended Answer and Affirmative Defenses to amend its affirmative defenses [D.E. 17].

4. On May 1, 2024, Defendant, through its prior counsel, filed an Unopposed Motion to

Amend Answer and Affirmative Defenses [D.E. 26], to accurately reflect in paragraph 2 that Defendant is a Delaware limited liability company. On May 1, 2024, the Court granted the aforementioned Motion.

5. Thereafter, in or around June 2024, the undersigned was retained to represent Defendant, and on June 7, 2024, the undersigned filed the Joint Stipulation of Counsel [D.E. 35].

6. As a result of the undersigned's review of this matter, Defendant now seeks leave to amend its affirmative defenses and file a Third Amended Answer and Affirmative Defenses to narrow and clarify the previously-asserted affirmative defenses, as well as add additional affirmative defenses.[1]

7. Pursuant to this Court's current Trial Order, the deadline to amend pleadings is August 10, 2024.

8. The Federal Rules of Civil Procedure provide that, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). To be sure, the decision of whether to permit an amendment is within the sound discretion of the court and it is axiomatic that "leave shall be freely given." *Sura v. Portfolio Recovery Associates, LLC*, 2018 WL 8584033, *1 (M.D. Fla. May 23, 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Principal Life Ins. Co. v. Cutler*, No. 2:07-cv-539-FtM-29SPC, 2010 WL 1999032, at *1 (M.D. Fla. May 18, 2010) ("Rule 15(a) limits the court's discretion by requiring that leave to amend be 'freely given when justice so requires'").

9. Consequently, the Court must find a justifiable reason to deny a request for leave to amend. *Id.* "[T]he Supreme Court indicated that a court should deny leave to amend a pleading

---

[1] Defendant's proposed Third Amended Answer and Affirmative Defenses is attached hereto as **Exhibit "A."**

only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." *Taylor v. Florida State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (citing *Foman*, 371 U.S. at 182); *see also Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1217 (11th Cir. 2004).

10. Here, Defendant's request to file a Third Amended Answer and Affirmative Defenses is made in good faith and will not unduly prejudice Plaintiff. Rather, the purpose of amending Defendant's affirmative defenses is to tailor its affirmative defenses in an attempt to streamline the issues.

WHEREFORE, Defendant asks this Honorable Court to enter an Order allowing the filing of the Third Amended Answer and Affirmative Defenses, attached hereto as Exhibit "A," and any other relief as this Courts deems just and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Prior to the filing of this Motion, the undersigned conferred with Plaintiff's counsel in an effort to resolve in good faith the issues raised herein, and Plaintiff's counsel does not oppose the relief requested herein.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

                              COLE, SCOTT & KISSANE, P.A.
                              Esperante Building
                              222 Lakeview Avenue, Suite 120
                              West Palm Beach, Florida 33401
                              Telephone (561) 612-3426
                              Facsimile (561) 683-8977
                              jillian.strasser@csklegal.com
                              emma.mccarthy@csklegal.com

By:  */s/ Emma McCarthy*
      EMMA L. MCCARTHY
      Florida Bar No: 1048504
      JILLIAN STRASSER
      Florida Bar No.: 113611

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-CV-20207-JEM

GUSTAVO HERNANDEZ,

    Plaintiff,

v.

HYPOWER, LLC,

    Defendant.

_____/

## **DEFENDANT'S THIRD AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant, HYPOWER, LLC ("Hypower" or "Defendant") by and through its undersigned attorneys, and hereby files its Third Amended Answer and Affirmative Defenses to Plaintiff's, GUSTAVO HERNANDEZ ("Plaintiff"), Complaint, and in support thereof states as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. Defendant is without knowledge of the allegations set forth in Paragraph 1 of the Complaint and therefore denies the same.

2. Denied that Hypower is a Florida limited liability company. Hypower is a Delaware limited liability company authorized to conduct business in Miami-Dade County, Florida.

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

5. Admitted for jurisdictional purposes only.

6. Defendant is without knowledge of the allegations set forth in Paragraph 6 of the Complaint and therefore denies same.

## COUNT I – FLSA OVERTIME WAGE VIOLATION(S)

7. Admitted that Plaintiff was employed by Hypower. The remaining allegations set forth in Paragraph 7 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

8. The allegations set forth in Paragraph 8 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

9. Defendant is without knowledge of the allegations set forth in Paragraph 9 of the Complaint and therefore denies same.

