UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-CV-20207

GUSTAVO HERNANDEZ,

     Plaintiff,

v.

HYPOWER, LLC,

     Defendant.

_____/

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, HYPOWER, LLC ("Hypower"), by and through the undersigned counsel, moves for partial summary judgment against Plaintiff, GUSTAVO HERNANDEZ ("Plaintiff"), on Plaintiff's Complaint, and in support thereof, states as follows:

## MATERIAL FACTS

Hypower hereby incorporates its Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment ("SOF") filed contemporaneously with this instant Motion.

## SUMMARY OF ARGUMENT

By way of background, this case arises from Plaintiff's employment with Hypower. *See generally* Compl. In Count II of Plaintiff's Complaint filed on January 18, 2024 ("Complaint"), Plaintiff alleges that Hypower breached an unidentified contract when it terminated Plaintiff's employment on January 4, 2024, and did not pay Plaintiff his eighty (80) hours of unused paid time off ("PTO"). Compl., ¶¶33-35. Notably, the record evidences reveals that there is no written contract, but rather, that the alleged contract is based on Hypower's "internal rules" and Hypower's

Employee Handbook (the "Handbook"). *See* Plaintiff's Answers to Interrogatories, at 11, at **SOF, Exhibit "E."[1]**

In the Complaint, Plaintiff asserts the following causes of action:

(i)     Count I – FLSA Overtime Wage Violations; and

(ii)    Count II – Breach of Contract.

*See generally* Compl. However, the breach of contract claim fails as a matter of law because:

(1)     Plaintiff has failed to establish the existence of any contract between Plaintiff and Hypower to support the claim. *Knowles v. C. I. T. Corp.*, 346 So. 2d 1042, 1042-43 (Fla. 1st DCA 1977); *Quaker Oats Co. v. Jewell,* 818 So.2d 574, 576-77 (Fla. 5th DCA 2002) (finding policy statements in employment manual relating to overtime pay did not constitute the terms of a contract of employment); *OneSource Facility Servs., Inc. v. Mosbach,* 508 F.Supp.2d 1115, 1120-24 (M.D. Fla. 2007) (holding that employer's compensation plan did not create an enforceable contract right to bonus compensation).

(2)     To date, Plaintiff has not identified any specific provision of any purported contract that Hypower breached. *Toca v. Tutco, LLC*, 430 F.Supp.3d 1313, 1324 (S.D. Fla. 2020).

## INTRODUCTION AND BACKGROUND

On July 22, 2022, Hypower extended an offer of employment to Plaintiff for the Foreman position ("Foreman"), with a start date of August 8, 2022. *See* Signed Offer Letter, at **SOF, Exhibit "A."[2]** As part of the onboarding process, Plaintiff was provided with an acknowledgment form, wherein he acknowledged that he read and understood Hypower's various policies and procedures, including but not limited to Hypower's Handbook. *See* Acknowledgment, at **SOF, Exhibit "C."[3]**

Throughout Plaintiff's employment with Hypower, he reported to two (2) different job sites. From August 8, 2022, through February 17, 2023, Plaintiff worked at the Palmer Lakes

---

[1] Plaintiff's Interrogatory Answers is identified as Exhibit "E" to Hypower's SOF, which Hypower incorporates herein.
[2] The Signed Offer Letter is identified as Exhibit "A" to Hypower's SOF, which Hypower incorporates herein.
[3] The Acknowledgement is identified as Exhibit "C" to Hypower's SOF, which Hypower incorporates herein.

project ("Palmer Lakes") and reported to Superintendent, Alsides Fleitas ("Fleitas"). Plaintiff's Interrogatory Answers, at 9, at **SOF, Exhibit "E."** Thereafter, between February 20, 2023, through Plaintiff's termination on January 5, 2024, Plaintiff worked at the MSC Cruise Terminal project ("MSC") and reported to Superintendent, Raul Gonzalez ("Gonzalez"). *Id.* at 10.

