UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-CV-20207

GUSTAVO HERNANDEZ,

    Plaintiff,

v.

HYPOWER, LLC,

    Defendant.

_____/

## DEFENDANT'S PARTIALLY UNOPPOSED OMNIBUS MOTION IN *LIMINE*

Defendant, HYPOWER, LLC ("Hypower"), by and through the undersigned counsel and pursuant to Federal Rules of Evidence 401, 403, and 411, moves in *limine* to preclude any evidence or argument at trial regarding:

    (i) Hypower's insurance coverage;

    (ii) the citizenship of past or present Hypower employees; and

    (iii) discrimination or retaliation, and in support, states as follows:

### INTRODUCTION

This matter involves Plaintiff, Gustavo Hernandez's ("Plaintiff"), allegations that: (i) Hypower has violated the Fair Labor Standards Act ("FLSA") and that Plaintiff is owed overtime wages and (ii) Hypower breached a purported oral contract. The purpose of this Motion is to eliminate the risk of Plaintiff referencing any of the following at trial:

    a. Any insurance coverage Hypower may have;

    b. The citizenship or immigration status of any past or present Hypower employees; and

      c.   Anything pertaining to race and national origin discrimination and retaliation.

The aforementioned subject matter would be improper for the jury to hear and unfairly prejudicial to Hypower. Accordingly, as explained herein, the Court has strong grounds to grant this Motion.

## ARGUMENT AND MEMORANDUM OF LAW

**I.**    **Legal Standard**

"The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Reyes v. Collins & 74th St., Inc.*, 2018 WL 11346740, *3 (S.D. Fla. 2018); *Babin v. Plaquemines Parish*, 421 F.Supp.3d 391, 395 (E.D. La. 2019) ("[T]he purpose of a motion in limine is to prohibit opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.") (citing *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)).

**II.**    **Any Reference to Insurance Coverage Should Be Excluded**

Under federal law, any statements regarding insurance coverages are generally inadmissible at trial. *See* Fed. R. Evid. 411; *Meyer v. Carnival Cruise Lines*, 2013 WL 10149904, * 1 (S.D. Fla. 2013) (granting defendant's motion in limine to preclude introduction of any evidence pertaining to insurance coverage); *Fike v. Thorton*, 2014 WL12605514 *1, *1 (D. Neb. 2014); *see also Grant v. CRST Expedited, Inc.*, 2021 WL 2101741 *1, *11 (E.D. Tex. 2021); *see also* Fed. R. Evid. 403 (the court may exclude evidence if the danger of unfair prejudice or misleading the jury substantially outweighs its probative value).

As a threshold matter, Federal Rule of Evidence 411 expressly prohibits the introduction of liability coverage as evidence to prove whether a person or entity acted wrongfully. Fed. R. Evid. 411. Moreover, Florida and federal courts have found the introduction into evidence of a defendant's insurance coverage to be reversible error, as it "has no bearing on the issues of liability and damages, and such evidence should not be considered by the jury." *Beta Eta House Corp. of Tallahassee v. Gregory*, 237 So. 2d 163, 165 (Fla. 1970) (superseded by statute on other grounds); *see also Meyer*, 2013 WL 10149904, at * 1; *Gold, Vann & White, P.A., v. De Berry By and Through De Berry*, 639 So.2d 47, 54 (Fla. 4th DCA 1994) ("It is hornbook law that a jury should not learn of the existence of insurance coverage or insurance limits."); *South Motor Co. v. Accountable Constr. Co.*, 707 So. 2d 909, 911 (Fla. 3d DCA 1998) ("The danger with injecting evidence of insurance before the jury is that they might be influenced thereby to fix liability where none exists, or to arrive at an excessive amount through sympathy for the injured party and the thought that the burden would not have to be met by the defendant.") (citing *Carls Markets, Inc. v. Meyer,* 69 So.2d 789, 793 (Fla. 1953)).

Here, there is a general risk that Plaintiff will reference insurance coverage that Hypower had, may have, or could have had, or otherwise offer physical evidence or testimony pertaining to the same. Accordingly, Hypower is at risk of not having a fair trial on the merits absent proper exclusion. The jury should not learn of the existence of any policy coverage. Allowing the jury to do so would potentially enable them to "fix" liability where none exists and would increase the chances of the jury awarding excessive amounts to Plaintiff out of sympathy and belief that costs are borne by the insurer.

Moreover, this is not a coverage dispute, and the disclosure of insurance coverage in this case does not make any fact of consequence more or less likely than it would without such disclosure. *See* Fed. R. Evid. 401. As indicated herein, this case stems from Plaintiffs' claims that

(i) he is owed unpaid overtime wages and (ii) Hypower breached a purported contract. As any reference to insurance coverage would be relatively low in probative value, it is substantially outweighed by the risk of unfairly prejudicing Hypower. Fed. R. Evid. 403. Accordingly, the Court should preclude the jury from needlessly and improperly learning of insurance coverage in this matter.

### III.   Any Reference to the Citizenship or Immigration of Any Hypower Employees Should be Excluded

Courts routinely exclude immigration-related evidence where there is no bearing on the claims at issue and possess a risk of unfair prejudice. *Hernandez-Sabillon v. Naturally Delicious, Inc.*, 2015 WL 10550934, *3 (S.D. Fla. Dec. 23, 2015) (granting motion in *limine* to exclude reference to an employee's immigration status unless the Court finds such party seeking the exclusion opens the door to the evidence during trial); *Rodriguez v. Niagara Cleaning Servs., Inc.*, No. 09–22645–CIV, 2010 WL 2573974, at *3 (S.D. Fla. June 24, 2010) ("[C]ourts have held that the likely prejudice of allowing disclosure of … immigration status outweighs the benefits …, absent some particularized reason for the information.").

