UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20207-MARTINEZ/SANCHEZ

GUSTAVO HERNANDEZ,

 Plaintiff,

vs.

HYPOWER, LLC,

 Defendant.
_____/

## **PLAINTIFF'S MOTION IN LIMINE AND/OR TO EXCLUDE**

Plaintiff, Gustavo Hernandez ("Mr. Hernandez"), requests that the Court enter an Order *in limine* and/or to exclude any evidence, argument, inference, or reference at trial as to all documents not timely disclosed and/or produced during discovery. As grounds, Mr. Hernandez states as follows:

### I. INTRODUCTION

The purpose of a motion *in limine* is to obtain pre-trial rulings to streamline the trial proceedings:

> "The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider,* 551 F.Supp.2d 173, 176 (S.D.N.Y.2008)

*Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2011 U.S. Dist. LEXIS 62969, 2011 WL 2295269, at *1 (S.D. Fla. June 8, 2011). Consequently, Plaintiff is raising this pre-trial evidentiary issue to streamline the trial of this case, eliminate the potential for the Court's precious trial time to be wasted on immaterial issues unrelated to those to be decided by the jury at trial and attempt to

1

avoid the potential for Defendants to introduce or refer to matters at trial before the jury that would result in a requested mistrial and/or lead to an appeal.

In a concerted effort to streamline potential evidentiary issues at trial, the parties have agreed to exclude any evidence, argument, inference, or reference regarding the following: (i) Mr. Hernandez's immigration status, unless he opens the door for such evidence/testimony; (ii) the immigration status of Defendant's employees, except for impeachment purposes; (iii) whether Mr. Hernandez paid income taxes before or during his employment with Defendant, except for impeachment purposes; (iv) attorneys' fees and costs; (v) mention of "liquidated damages"; and (vi) insurance coverage applicable to the instant action.

## II. MEMORANDUM OF LAW

Mr. Hernandez requests that the Court address the above-mentioned disputed discovery issue before trial and preclude the Defendant from raising this issue—whether through the introduction of evidence, through inferences, or by argument—to avoid prejudice or disruption of the trial. "The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence without lengthy argument at, or interruption of, the trial." *Bancor Group, Inc. vs. Rodriguez*, 2023 WL 6310233, at *11 (S.D. Fla. June 13, 2023), *reconsideration denied sub nom.*, 2023 WL 6318012 (S.D. Fla. June 29, 2023) (*citing Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) and *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

### (A)     *Documents Not Timely Disclosed/Produced In Discovery*

1.     Mr. Hernandez is concerned that Defendant will attempt to introduce evidence or that Defendants will make arguments, references, or inferences at trial regarding

2

documents/materials that were not timely disclosed according to Rule 26 or produced before the January 13, 2025, discovery cut-off. (*See* ECF No. 48.)

2. Mr. Hernandez has asked Defendant to agree not to sandbag him with undisclosed documents, but Defendant has refused to agree to this issue.

3. Rule 26 requires parties to provide to the other party, regardless of whether the information is requested in discovery, and regardless of whether it is being used for a party's case in chief or for impeachment purposes:

(a) Required Disclosures

(1) *Initial Disclosure*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment….

4. Rule 26 also requires parties to supplement their discovery responses and requires the Court to preclude the introduction of documents that were not previously and timely disclosed:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

(1) Failure to Disclose or Supplement. **If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence** on a motion, at a hearing, or **at a trial**, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

3

    (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

[*Emphasis added*.]

  5. Rule 26 precludes Defendant from referring to or introducing at trial any documents or evidence which it failed to timely disclose (prior to January 13, 2025). (*See* ECF No. 48.)

  6. Mr. Hernandez anticipates that Defendant will attempt to introduce evidence at trial which is responsive to his written discovery requests or which should have been disclosed/produced in connection with Defendant's Rule 26(a) disclosures, but which Defendant failed to produce and/or disclose.

  7. For example, in support of its Motion for Partial Summary Judgment [ECF No. 49], Defendant attached a "Termination Form" (without Bates numbering) as Exhibit G to its Statement of Material Facts, which was directly responsive to Mr. Hernandez's requests for production of documents, but which Defendant failed to produce prior to the close of discovery. (*See* ECF No. 49-1 at 318.)

  8. During the course of discovery, Defendant produced a similar "Termination Form" Bates marked as Hypower_0334, but which contains handwritten notes and is almost entirely illegible. (*See* Hypower_0334, attached hereto as "Exhibit A".) In comparison, the "Termination Form" appended to Defendant's Statement of Material Facts contains no Bates numbering or handwritten notes, and is legible.

  9. Defendant cites to this new legible "Termination Form" (which it failed to produce prior to the close of discovery) as a basis for its Motion for Summary Judgment, in support of its contention that Mr. Hernandez was "was terminated for cause" (ECF No. 49 at 11; *see also*

4

Defendant's Fourteenth Affirmative Defense, ECF No. 28 at 7)—attempting to justify its failure to pay Mr. Hernandez his accrued but unused PTO relative to his claim for breach of contract at Count II of the Complaint.

10. Based on Defendant's demonstrated practice of withholding key relevant and responsive documents, Mr. Hernandez seeks to avoid a trial by ambush and any resulting prejudice to Mr. Hernandez which would result therefrom. *See Doe v. Mia. Gardens Square One, Inc.*, 2025 U.S. Dist. LEXIS 9732, 2025 WL 246253, at *15-16 (S.D. Fla. Jan. 20, 2025) (precluding entry of evidence not disclosed during discovery); *see also Wammock v. Celotex Corp.*, 793 F.2d 1518, 1527 ("To be sure, ... the days of trial by ambush have passed.")

11. Mr. Hernandez requests the entry of an Order *in limine* to prevent any evidence, argument, inference, or reference regarding documents that were not timely disclosed or produced in discovery, including the contents of any documents not timely disclosed or produced.

WHEREFORE Plaintiff, Gustavo Hernandez, requests that the Court enter an Order *in limine* in accordance with the foregoing motion.

## LOCAL RULE 7.1 CERTIFICATION

I HEREBY CERTIFY that the undersigned has conferred with counsel for Defendant regarding the relief sought in this motion prior to its filing, and that Defendant opposes the relief sought herein.

Respectfully submitted this 21st day of February 2025,

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
