UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 24-20207-CIV-MARTINEZ

GUSTAVO HERNANDEZ,

    Plaintiff,

v.

HYPOWER, LLC,

    Defendant.
_____/

**ORDER ON TRIAL PROCEDURES**

THIS CAUSE came before the Court *sua sponte*. It is hereby

**ORDERED AND ADJUDGED** as follows:

**EVIDENTIARY MATTERS**

1. **On or before calendar call**, the parties shall file their Witness Lists indicating:

   a) Each witness who will testify at trial,

   b) A one sentence synopsis of the testimony,

   c) In consultation with opposing counsel, the amount of time needed for direct and cross examination, and

   d) The tentative order in which the parties intend to call each witness.

2. **On or before calendar call**, the parties shall file their respective Exhibit Lists as well as a Joint Exhibit List. The exhibit lists must substantially comply in form with **Appendix I** to this Order. Note that the fifth column must provide a detailed description of the exhibit marked. It is the parties' continuing responsibility to ensure that the descriptions provided to the Court are accurate and current.

3. All exhibits in the exhibit lists must be pre-marked. Plaintiff's exhibits shall be marked numerically. Defendant's exhibits shall be marked alphabetically. Those exhibits identified as "Joint Exhibits" shall be marked as "J-#." The parties' respective exhibits shall not contain duplicates of any exhibit designated in the Joint Exhibit List. If there are many exhibits,

the parties may file a motion to designate all exhibits numerically (*e.g.*, Plaintiff's exhibits 1–99, and Defendant's exhibits 100–200).

4. **Following each day of trial,** the parties shall confer and complete a revised Exhibit List that includes a cumulative list all exhibits, including those admitted into evidence at trial. The revised exhibit list should include the date each exhibit was admitted and what it was marked as. It is the parties' responsibility to ensure the accuracy of the updated exhibit lists filed throughout the trial. The revised exhibit lists must substantially comply in form with **Appendix I** to this Order, as outlined in paragraph 2 of this Order.

### INSTRUCTIONS REGARDING THE USE OF DEPOSITIONS AT TRIAL

5. All trial witnesses must testify in person.

6. If a witness is unavailable to testify at trial in person, the witness must testify at trial via videoconference such as Zoom, with the Court's permission.

7. Only if a witness is unavailable, pursuant to Federal Rule of Civil Procedure 32(a)(4), may the witness's deposition testimony be read into evidence at trial. This provision does not apply to deposition testimony used for the purpose of impeachment.

8. No cumulative testimony will be permitted. The parties must engage in a meaningful, good-faith conferral to resolve any objections to deposition designations. Only after this conferral may the parties submit their designations and objections to the Court.

9. **One week before Calendar Call,** the parties shall deliver to the Court a paper copy of: (1) a chart of their deposition designations and objections thereto; and (2) the deposition transcripts with the designated testimony highlighted and objections indicated. **On this same date**, the parties must e-mail a **Word version** of the chart to martinez@flsd.uscourts.gov, and jointly file the chart and deposition transcripts on the record.

10. The chart with the parties' deposition designations, and objections thereto, must substantially comply in form with **Appendix II** to this Order:

   a) The first column must list the unavailable witness's name, the witness's title or role in the case (for example, "Def's 30(b)(6)"), the date of the deposition, and the CM/ECF electronic filing number of the deposition transcript.

   b) The second column includes either Plaintiff's or Defendant's deposition designation. However, as previously noted, **no cumulative designations are**

**permitted**.  **If Plaintiff and Defendant designate the same testimony,** *only one party* **shall make the designation.**

    i.    For the chart, the page numbers and lines of Plaintiff's designations must be in **bold**, and the page numbers and lines of Defendant's designations must be in *italics*.

    ii.    The designations must be made **numerically**.  For example, if Plaintiff designates page 3, line 2, Defendant designates page 4, line 1, and Plaintiff designates page 4, line 5, the chart will list Plaintiff's designation, then Defendant's, and then Plaintiffs'.  The Court **will not accept** a chart listing all of Plaintiff's designations followed by all of Defendant's designations, or vice versa.  Again, conferral is critical to ensuring the parties provide a correct submission.

    iii.    In the courtesy copies of the deposition transcripts submitted to the Court and filed on the record, Plaintiff's designations shall be made in **yellow** highlighting, and Defendant's designations shall be made in **blue** highlighting.  The Court cautions the parties to use light-colored highlighting so that the Court can read the actual text highlighted.

    iv.    All designated portions of the depositions must be included in the chart even if there is no objection to the designated testimony.

    v.    The parties shall not designate deposition testimony for purposes of impeaching a witness.  Deposition designations are only to be used in the place of an unavailable witness.

c)    The third column includes the objection to the party's designation. To make an objection to a designation, use the abbreviations listed in **Appendix III**.  For each objection, the page and line objected to must be specified.

d)    The fourth column shall contain the Court's ruling on the designation.

e)    The fifth column shall include any counter-designations to the testimony designated in column one.

f)    The sixth column includes the objections to the counter-designations using **Appendix III**. For each objection, the page and line objected to must be specified.

g) The seventh column lists the Court's ruling on the counter-designations.

