UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20207-MARTINEZ/SANCHEZ

GUSTAVO HERNANDEZ,

      Plaintiff,

vs.

HYPOWER, LLC,

      Defendant.

_____/

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Plaintiff, Gustavo Hernandez ("Mr. Hernandez"), pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, responds to the Statement of Material Facts filed by Defendant, Hypower LLC [ECF No. 49-1] as follows:

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed that Defendant's Employee Handbook states: "If the employee leaves the Company for any reason, other than termination for cause or resignation, they will be paid any unused PTO, not to exceed the maximum annual accrual." [ECF No. 49-1, at 215-216.] However, neither Defendant's offer of employment signed by Mr. Hernandez [*Id.* at 5-6], nor Defendant's Employee Handbook [*Id.* at 178-226] define what constitutes "cause" for termination, rendering the term ambiguous. Moreover, the operative contract governing Mr. Hernandez's compensation and benefits [*Id.* 5-6] places no condition on his entitlement to receive accrued but unused PTO.

5. Disputed. As stated above, neither Defendant's offer of employment to Mr. Hernandez [*Id.* at 5-6], nor Defendant's Employee Handbook [*Id.* at 178-226] define what constitutes "cause" for termination, rendering the term ambiguous. The "Termination Form" appended to Defendants' Statement of Material Facts as "Exhibit G" (which was not produced during discovery) states that "Gustavo was terminated for sending an email saying if Raul Gonzalez wasn't leaving MSC that he would (*sic*) wouldn't work with Raul Gonzalez." [ECF No. 49-1, at 318.] Contrarily, Defendant's Corporate Representative and Vice President, Adam Johnson,

1

testified that Mr. Hernandez was terminated for "[n]ot following directions" and for complaining about his supervisor during a company meeting. [ECF No. 49-1 at 253:7-21.] On the other hand, Mr. Hernandez asserts that he "was not terminated for any valid cause" [*Id.* at 238, no. 12]—rather, he was fired in retaliation for complaining about discriminatory treatment to which he and other Cuban employees were subjected by Defendant's superintendent, Raul Gonzalez. [*See id.* at 38:4-11, 57:3-58:16, 59:19-61:1, 66:1-67:3, 86:9-23, 101:2-102:4, 104:14-19, 109:11-19, 120:5-21, 121:4-13; *see also* ECF No. 50, at 5-6.]

## PLAINTIFF'S ADDITIONAL MATERIAL FACTS

6. Prior to Mr. Hernandez's termination, Defendant's time-tracking application, "Hype" reflected that Mr. Hernandez accrued 80 hours of PTO which he had not yet used. [*See* Hernandez_000189, attached hereto as "Exhibit A".]

7. Following Defendant's termination of Mr. Hernandez's employment, Mr. Hernandez jointly filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and Florida Commission on Human Relations alleging that he was discriminated against during his employment Defendant, and that he suffered retaliation as a result of his complaints of discrimination. [*See* ECF No. 50, at 5-6.]

Respectfully submitted this 25th day of February 2025,

                                            s/ Patrick Brooks LaRou
                                            Brian H. Pollock, Esq. (174742)
                                            brian@fairlawattorney.com
                                            Patrick Brooks LaRou, Esq. (1039018)
                                            brooks@fairlawattorney.com
                                            FAIRLAW FIRM
                                            135 San Lorenzo Ave, Suite 770
                                            Coral Gables, FL 33146
                                            Telephone: (305) 928-4893
                                            *Counsel for Plaintiff*

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com