UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20207-MARTINEZ/SANCHEZ

GUSTAVO HERNANDEZ,

    Plaintiff,

vs.

HYPOWER, LLC,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Gustavo Hernandez, through his undersigned counsel, pursuant to Fed. R. Civ. P. 56 and Local Rules 7.1 and 56.1, requests that the Court deny Defendant's Motion for Partial Summary Judgment [ECF No. 49] and states as follows in support thereof:

## I. INTRODUCTION

The Court must deny the Defendant's request for summary judgment on Count II, Mr. Hernandez's breach of contract claim. [*See* ECF No. 49.] Defendant argues that Mr. Hernandez's claim for breach of contract fails because Defendant's Employee Handbook is not a contract. *Id.* However, summary judgment must be denied because Mr. Hernandez's breach of contract claim is premised on the written offer letter he signed. Defendant sent Mr. Hernandez an offer letter proposing an hourly wage and entitlement to paid time off ("PTO") as conditions of his employment, which, when accepted by Mr. Hernandez, created a binding and enforceable contract. [*See* ECF No. 49-1, at 5-6.] Mr. Hernandez's acceptance of the written offer letter entitles him to the wages he accrued until his termination, irrespective of any alleged basis for termination. *Id.* Because payment for accrued PTO is considered "wages" under Florida law, Defendant breached its contract with Mr. Hernandez by failing and refusing to pay him the PTO he earned through his separation of employment with Defendant.

After arguing that the Employee Handbook does not create an enforceable contract [ECF No. 49, at 7-10], Defendant asserts that the Handbook should not only be considered in the Court's determination of Mr. Hernandez's entitlement to payment of accrued PTO—but that its terms

1

<u>govern</u> Mr. Hernandez's entitlement to PTO, justifying Defendant's non-payment because he was allegedly terminated "for cause" [ECF No. 49, at 11]. Defendant's request for the Court to use the Handbook as a basis for non-payment of PTO would require the Court to first determine what constitutes "cause" under the Handbook, and next, whether Mr. Hernandez was terminated for "cause." In determining whether Mr. Hernandez was terminated for cause, the Court must consider whether Defendant retaliated against him for engaging in activity protected under 42 U.S.C. §1981, Title VII of the Civil Rights Act, and the Florida Civil Rights Act. If so, Mr. Hernandez was not terminated for cause, and he is entitled to payment of the PTO he accrued but did not use.

## II. SUMMARY JUDGMENT STANDARD

According to Fed. R. Civ. P. 56, summary judgment may only be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether the moving party has met this burden, all evidence and factual inferences must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002). The party opposing the motion for summary judgment need not respond to with evidence *unless and until* the movant has supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. Unless the moving party has demonstrated that the facts underlying the relevant legal questions raised by the pleadings or otherwise are not in dispute, summary judgment must be denied (even when the non-moving party has not introduced any conflicting evidence). *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The non-moving party must come forward with opposing summary judgment evidence only after the moving party has met its burden.

The Court cannot weigh the competing facts at the summary stage and instead must deny summary judgment:

> It is not this Court's function to weigh the facts and decide the truth of the matter at summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, where there are "varying accounts of what happened," **the proper standard requires us to adopt the account most favorable to the non-movants**. *Perez v. Suszczynski*, 809 F.3d 1213, 1217 (11th Cir. 2016). [*Emphasis added.*]

*Smith v. LePage*, 834 F.3d 1285, 1296 (11th Cir. 2016). The Court does not make credibility determinations at the summary judgment stage because only the jury can make them. *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013). Therefore, when the record reveals disputed factual issues, the Court must deny the Defendant's motion for partial partial summary judgment and allow the jury to decide the conflicting facts. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).

The Court must also resolve all ambiguities and draw all justifiable inferences in favor of Mr. Hernandez, the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment cannot be entered when the parties agree on the basic facts but disagree about the inferences that could or should be drawn from those facts. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). Similarly, the Court must deny summary judgment if reasonable minds could differ on the inferences arising from the undisputed facts. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir.1982).