10. Admitted.

11. Admitted that Hypower is in possession of records regarding the dates of Plaintiff's employment with Hypower. Denied that such records are in the "exclusive" custody of Hypower.

12. The allegations set forth in Paragraph 12 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

13. The allegations set forth in Paragraph 13 of the Complaint are legal conclusions to which no response is required. If a response is required, Defendant directs the Court to the actual statutes for their full text and language.

14. Admitted that Hypower is a general contractor specializing in electrical and utility contracting. Without knowledge and therefore denies remaining allegations.

15. Admitted that Hypower sells, installs, repairs and services electrical systems, components, products and materials. Without knowledge and therefore denies remaining allegations.

16. Admitted that Hypower purchases and sells electrical products, supplies and equipment. Without knowledge and therefore denies remaining allegations.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

    a. Denied.

    b. Denied.

    c. Denied

21. Admitted.

22. Admitted.

    a. Denied.

    b. Denied.

    c. Denied.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT II – BREACH OF CONTRACT

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Denied.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

## DEMAND FOR TRIAL BY JURY

Defendant demands a trial by jury.

## AFFIRMATIVE DEFENSES

1. For its First Affirmative Defense, Defendant states that Plaintiff's claims are barred in that he was an exempt executive employee under the Fair Labor Standards Act ("FLSA") during all the material times set forth in the Complaint, and thus, not entitled to overtime under FLSA.

2. For its Second Affirmative Defense, Defendant states that Plaintiff's claims are barred, in whole or in part, in that Defendant did not have actual or constructive knowledge and did not show a reckless disregard that their conduct, if any, was prohibited by the FLSA.

3. For its Third Affirmative Defense, Defendant states that Defendant did not willfully violate the FLSA. Defendant acted in good faith reliance upon, and in conformity with, official written administrative recommendations, rulings, approvals, administrative interpretations,

practices and/or enforcement policies and procedures of the United States Department of Labor, Wage, and Hour Division, and in fact, possessed a reasonable, good faith belief that any acts or omissions were not in violation of the FLSA.

4. For its Fourth Affirmative Defense, Defendant states that Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and/or estoppel by silence to the extent Plaintiff failed to accurately report his hours allegedly worked. *See McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592, at *2 (M.D. Fla. 2006) ("Binding precedent in this Circuit establishes that the affirmative defense of estoppel is available in response to an FLSA claim where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours.").

5. For its Fifth Affirmative Defense, Defendant states that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands to the extent Plaintiff (i) failed to notify Defendant of the alleged hours worked in excess of forty (40) hours a week, (ii) deliberately prevented Defendant from learning of work performed in excess of forty (40) hours a week, (iii) failed to accurately submit time records reflecting all hours worked, and (iv) failed to comply with company policies regarding time keeping and overtime. *See McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592, at *2 (M.D. Fla. 2006) (upholding an affirmative defense of unclean hands reasoning that the Court should "take into account Plaintiff's alleged misconduct when analyzing remedies.").

6. For its Sixth Affirmative Defense, Defendant states that Plaintiff's claims are barred by the doctrine of waiver because if Defendant failed to pay Plaintiff overtime compensation, which Defendant expressly denies, any such alleged failure should have been discovered by Plaintiff through the exercise of ordinary diligence and Plaintiff expressly and/or

impliedly ratified the actions of Defendant, by among other things, accepting payment by Defendant and continuing to work without any extra compensation for the alleged unpaid hours worked until the end of his employment without ever asserting, claiming, or otherwise bringing to the attention of Defendant his claimed entitlement to unpaid compensation.

7. For its Seventh Affirmative Defense, Defendant states that Defendant did not proximately cause Plaintiff's complained of damages because Plaintiff's own negligence, fault or responsibility proximately caused or contributed to Plaintiff's alleged injuries and damages. Therefore, Defendant is entitled to judgment as a matter of law, or alternatively, is entitled to have its damages reduced in direct proportion to the percentage of fault attributable to Plaintiff.

8. For its Eighth Affirmative Defense, Defendant states that Plaintiff's FLSA claim is barred, in whole or in part, to the extent he seeks compensation for anything other than compensable working time (*i.e.,* hours worked). Plaintiff's regular wage rate cannot be based upon, and overtime compensation cannot be recovered by Plaintiff for, periods of time during which Plaintiff did not perform work, including bona fide meal or rest periods thirty (30) minutes in duration or longer, vacation, sick/medical leave, or for periods of time which Plaintiff was otherwise absent from the workplace, such as holidays.