During the entirety of Plaintiff's employment, multiple employees working alongside Plaintiff complained that Plaintiff struggled with getting along with his co-workers and engaged in disrespectful and inappropriate behavior. On January 4, 2024, during a safety meeting, Plaintiff began expressing his disdain for Gonzalez. *See* Corp. Rep. Dep., 12:13-25, at **SOF, Exhibit "F."**[4] It is uncontested that Gonzalez was not present at the aforementioned safety meeting on January 4, 2024. *See* Plaintiff's Dep., 97:20-28:1, **SOF, Exhibit "B."** When instructed that a safety meeting was not the proper place for these types of discussions, Plaintiff became more agitated and continued airing his complaints amongst the other employees present. *Id.* As a result of Plaintiff's disruptive and insubordinate behavior during the safety meeting, Plaintiff was escorted off Hypower's property and terminated for-cause by Senior Project Manager, Ivan Lopez ("Lopez"). *Id.*

In his Complaint, Plaintiff alleges that Hypower breached an unidentified agreement by not paying Plaintiff his unused hours of PTO at the time of his termination. Compl., ¶¶29-37. Specifically, Plaintiff alleges that as of the date of his termination (*i.e.,* January 4, 2024), he had accrued eighty (80) hours of unused PTO. Compl., ¶33. Plaintiff concludes that he "fully performed" under the parties' purported agreements(s) by working for Hypower at Palmer Lakes and MSC and that Hypower breached the purported agreement(s) by failing to pay Plaintiff for the 80 hours of PTO.  Compl., ¶¶33, 35.

---

[4] Hypower's corporate representative deposition transcript is identified as Exhibit "F" to Hypower's SOF, which Hypower incorporates herein.

However, for the reasons stated above, as well as those explained herein, the Court should find that the breach of contract claim fails as a matter of law.

## MEMORANDUM OF LAW

### I.    Legal Standard for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. Of Pub. Educ.*, 495 F.3d 1306, 1313-14 (11th Cir. 2007).  A party seeking summary judgment can satisfy its initial burden in one of the following ways: "[I]f the non-moving party must prove *X* to prevail [at trial], the moving party at summary judgment can either produce evidence that *X* is not so *or* point out that the non-moving party lack the evidence to prove *X*." *Bedford v. Doe*, 880 F.3d 993, 996-97 (8th Cir. 2018) (emphasis added).  To be clear, a party seeking summary judgment, "…need not set forth evidence when the non-movant bears the burden of persuasion at trial."

"A court need not permit a case to go to a jury…when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 592-94 (1986)). Further, a court is not required "to accept all the nonmovant's

factual characterizations and legal arguments. If no reasonable jury could return a verdict in favor of the nonmoving party, there is no genuine issue of material fact and summary judgment will be granted." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir. 1994). Crucially, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II.    Plaintiff's Inconsistent and Ambiguous Allegations Result in Hypower Having to Speculate as to the Claims Against It

Initially, the Complaint merely alleges that Hypower breached an unidentified agreement by not paying Plaintiff his unused hours of PTO at the time of his termination. Compl., ¶¶29-37. However, Plaintiff fails to identify any agreement that provides the relief he claims he is entitled to, and the record is devoid of any such agreement. *See generally* Compl. Rather, Plaintiff seemingly bases his breach of contract claim on the following allegations:

(i) Hypower offered Plaintiff $35 per hour to work at the Palmer Lakes project and Plaintiff accepted that offer. Compl., ¶30.

(ii) Hypower offered Plaintiff $42.58 per hour plus fringe benefits to work the MSC project and Plaintiff accepted that offer. Compl., ¶31.

(iii) Hypower and Plaintiff agreed as a term and condition of Plaintiff's employment that Plaintiff would accrue paid time off based on the time he worked for Hypower. Compl., ¶32.

(iv) Plaintiff "fully performed under the parties agreement(s)" by working for Hypower at Palmer Lakes and MSC. Compl., ¶33.

(v) As of January 4, 2024, Plaintiff accrued 80 hours of unused PTO and Hypower failed to pay Plaintiff for those PTO hours when he was terminated on January 4, 2024. Compl., ¶¶34-35.

Notably, Plaintiff fails to identify anywhere in the Complaint *what* purported contract Hypower allegedly breached. *See generally* Compl.