Here, there is a risk that Plaintiff will reference, or otherwise offer physical evidence or testimony pertaining to the immigration or citizenship status of any past or present Hypower employees. Accordingly, Hypower is at risk of not having a fair trial on the merits absent proper exclusion. The jury should not learn the citizenship or immigration status of any Hypower employees, as any reference to the same would be relatively low in probative value, and thus, it is substantially outweighed by the risk of unfairly prejudicing Hypower. Fed. R. Evid. 403. Accordingly, the Court should preclude the jury from needlessly and improperly learning of the immigration or citizenship status of any Hypower employees.

**IV.     Any Reference to Discrimination or Retaliation Should Be Excluded**

Under federal and Florida law, pleadings must be stated with sufficient particularity to give the defendants adequate notice of the claims against them and the grounds upon which each claim rest. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp.*, 537 So. 2d 561, 563 (Fla. 1988); *Orellana v. Tecta American South Fla., Inc.*, 2011 WL 13220457, *2 (S.D. Fla. May 23, 2021) (granting defendants' motion in limine to exclude the plaintiff's unpled breach of contract claim); *Goodman-Gable-Gould Co. v. Tiara Condo. Assoc., Inc.*, 595 F.3d 1203 (11th Cir. 2010) (affirming order excluding at trial evidence of an unpled misrepresentation theory).

Here, Plaintiff's Complaint asserts claims solely for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and breach of contract. *See generally* Compl. [D.E. 1]. However, on or around June 6, 2024, Plaintiff dually-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Rights ("FCHR") (collectively, the EEOC and FCHR will be referred to as the "Commission"), wherein Plaintiff alleges discrimination and retaliation based on his race and national origin. To the best of the undersigned's knowledge, as of the date of this Motion, the Commission's investigation is still pending. To be clear, Plaintiff has not made any allegation of discrimination or retaliation within the Complaint filed in the instant matter. *Id.* Accordingly, any reference to the claims of discrimination or retaliation pending before the Commission should be excluded at trial, as these claims are not pled in the Complaint.

Certainly, there is a risk that Plaintiff will reference the purported discrimination and retaliation by Hypower, or otherwise offer physical evidence or testimony pertaining to same. As such, Hypower is at risk of having a fair trial on the merits absent proper exclusion. <u>*See Walker v.*</u>

*NationsBank of Fla. N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995) ("The admission of an EEOC report, in certain circumstances, may be such more likely to present the danger of creating unfair prejudice in the minds of the jury."); *DeCurtis,* 2023 WL 2401733, at *6 (S.D. Fla. Feb. 13, 2023) (finding that "evidence and argument relating exclusively to unpled theories of breach will be irrelevant and will run the risk of inviting unfair prejudice and confusion."). In this instance, no determination has been made by the Commission, nor has a report been issued. Simply put, the jury should not be distracted with arguments or evidence about claims of discrimination and/or retaliation, as there are no such allegations plead in the Complaint. *See generally* Compl. [D.E. 1].

Furthermore, allowing the jury to hear evidence, including testimony, pertaining to discrimination or retaliation will only serve to confuse and potentially mislead the jurors as to the claims before them, which would undoubtedly cause further prejudice to Hypower. Additionally, it could provide Plaintiff with the ability to potentially recover damages for claims which he has not pled in the Complaint.

As there are no claims or relief sought for discrimination or retaliation pled in the Complaint, any reference to discrimination or retaliation would be relatively low in probative value, and thus, it is substantially outweighed by the risk of unfairly prejudicing Hypower. *See DeCurtis,* 2023 WL 2401733, at *6; *Kipu Systems, LLC v. ZenCharts, LLC*, 2020 WL 9460639, *8-9 (S.D. Fla. Nov. 24, 2020) (finding that "a judgment may not be based on issues not presented in the pleadings and not tried with the express or implied consent of the parties."); *Cook v. CSK Transp., Inc.*, 2008 WL 2064549, *1 (M.D. Fla. 2008) (finding that "[a]s discovery is now over … any reference by Plaintiff to these unpled claims would be untimely and unfairly prejudicial to [defendant]"). As such, the Court should preclude the jury from needlessly and improperly learning of any purported discrimination or retaliation in this matter.

WHEREFORE, Defendant, HYPOWER, LLC, requests the Court enter an Order excluding any reference to insurance coverage, including physical evidence or testimony, and to grant any other relief in favor of the movant.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

The undersigned certifies that, pursuant to Local Rule 7.1(a)(3), she conferred in good faith with Plaintiff's counsel regarding the matters set forth in this Motion. Plaintiff does not oppose Hypower's request to preclude any evidence or argument at trial regarding (i) Hypower's insurance coverage and (ii) the citizenship of past or present Hypower employees. However, Plaintiff does oppose Hypower's request to preclude any evidence or argument to any unpled claims of discrimination or retaliation.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February, 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant*
> Esperante Building
> 222 Lakeview Avenue, Suite 500
> West Palm Beach, Florida 33401
> Telephone (561) 612-3454
> Facsimile (561) 683-8977
> Primary e-mail: emma.mccarthy@csklegal.com
> Secondary e-mail: jillian.strasser@csklegal.com
>
> By: /s/ *Jillian Strasser*
> JILLIAN STRASSER
> Florida Bar No.: 113611
> EMMA L. MCCARTHY
> Florida Bar No.: 1048504