11. Column headers must appear at the top of each page.

12. Page numbers must appear at the bottom of each page.

## **PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**
### **(For Jury Trials Only)**

13. On the deadline set forth in the Court's Scheduling Order, the parties shall file a **joint set of proposed jury instructions** and a **joint proposed verdict form**. In preparing proposed jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be *italicized*. Instructions and questions proposed only by the defendant(s) to which the plaintiff(s) object shall be **boldfaced**. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the legal basis for the objection(s) with citations to authority.

14. Copies of the joint proposed jury instructions shall be e-mailed to martinez@flsd.uscourts.gov in **Word format** at the time of filing.

## **OTHER INSTRUCTIONS**

15. **No later than three (3) days before Calendar Call**, the parties shall provide the Court Reporter, Mary Ann Casale, at 400 N. Miami Ave., Chambers 10-1, Miami, Florida, 33128, MaryAnn_Casale@flsd.uscourts.gov with an e-mail of:

a) The witness and exhibit lists;

b) A designation of unique proper nouns/names which may be used at trial; and

c) A list of the names of all attorneys who will participate in the trial.

16. **No later than three (3) days before Calendar Call**, the parties must file their respective motions requesting permission to enter the courthouse with electronic equipment. The motion must include the names of the individuals who will bring the electronic devices into the courthouse, their role (e.g. paralegal, expert), and a list of the devices each person is bringing. **Each party's motion must be accompanied by a proposed order granting the motion and must include the same list of individuals and electronic devices as the motion.** The proposed orders shall be submitted to martinez@flsd.uscourts.gov in **Word Format** at time of filing. The

parties are reminded that attorneys permitted to practice law within the Southern District of Florida with a valid Florida Bar Identification Card or *pro hac vice* order having business before this Court are exempt from requesting permission to enter the courthouse with electronic equipment pursuant to Southern District of Florida Administrative Order 2018-79(I)(E).

17. If the case settles, the parties are directed to immediately inform the Court at (305) 523-5590 and file a notice of settlement.

18. If the parties fail to notify the Court that they have settled before the Court requests a jury pool, the parties shall be liable for the costs incurred in summoning a jury.

19. Failure to comply with any provision of this Order may subject the offending party to sanctions or dismissal.

20. All dates established by prior Court order remain in effect, except that, to the extent any of the provisions of this order conflict with a prior Court Order, this Order controls.

DONE AND ORDERED in Miami, Florida, this 21st day of February, 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record

# APPENDIX I

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: - -CIV-MARTINEZ**

_____,

    Plaintiff,

v.

_____,

    Defendant.
_____/

**[PLAINTIFF'S/DEFENDANT'S/JOINT] EXHIBIT LIST**

| Presiding Judge: Hon. Jose E. Martinez | Attorney for Plaintiff: | Attorney for Defendant: |
|---|---|---|
| **Trial Date:** | **Court Stenographer:** Dawn Savino | **Courtroom Deputy:** Diane Quinn |

| [Pl.'s/Def.'s/Joint] Ex. | Date Offered | Marked | Admitted | Detailed Description of Exhibit |
|---|---|---|---|---|
| [1/A/J-1] | | | | [Detailed description] |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

# APPENDIX II

| Witness Name | Designations | Objections<br>Objection (page:line being objected to) | Court's Ruling | Counter-Designations | Objections to Counter-Designations<br>Objection (page:line being objected to) | Court's Ruling |
|---|---|---|---|---|---|---|
| Witness 1 (Title; Role)<br><br>Deposition Date (ECF No. XX) | *6:12 – 6:20* | H (6:12 – 6:15)<br><br>P (6:16–6:20) | | *6:21 – 7:20* | LC (7:5 – 7:10) | |
| | *20:5 – 20:10* | No Objection | | **20:11 – 20:12** | No Objection | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| Witness 2 (Title; Role)<br><br>Deposition Date (ECF No. XX) | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## **APPENDIX III**

| A | Argumentative |
|---|---|
| AA | Asked and Answered |
| C | Competence |
| CD | Compound |
| CS | Calls for Speculation |
| CUM | Cumulative |
| EX | Improper Expert Opinion |
| F | Lack of Foundation |
| H | Hearsay |
| L | Leading |
| LC | Calls for Legal Conclusion |
| LP | Lack of Predicate |
| LW | Improper Lay Witness Opinion |
| M | Mischaracterizes Prior Testimony |
| N | Narrative |
| P | Privilege |
| PK | Lack of Personal Knowledge |
| Q | Outside the Witness Qualifications |
| R | Relevance |
| RC | Rule of completeness |
| SM | Subsequent Remedial Measures |
| UP | Unduly Prejudicial |