### III. ARGUMENT

Mr. Hernandez's breach of contract claim is not premised on the assertion that Defendant's Employee Handbook is an enforceable contract. Rather, Defendant's written offer of employment [ECF No. 49-1, at 5-6] (which Mr. Hernandez signed, accepting Defendant's offer) serves as the basis of this claim—obligating Defendant to pay him the PTO he accrued upon his termination. The Defendant's written offer of employment created an enforceable contract between the parties once Mr. Hernandez signed it to accept the terms. Defendant's failure to pay Mr. Hernandez the PTO he accrued constitutes a material breach, requiring denial of Defendant's motion.

**A.** **The Signed Offer Letter Created An Enforceable Contract.**

The elements of a contract under Florida law are as follows:

> To prove the existence of a contract under Florida law, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)).

*HTC Leleu Fam. Tr. v. Piper Aircraft, Inc.*, 571 F. App'x 772, 776 (11th Cir. 2014).

Defendant extended a written offer of employment to Mr. Hernandez specifying the position, wages, and benefits offered, thus including all material terms:

3

> **Starting Hourly Rate of Pay:** $ 32.00
>
> **Health Benefits/Other:** *See Hypower's Employee Handbook for benefits summary.*
>
> The Company PTO policy for the construction hourly workforce will be as follows:
>
> - 0 hours paid PTO from hire date until December 31st of that same year.
> - 40 hours paid PTO starting on January 1st after your hire date. This is available for the calendar year, and then again each year thereafter
>
> **This Is a Full Time, Hourly Non-Exempt Position.**
>
> In addition to the compensation described above, you will also be eligible for participation in the Company's benefits programs, subject to the applicable plans policies. More information on the benefit plans are listed in the Benefits Summary attached. Please read this summary thoroughly and direct any questions regarding benefits administration and eligibility to me and I will have Kathy Weissman, our benefit provider's administrator, contact you with the details.

[ECF No. 49-1, at 5.] The offer letter further stated that Defendant would pay Mr. Hernandez the compensation he earned (including his hourly rate of pay and PTO) through the end of his employment:

> Employment at HYPOWER, LLC., is at-will and may be terminated by either you or the Company at any time with or without cause. This letter does not create a contract of employment for any specified term. Similarly, nothing in this letter shall be construed as an agreement, expressed or implied, to provide you with any compensation or benefit beyond the end of your employment other than what is expressly stated above.

*Id.*, at 6. The offer letter contains no caveat or manner through which (i) Mr. Hernandez could forfeit the compensation or benefits he earned, or (ii) Defendant could withhold them.

Mr. Hernandez accepted the offer letter by signing it electronically, which is regarded as equivalent to a handwritten signature under Florida law. *See* Fla. Stat. §688.50. The countersigned offer letter constituted an enforceable contract. *See Dandridge v. Sherwin Williams, Inc.*, 2021 U.S. Dist. LEXIS 99540, at *10 (M.D. Fla. May 26, 2021) (electronically signed offer letter established an enforceable agreement).

**B.     Defendant Did Not Pay Mr. Hernandez The PTO He Earned.**

Defendant's offer to pay Mr. Hernandez 40 PTO hours per calendar year constituted an offer to pay "wages" under Florida law. *See Traini v. All Craft Marine, Ltd. Liab. Co.*, 2024 U.S. Dist. LEXIS 114522, at *4 (M.D. Fla. June 27, 2024) (quoting *Short v. Bryn Alan Studios, Inc.*, 2008 U.S. Dist. LEXIS 42308, at *10 (M.D. Fla. May 28, 2008) ("Clearly, sitting fees and commissions and/or bonuses, as well as accrued vacation pay, are considered 'wages' for purposes of Fla. Stat. § 448.08.").) Prior to his separation of employment, Mr. Hernandez accrued 80 hours of PTO according to Defendant's Vice President/Corporate Representative and Mr. Hernandez [*see* ECF

4

No. 49-1, at 110-111:25-6, 302:20-23], as well as through Defendant's time-tracking application, "Hype" [ECF No. 54-1].

According to the contract between the parties (*i.e.*, the offer letter), Defendant should have paid Mr. Hernandez for his unused PTO. [ECF No. 49-1 at 5-6.] Defendant does not dispute refusing to pay Mr. Hernandez the PTO he accrued but did not use. Thus, the only issue for the Court do decide is whether Defendant was justified in failing to this PTO to Mr. Hernandez.