9. For its Ninth Affirmative Defense, Defendant states that it is entitled to a set-off, offset, or recoupment for overpayments made to Plaintiff throughout his employment with Defendant. *See Nicopior v. Moshi Moshi Palm Grove, LLC,* 375 F.Supp.3d 1278, 1284 (S.D. Fla. 2019) ("An employer may raise a set-off as an affirmative defense in a case where an employee received an overpayment of wages because the set-off only reduces the

overpayment while preserving a plaintiff's recovery of wages under the FLSA."). Any such set-off shall not reduce the amount Plaintiff can recover below the statutory minimum wage. *See Perez v. South Florida Landscape Maintenance, Inc.*, 2014 WL 293774, *3 (S.D. Fla. 2014) (noting that set-off is allowed in FLSA cases as long as it does not cause a plaintiff's wages to fall below the statutory minimum wage).

10. For its Tenth Affirmative Defense, Defendant states that it is entitled to a set-off for any monies or benefits Plaintiff has received, or could have received through the exercise of due diligence, by any third party. Any such set off shall not reduce the amount Plaintiff can recover below the statutory minimum wage. *See Nelson v. CK Nelson, Inc.,* No. 07–61416, 2008 WL 2323892, *3 (S.D. Fla. 2008) (holding that defense of set-off is not barred in all FLSA cases); *see also Perez v. South Florida Landscape Maintenance, Inc.*, 2014 WL 293774, *3 (S.D. Fla. 2014) (noting that set-off is allowed in FLSA cases as long as it does not cause a plaintiff's wages to fall below the statutory minimum wage).

11. For its Eleventh Affirmative Defense, Defendant states that Plaintiff's claims are barred to the extent he seeks injunctive, declaratory and/or other equitable relief because: (1) Plaintiff has adequate remedies at law; and (2) he has suffered no irreparable harm due to any alleged conduct by Defendant. *See Apothecary Development Corp. v. City of Marco Island Florida*, 2012 WL 12897094, *4 (M.D. Fla. 2012) (refusing to strike an affirmative defense that "plaintiff is barred from asserting claims for injunctive relief as they have adequate remedies at law").

12. For its Twelfth Affirmative Defense, Defendant states that all actions taken related to payment of Plaintiff's compensation, wages, and withholdings thereto were made in good faith and any purported violations of the FLSA are *de minimis*. Therefore, Plaintiff is not

entitled to any alleged overtime compensation. *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 672 (S.D. Fla. 2013) (upholding a *de minimis* affirmative defense noting that such a defense gives the plaintiff sufficient notice that defendants believe any unpaid time is insubstantial).

13. For its Thirteenth Affirmative Defense, Defendant states that Plaintiff's claims fail in whole or in part because Defendant paid Plaintiff for all hours Plaintiff reported to work.

14. For its Fourteenth Affirmative Defense, Defendant states that to the extent that Plaintiff seeks equitable relief, his recovery should be barred because by the doctrine of unclean hands. During Plaintiff's employment period, Plaintiff purported to be working for Defendants; however, Plaintiff used Defendant's materials—including but not limited to a company truck—to work for other people during work hours when he was being compensated by Defendants. This led to Plaintiff being overcompensated during various workweeks. Accordingly, it would be inequitable for the Court to grant relief to Plaintiff.

15. For its Fifteenth Affirmative Defense, Defendant states that at all times, Defendant's actions were lawful, justified, and made in good faith. Defendant had reasonable grounds to believe that (1) Plaintiff was paid for all hours he reported and all hours that he acknowledged that were entered were all the hours he was entitled to be paid; (2) Plaintiff was not working more than the hours than he reported on his time records, as Defendant was not on notice that Plaintiff was working more hours than Plaintiff believed he was being properly compensated for.

16. For its Sixteenth Affirmative Defense, Defendant states that Plaintiff's claims are barred in whole or in part, in that Defendant's conduct, if any, was not willful, and, rather, Defendant possessed a reasonable, good faith belief that any acts or omissions by

Defendant were not in violation of the FLSA. As such, the statute of limitations can be no longer than two (2) years pursuant to 25 U.S.C. § 255(a).