Indeed, when asked about the factual basis regarding his claim that he is entitled to payment of his unused PTO in Plaintiff's Answers to Hypower's First Set of Interrogatories ("Interrogatory Answers"), Plaintiff answered the following:

> Describe in detail the factual basis for your claim that as of January 4, 2024, you had accrued 80 hours of unused paid time off, and you were entitled to such paid time off, as alleged in paragraph 34-35 of the Complaint.
>
> **ANSWER: According to Hypower's internal rules, all Foreman Electricians at Hypower are entitled to 80 hours of paid time off (PTO) per year. Per Hypower's employee handbook, Hypower is obligated to pay any unused PTO to its employees who leave the company for any reason, other than termination for cause or resignation. I did not resign from my position and was not terminated for any valid cause.**

*See* Plaintiff's Interrogatory Answers, at 11, at **SOF, Exhibit "E."** Yet, when asked about the purported contract during his deposition, Plaintiff suggested that the breach of contract claim is premised on "the law:"

> Q:    So with respect to the PTO, what contract says that you're going to receive that upon termination?
>
> A:    I understand that I have the right to enjoy 80 hours of vacation time during the year. Now, I understand, and you can correct me if I'm wrong, but I understand that according to law when somebody leaves or is fired from a company, if they have some vacation time accumulated, then that time should be paid to the person.

Plaintiff's Dep., 111:15-24, at **SOF, Exhibit "B."**[5] Accordingly, Plaintiff's sworn answers and contradictory testimony confirm that no contract exists to support the breach of contract claim. Instead, Plaintiff is attempting to rely on some supposed "internal rules[6]," Hypower's Handbook,

---

[5] Plaintiff's deposition transcript is identified as Exhibit "B" to Hypower's SOF, which Hypower incorporates herein.
[6] Hypower is unaware of any specific policies or rules that Plaintiff is referring to by "internal rules." As Hypower has various different rules, including but not limited to rules contained in the Handbook and Hypower's Safety Manual, it is impossible for Hypower to determine what "internal rules" Plaintiff is specifically referring to.

and his (Plaintiff's) understanding, albeit incorrect, that "according to law when somebody leaves or is fired from a company, if they have some vacation time accumulated, then that time should be paid to the person," to support a claim of breach of contract. Plaintiff's Dep., 111:15-24, at **SOF, Exhibit "B."** Accordingly, the record provides that Plaintiff's claim is entirely baseless, and Hypower is left having to speculate as to the claims against it. Thus, summary judgment is proper. *See Erickson         v.         Pardus*, 551    U.S.    89,    93    (2007)    (explaining that       a defendant must receive fair notice of  the  bases   for  relief  and  the  grounds upon   which   the claim rests).

## III.    There Is No Record Evidence To Support Plaintiff's Breach of Contract Claim

Even if we accepted any of the contradictory bases for Plaintiff's claim as true, the bases do not support the existence of a valid contract. In Florida, the elements of a breach of contract claim are: (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC,* 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller,* 603 So.2d 1338, 1340 (Fla. 1st DCA 1992)). To meet the first element, the existence of a valid contract, a claimant must show: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).

### A.  Hypower's Handbook Is Not A Valid Contract

It is "well established Florida law that policy statements in employee manuals do not give rise to enforceable contract rights in Florida unless they contain specific language which expresses the parties' mutual agreement that the manual constitutes a separate employment contract." *Quaker Oats Co. v. Jewell,* 818 So.2d 574, 576-77 (Fla. 5th DCA 2002) (finding that policy statements in employment manual relating to overtime pay did not constitute the terms of a contract of employment); *see also OneSource Facility Servs., Inc. v. Mosbach,* 508 F.Supp.2d 1115, 1120-24

(M.D. Fla. 2007) (holding that employer's compensation plan did not create an enforceable contract right to bonus compensation); *Rumbel v. Suggs*, 908 F.Supp. 901, 904 (M.D. Fla.1995) (granting motion to dismiss where the personnel manual explicitly provided that the manual was not contractually binding); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1273 11th Cir. 2009); *Sleit v. Ricoh Corp.*, No. 8:07–cv–724–T–23TBM, 2007 WL 2565967, at *1 (M.D. Fla. 2007) ("Employee manuals such as handbooks and memoranda – even those that include compensation policies – are unilateral policy statements and do not contractually bind employers."). As the Handbook is nothing more than a policy statement that does not bind Hypower nor Plaintiff, the Handbook does not provide any legal basis for the breach of contract claim.