### C. The Parties Did Not Agree To Forfeiture Of PTO Earned.

The offer letter identifies no circumstances under which Mr. Hernandez would forfeit the PTO he accrued during his employment with the Defendant. *Id.* Stated differently, the Defendant's written offer to Mr. Hernandez contained an unqualified commitment to pay the compensation and benefits he earned through his last day of work. Florida substantive law constrains the Court to enforcing the offer letter as written because it is clear and unambiguous. *See e.g.*, *Columbia Bank v. Columbia Developers, Ltd. Liab. Co.*, 127 So. 3d 670, 673 (Fla. 1st DCA 2013) ("The cardinal rule of contractual construction is that when the language of the contract is clear and unambiguous, the contract must be interpreted and enforced in accordance with its plain meaning.") (citing *Ferreira v. Home Depot/Sedgwick CMS*, 12 So. 3d 866, 868 (Fla. 1st DCA 2009) ("Contracts are to be construed in accordance with the plain meaning of the words therein, and it is never the role of the trial court to rewrite a contract to make it more reasonable for one of the parties.")). Defendant has not identified any contract or other agreement with Mr. Hernandez that qualified or modified the offer letter in its Motion [ECF No. 49, *passim*], thereby precluding the Court from altering or amending the offer letter's terms. Mr. Hernandez was, therefore, entitled to receive payment for the unused PTO he accrued through the end of his employment, even if his employment was terminated for cause.

### D. The Handbook Is Extrinsic And Only Invites A Complicated Trial

To avoid its contractual obligation to pay Mr. Hernandez the PTO he accrued, Defendant uses double-talk. After arguing for pages that its Handbook does not constitute a contract, Defendant concludes its motion by claiming that Defendant justifiably refused to pay Mr. Hernandez the wages (PTO) he earned because the Handbook states that employees terminated for cause are not entitled to be paid for unused PTO. [*See* ECF No. 49 at 11.] However, the Handbook specifically states that "[n]othing in this Handbook or any other policy, practice,

5

procedure, or benefit constitutes an express or implied contract, guarantee, promise, or covenant of any type." [ECF No. 49-1, at 179.] Thus, it is an illusory document upon which neither party can presumably rely. If the Court were to consider the Handbook as parol or extrinsic evidence, as the Defendant requests, then a more complicated trial would be required to determine if Mr. Hernandez was terminated for "cause" or in retaliation for engaging in protected activity.

### 1. Determining "cause" would involve a more complicated trial.

Normally, in determining whether an employee has been terminated with or without cause, courts within the Eleventh Circuit consider the language of the operative employment agreement. *See Brown Jordan Int'l, Inc. v. Carmicle*, 836 F.3d 1167, 1179-80 (11th Cir. 2017); *Rico v. Sch. Bd.*, 733 F. Supp. 2d 1319, 1329-30 (S.D. Fla. 2010); *Crosswright v. Escambia Cmty. Clinics*, 666 F. Supp. 3d 1200, 1208-09 (11th Cir. 2023); *Hara v. Curaleaf, Inc.*, 2023 U.S. Dist. LEXIS 220117 (S.D. Fla. Dec. 11, 2023); *Prior v. Neurospine Inst. LLC*, 2024 U.S. Dist. LEXIS 222227, at *10-16 (S.D. Fla. Dec. 6, 2024); *Agnelli v. Lennox Miami Corp.*, 2022 U.S. Dist. LEXIS 25360 (S.D. Fla. Feb. 11, 2022). However, none of the Defendant's evidence filed in support of its motion defines or describes what constitutes "cause" for termination.

Courts applying Florida substantive law consider the following in determining whether a termination was "for cause," or otherwise, when undefined:

> The Employment Agreement does not define "misconduct in office," but the term "termination for cause" has a well-settled meaning. As the Florida Supreme Court said in *State ex rel. Hathaway v. Smith*: "Removal for cause or terminations for cause is employed frequently in statutes and constitutions relating to the removal of officers and employees…. It imputes removal or termination for misconduct, some violation of the law or [dereliction] of duty on the part of the officer or employee affected." 160 Fla. 485, 35 So. 2d 650, 651 (Fla. 1948). As understood by the Florida Supreme Court and other courts, "misconduct" or "termination for cause" refers to illegal activity, ethical breaches, or utter abandonment or dereliction of a job.