17. For its Seventeenth Affirmative Defense, Defendant states that Plaintiff's claims for attorney's fees are barred in whole or in part, in that Plaintiff is not entitled to recover his reasonable attorney's fees under the FLSA if found that Plaintiff's claim was brought in bad faith. *See Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1168 (S.D. Fla. 2003) (finding "an entitlement to attorney's fees cannot be a *carte blanche* license for Plaintiffs to outrageously and in bad faith run up attorney's fees" and recognizing "courts in this jurisdiction may award attorney's fees under the FSLA to *prevailing defendants* upon a finding that the plaintiff litigated in bad faith") (second emphasis added) (citing *Turlington v. Atl. Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998)).

18. For its Eighteenth Affirmative Defense, Defendant states that Plaintiff is not entitled to an award of liquidated damages pursuant to 29 USC § 260 because Defendant, at all times material to this action, acted in good faith and with reasonable grounds to believe that its actions or inactions were in full compliance with all provisions of the FLSA. 29 U.S.C. § 260. Specifically, Defendant (i) had permissible timekeeping procedures in place for employees to properly report all hours worked, (ii) was not aware that Plaintiff allegedly worked more than forty (40) hours a week without overtime compensation, and (iii) any reported overtime hours worked were properly paid.

19. For its Nineteenth Affirmative Defense, Defendant states that Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal to Portal Act, 29 U.S.C. §§ 251-262. *See Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 27 (2014) ("The Portal–to–Portal Act exempted employers from FLSA liability for

claims based on "activities which are preliminary to or postliminary to" the performance of the principal activities that an employee is employed to perform.").

20. For its Twentieth Affirmative Defense, Defendant states that with respect to Plaintiff's breach of contract claim, Defendant states that Plaintiff has failed to establish the existence of any contract, written or oral, between Plaintiff and Defendant. *Knowles v. C. I. T. Corp.*, 346 So. 2d 1042 (Fla. 1st DCA 1977). *See also Assucrazioni Generali SPA v. Agility Logistics Corp.*, 2009 WL 4421262 at *5 (S.D. Fla. 2009); *see also Murciano v. Garcia*, 958 So.2d 423, 423 (Fla. 3d DCA 2007).

21. For its Twenty-First Affirmative Defense, Defendant states that Plaintiff has failed to attach any purported contract to the pleading to support its breach of contract claim. FLA. STAT. §1.130(a); *see Samuels v. King Motor Co. of Fort Lauderdale*, 782 So.2d 489, 500 (Fla. 4th DCA 2001) (finding that all contracts or documents upon which an action is based … "shall be incorporated in or attached to the pleading." ). While the Complaint merely refers to an "agreement," and that Plaintiff entered into the same with Defendant, regarding his unused PTO, Plaintiff failed to attach a single document to the pleading in support of the blanket assertions. *Contractors Unlimited, Inc. v. Nortrax Equip. Co. Se.*, 833 So. 2d 286, 288 (Fla. 5th DCA 2002) (finding that "[a] complaint based on a written instrument does not state a cause of action until the instrument or an adequate portion thereof, is attached to or incorporated in" the complaint.)

22. For its Twenty-Second Affirmative Defense, Defendant states that the Employee Handbook provides that, "[i]f the employee leaves the Company for any reason, *other than termination for cause (as determined in the Company's sole discretion)* or resignation, they will be paid any unused PTO, not to exceed the maximum annual accrual." Here, Plaintiff

was terminated for cause, and thus, was not entitled to any accrued paid time off at the time of his termination.

Defendant reserves the right to assert additional affirmative defenses which may be learned or disclosed through the discovery process and/or to file a counterclaim.

## NOTICE OF INTENT TO SEEK ATTORNEYS' FEES AND COSTS

Defendant gives notice of its intent to seek attorneys' fees and costs upon prevailing pursuant to all applicable legal authority, including Sections 448.08 and 57.105 of the Florida Statutes, and statutory proposals for settlement.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July, 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3454
Facsimile (561) 683-8977
Primary e-mail: emma.mccarthy@csklegal.com
Secondary e-mail: jillian.strasser@csklegal.com

By: /s/ *Emma McCarthy*
EMMA L. MCCARTHY
Florida Bar No.: 1048504
JILLIAN STRASSER
Florida Bar No.: 113611