Initially, the Handbook can in no way be considered an "offer" to enter into a contract. *See generally* Handbook, at **SOF, Exhibit "D."** An offer is a manifestation of an intent to be contractually bound upon acceptance of another party. Restatement (Second) of Contracts, § 24 (1981). Here, the Handbook is neither a contract nor an offer because the Handbook provides no manifestation of intent by Hypower to be bound by the Handbook. *See generally* Handbook, at **SOF, Exhibit "D."** Instead, the Handbook merely provides policies and rules to be followed by employees of Hypower. *Id.* Crucially, the Handbook unequivocally provides:

> Nothing in this Handbook or any other policy, practice, procedure, or benefit constitutes an express or implied contract, guarantee, promise, or covenant of any type. Employment at Hypower is at-will, meaning it may be terminated by you or the Company for any reason without notice, cause, at any time.
>
> This Handbook expresses guidelines regarding the Company's policies and procedures. The rules, regulations, policies and procedures contained in this guide may be modified, added to, suspended, interpreted or canceled by the Company at any time, without notice to its employees and without a written revision of the guide.

*See* Handbook, at 2, at **SOF, Exhibit "D."** Accordingly, without the Handbook exhibiting a manifestation of intent by Hypower to be bound to an agreement, there can be no offer, and thus, no acceptance. Restatement (Second) of Contracts, § 24 (1981).

Further, there is no valid consideration to support Plaintiff's claim for breach of contract. A valid contract can be "founded upon mutual promises to do something in the future, in which the consideration of the one party is the promise on the part of the other, each party being both a promisor and a promisee." *DiMauro v. Martin*, 359 So.3d 3, 8 (Fla. 4th DCA 2023). In sum, a contract must provide a "mutuality of obligation" to be considered valid and enforceable. *Id.*; *see Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So.2d 383, 385 (Fla. 4th DCA 1997) (finding that a valid contract arises when the parties' assent is manifested through written or spoken words, or "inferred in whole or in part from the parties' conduct.").

Here, in Plaintiff's Interrogatory Answers, he referenced unidentified "internal rules" <u>and</u> the Handbook when asked about the factual basis regarding his claim that he is entitled to payment of his unused PTO. *See* Plaintiff's Interrogatory Answers, at **SOF, Exhibit "E."**

In *Etienne v. Hang Tough, Inc.*, the court considered whether a company's policy statements within its employment manual created a valid contract. *Etienne v. Hang Tough, Inc.*, 2009 WL 1140040, at *2 (S.D. Fla. 2009). In *Etienne*, the court found that the policies in question did not create a contract and were merely rules and policies that employees were required to abide by during the course of their employment. *Id.* Likewise, in *LaRocca v. Xerox Corp.*, an employee sued his employer seeking disability benefits that he claimed were owed to him under the employer's policy manual. *LaRocca v. Xerox Corp.*, 587 F.Supp. 1002, 1003 (S.D. Fla. 1984). The court held that "lacking any language in the policy expressly providing that the manual is to constitute a separate employment contract, the court must grant [the employer's] motion for

summary judgment." *Id.* at 1004. Indeed, the court recognized that "[i]f the policy manual ... is to control, [the employee's] case is even more troubled because the manual specifically states that it is not to constitute an independent employment contract." *Id.*

Similar to *Etienne and LaRocca*, here, the Handbook is merely a recital of policies and rules that Hypower expects its employees to abide by and explicitly states that it does not constitute a contract. *See generally* Handbook, at **SOF, Exhibit "D."** As such, the Handbook cannot give rise to a valid enforceable contract. *See e.g., Etienne,* 2009 WL 1140040, at *2; *LaRocca,* 587 F.Supp. at 1003; *Quaker Oats,* 818 So.2d at 576-77; *OneSource,* 508 F.Supp.2d at 1120-24; *Caster v. Hennessey*, 727 F.2d 1075, 1077 (11th Cir. 1984) (finding that a company's policies and procedures was "only a unilateral expression" of the company's policies and that "no meeting of the minds was evidenced by the defendant's unilateral act of publishing company policy.").