*Comp. Care Corp. v. Katzman*, 2010 U.S. Dist. LEXIS 77121, at *25 (M.D. Fla. Jul. 30, 2010). Mr. Hernandez was not terminated for "cause" or "misconduct" as those (undefined) terms are construed by the Courts.

Defendant's employees did not provide harmonized testimony or evidence for the reason why it terminated Mr. Hernandez's employment. The "Termination Form" submitted by Defendant in support of its Motion for Summary Judgment states that Mr. Hernandez "was

6

terminated for sending an email saying if Raul Gonzalez wasn't leaving MSC that he … wouldn't work with Raul Gonzalez." [ECF No. 49-1, at 318.] However, Defendant's Corporate Representative/Vice President, Adam Johnson, testified that Mr. Hernandez was terminated for "[n]ot following directions" and for complaining about his supervisor during a company meeting. [ECF No. 49-1 at 253:7-21.] These differing reasons do not support a finding of "cause" but are, instead, evidence of pretext. *See Kragor v. Takeda Pharm. Am., Inc.*, 702 F.3d 1304, 1307 (11th Cir. 2012) (discussing employer's contradiction of stated reason as evidence of pretext); and *Bechtel Constr. Co. v. Sec'y of Labor*, 50 F.3d 926, 928 (11th Cir. 1995). The Court's rejection of Defendant's stated reason(s) for terminating Mr. Hernandez's employment would require the jury to decide whether he was terminated for cause or if its stated reason(s) were pretextual. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511, 113 S. Ct. 2742, 2749 (1993).

Mr. Hernandez contends that his employment "was not terminated for any valid cause" [ECF No. 49-1, at 238, no. 12], and that he was fired in retaliation for complaining about discriminatory treatment to which he and other Cuban employees were subjected by Defendant's superintendent, Raul Gonzalez. [*See id.* at 38:4-11, 57:3-58:16, 59:19-61:1, 66:1-67:3, 86:9-23, 101:2-102:4, 104:14-19, 109:11-19, 120:5-21, 121:4-13; *see also* ECF No. 50, at 5-6.] By complaining about these discriminatory comments as violative of the rights afforded by Title VII of the Civil Rights Act, 42 U.S.C. §1981, and the Florida Civil Rights Act, Mr. Hernandez engaged in protected activity. *Alburquerque v. de Moya Grp., Inc.*, 2024 U.S. App. LEXIS 16518 (11th Cir. July 8, 2024). Within twenty-four hours of lodging these complaints, Defendant terminated his employment. [ECF No. 49-1, at 66:1-67:3.] The close temporal proximity between Mr. Hernandez's complaints about being subjected to discriminatory treatment and the adverse action of terminating his employment supports a finding that he was terminated in retaliation, not for cause. *Alburquerque*, 2024 U.S. App. LEXIS 16518, at *7. Terminating Mr. Hernandez because he engaged in protected activity would not constitute "cause" sufficient to justify termination or losing the PTO he accrued. Given the existence of these factual disputes as to the reason for Mr. Hernandez's termination, the Court properly denies Defendant's request for summary judgment—leaving these issues to be decided by a jury. *Agnelli*, 2022 U.S. Dist. LEXIS 25360, at *12-13.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.928.4893   FAX 305.230.4844
*www.fairlawattorney.com*

## IV. CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff, Gustavo Hernandez, requests that the Court deny Defendant's Motion for Summary Judgment in full, and grant such further relief as the Court deems just and proper.

Respectfully submitted this 25th day of February 2025.

                                          s/ Patrick Brooks LaRou
                                          Brian H. Pollock, Esq. (174742)
                                          brian@fairlawattorney.com
                                          Patrick Brooks LaRou, Esq. (1039018)
                                          brooks@fairlawattorney.com
                                          FAIRLAW FIRM
                                          135 San Lorenzo Avenue, Suite 770
                                          Coral Gables, Florida 33146
                                          Telephone: (305) 230-4884
                                          *Counsel for Plaintiff*

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.928.4893   FAX 305.230.4844
*www.fairlawattorney.com*