Additionally, as discussed herein, Plaintiff signed the Acknowledgement, acknowledging that he received a copy of Hypower's Handbook and understood the Handbook's contents. *See* Acknowledgment, at **SOF, Exhibit "C."** In contrast, Hypower did not sign the Acknowledgement, which further supports that Hypower did not make any promise to Plaintiff through the Handbook. *See DiMauro v. Martin*, 359 So.3d 3, 8 (Fla. 4th DCA 2023) ("By signing the operating agreement, both parties promised to do something in the future that they were not obligated to do.").

As Plaintiff cannot establish consideration, it cannot establish the existence of a contract, and thus, summary judgment is proper. *Knowles v. C. I. T. Corp.*, 346 So. 2d 1042 (Fla. 1st DCA 1977) ("It is elementary that in order to recover on a claim for breach of contract the burden is upon the claimant to prove by a preponderance of the evidence the existence of a contract . . ."); *see also Gables I Townhomes, Inc. v. Sunmark Restoration, Inc.*, 687 So. 2d 6 (Fla. 3d DCA 1996) (recovery for breach of contract reversed upon showing that no contract existed).

**B.  Plaintiff Has Not and Cannot Establish That Hypower Breached Any Provision of the Handbook**

Notwithstanding the above, since this case was filed over a year ago in January 2024, Plaintiff has failed to proffer <u>any</u> evidence to support his claim that Hypower breached a purported contract. *See Toca v. Tutco, LLC*, 430 F.Supp.3d 1313, 1324 (S.D. Fla. 2020) ("At a minimum, a claim for breach of contract must identify the actual terms of the contract allegedly breached.") (internal citations omitted); *Wohl Built v. Maxum Indemnity Co.*, 2017 WL 10410373, at *2 (S.D. Fla. 2017) ("Without pointing to a specific provision that Defendant allegedly breached in the Policy, Plaintiff's Complaint is more akin to a '[t]hreadbare recital[ ] of the elements' of breach of contract than a plausibly-pled claim.") (citing  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *City of Delray Beach v. Sherman Williams American Legion, Post 188*, 358 So.3d 440, 443 (S.D. Fla. 2023) ("a well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached.").

In this instance, the Handbook provides that:

> If the employee leaves the Company for any reason, other than termination for cause or resignation, they will be paid any unused PTO, not to exceed the maximum annual accrual.

*See* Handbook, at 56, at **SOF, Exhibit "D."** Notably, Plaintiff's Termination Form explicitly states that he was terminated for cause. *See* Termination Form, at **SOF, Exhibit "G."**[7] Accordingly, pursuant to the Handbook and Termination Form, Plaintiff was not entitled to any unused PTO at the time of his termination. *See* Handbook, at 56, at **SOF, Exhibit "D."**

---

[7] Plaintiff's Termination Form is identified as Exhibit "G" to Hypower's SOF, which Hypower incorporates herein.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Accordingly, Plaintiff has failed to establish the existence of a valid contract and has further failed to establish any purported breach by Hypower. Thus, summary judgment in Hypower's favor on the breach of contract claim is warranted.

**WHEREFORE**, Defendant, HYPOWER LLC, requests this Honorable Court to enter partial summary judgment in its favor against Plaintiff, GUSTAVO HERNANDEZ, and to grant any other relief that this Court deems just and proper in favor of Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of February 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Telephone (561) 612-3454
Facsimile (561) 683-8977
Primary e-mail: jillian.strasser@csklegal.com
Secondary e-mail: emma.mccarthy@csklegal.com

By:  */s/ Jillian Strasser*
JILLIAN STRASSER
Florida Bar No.:  113611
EMMA L. MCCARTHY
Florida Bar No.:  1048504