UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-CV-20207

GUSTAVO HERNANDEZ,

     Plaintiff,

v.

HYPOWER, LLC,

     Defendant.

_____/

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, HYPOWER, LLC ("Hypower"), by and through the undersigned counsel, hereby files this Reply to Plaintiff, GUSTAVO HERNANDEZ ("Plaintiff"), Response in Opposition to Defendant's Motion for Partial Summary Judgment [D.E. 55] ("Response"), and in support thereof, states as follows:

### INTRODUCTION AND SUMMARY OF ARGUMENT

By way of background, this case arises from Plaintiff's employment with Hypower. *See generally* Compl. In Count II of Plaintiff's Complaint filed on January 18, 2024 ("Complaint"), Plaintiff alleges that Hypower breached an unidentified contract when it did not pay Plaintiff his eighty (80) hours of unused paid time off ("PTO") at the time of his termination on January 4, 2024. Compl., ¶¶33-35.

On February 11, 2025, Hypower filed its Motion for Partial Summary Judgment [D.E. 49] ("Motion"), wherein Hypower outlined Plaintiff's inability to establish a breach of contract claim

against Hypower.[1] *See generally* Motion. Within the Motion, Hypower put forth a litany of legal and factual support to establish that Plaintiff cannot satisfy the threshold elements necessary to assert a claim for breach of contract. *Id.* Put simply, Plaintiff must be able to establish that a valid contract existed, as well as that Hypower breached that purported contract. From a review of the record, it is clear that Plaintiff has not and cannot meet this burden.

In an attempt to salvage his deficient claim against Hypower, on February 25, 2025, Plaintiff filed the Response, wherein Plaintiff attempts to obfuscate the undisputed facts before this Court by continuing to inconsistently plead what supposed contract Hypower breached. *See generally* Response. Throughout discovery and now in Plaintiff's Response, it is clear that Plaintiff seeks to further confuse this Court of the issues in this case by alleging various purported contracts in support of a single breach of contract claim. *See* Response; Plaintiff's Dep., 111:15-24, at SOF, Exhibit "B;" Plaintiff's Answers to Interrogatories, at 11, at SOF, Exhibit "E."

As explained herein, there are undisputed facts which refute Plaintiff's misguided and baseless assertions, and it remains undisputed that Hypower never entered into nor breached any contract with Plaintiff. As such, summary judgment in favor of Hypower is proper.

## <u>MEMORANDUM OF LAW</u>

**I.     Plaintiff's Response Fails to Remedy Its Inconsistent Assertions Resulting in Hypower Having to Speculate as to the Claims Against It**

In the Motion, Hypower argued that Plaintiff's inconsistent assertions has made it impossible for Hypower to determine the claims being brought against it. *See* Motion, at 5-7. Despite Plaintiff's failure to assert any reliance on the offer of employment signed by Plaintiff on

---

[1] Hypower incorporates by reference its Motion and its Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment [D.E. 49-1] ("SOF") herein. Hypower also incorporates its Response to Plaintiff's Statement of Material Facts [D.E. 56] herein.

July 22, 2022 ("Offer Letter"), in the Complaint or during discovery, Plaintiff now, for the first time, attempts to rely on the Offer Letter in support of his breach of contract claim. *See generally* Response.

Notably, when asked about the factual basis regarding his breach of contract claim, Plaintiff answered as follows in his Answers to Hypower's First Set of Interrogatories ("Interrogatory Answers"):

> Describe in detail the factual basis for your claim that as of January 4, 2024, you had accrued 80 hours of unused paid time off, and you were entitled to such paid time off, as alleged in paragraph 34-35 of the Complaint.
>
> **ANSWER: According to Hypower's internal rules, all Foreman Electricians at Hypower are entitled to 80 hours of paid time off (PTO) per year. Per Hypower's employee handbook, Hypower is obligated to pay any unused PTO to its employees who leave the company for any reason, other than termination for cause or resignation. I did not resign from my position and was not terminated for any valid cause.**

*See* Plaintiff's Interrogatory Answers, at 11, at SOF, Exhibit "E." Further, when asked about the purported contract during his deposition, Plaintiff suggested that the breach of contract claim is premised on "the law:"

> Q:   So with respect to the PTO, what contract says that you're going to receive that upon termination?
>
> A:   I understand that I have the right to enjoy 80 hours of vacation time during the year. Now, I understand, and you can correct me if I'm wrong, but I understand that according to law when somebody leaves or is fired from a company, if they have some vacation time accumulated, then that time should be paid to the person.

*See* Plaintiff's Dep., 111:15-24, at SOF, Exhibit "B." Notably, throughout discovery, Plaintiff proffered three (3) purported contracts that he bases his breach of contract claim on, none of which were the Offer Letter. *Id.* Rather, Plaintiff asserted that he relies on some supposed "internal

rules[2]," Hypower's Handbook, and his (Plaintiff's) understanding, albeit incorrect, of the law, to support a claim of breach of contract. *Id.*

In the Response, rather than clarifying what Plaintiff relies upon in support of the breach of contract claim, Plaintiff instead continues to obfuscate the issue by asserting yet another basis that Plaintiff relies upon for his breach of contract claim (*i.e.,* the Offer Letter). *See generally* Response. As such, Plaintiff, throughout the course of this litigation, has now alleged four (4) separate bases (*i.e.,* Hypower's internal rules, Hypower's Handbook, his premise of the "law," and the Offer Letter) to support <u>one</u> breach of contract claim, which further supports Hypower's argument that Plaintiff is forcing Hypower to speculate as to the claims against it.

Notwithstanding, this attempt by Plaintiff to raise additional theories in support of a cause of action for the first time at summary judgment is improper. Indeed, it is well-settled law that a plaintiff cannot alter his claims or raise new theories for the first time at summary judgment in an attempt to defeat summary judgment. *See Cruz v. Advance Stores Co., Inc.*, 842 F.Supp.2d 1356, 1360 (S.D. Fla. 2012) ("a party may not raise a new theory for the first time in response to a summary judgment motion."); *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("At the summary judgment stage, the proper procedure for [a plaintiff] is to amend her complaint in accordance with Fed.R.Civ.P. 15(a).").

"A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour*, 382 F.3d at 1315; *see also Menzie v. Ann Taylor Retail, Inc.*, No. 3:11cv416/MCR/CJK, 2013 WL 709608, at *6 n. 16 (N.D. Fla. Feb. 27, 2013) (finding plaintiff had not included a theory of liability in her complaint but relied on it in her summary judgment

---

[2] Hypower is unaware of any specific policies or rules that Plaintiff is referring to by "internal rules." As Hypower has various different rules, including but not limited to rules contained in the Handbook and Hypower's Safety Manual, it is impossible for Hypower to determine what "internal rules" Plaintiff is specifically referring to.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

motion, and determining defendant was consequently deprived of adequate notice of claim based on this theory).

Accordingly, Plaintiff should be precluded from relying on the Offer Letter to support his breach of contract claim, as there are zero allegations in the Amended Complaint that the Offer Letter was a contract or breached by Hypower, nor has Plaintiff identified the Offer Letter as the basis for his claim in written discovery or deposition testimony.

**II.     Plaintiff's Response Still Fails to Show Any Valid Contract or Breach of the Same**

   **A.  The Offer Letter Is Not An Enforceable Contract**

Case law could not be more clear that to establish a breach of contract claim, a plaintiff must prove that a valid contract existed. *Beck v. Lazard Freres & Co., LLC,* 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller,* 603 So.2d 1338, 1340 (Fla. 1st DCA 1992)). Even if this Court were to entertain Plaintiff's newly asserted reliance on the Offer Letter, the Offer Letter is not an enforceable contract. Here, the Offer Letter expressly states that it is not a contract:

> This letter does not create a contract of employment for any specified term. nothing in this letter shall be construed as an agreement, expressed or implied, to provide you with any compensation or benefit beyond the end of your employment other than what is expressly stated above.

*See* Offer Letter, at 2, at SOF, Exhibit "A."

In this instance, the Offer Letter is clear that it does not create an agreement to provide Plaintiff with any compensation or benefit beyond the termination of his employment. *Id.* As such, Plaintiff cannot establish that the Offer Letter is a valid contract that obligates Hypower to pay Plaintiff any unused PTO at the time of his termination. *Id.*

   **B.  Even if the Offer Letter is Considered to be a Contract, Plaintiff Has Not and Cannot Establish that Hypower Breached Any Provision of the Offer Letter**

Notwithstanding the above, the Response fails to proffer any evidence that Hypower breached any provision of the Offer Letter. *See generally* Response. At a minimum, a claim for breach of contract must identify the actual terms of the contract allegedly breached. *Toca v. Tutco, LLC*, 430 F.Supp.3d 1313, 1324 (S.D. Fla. 2020). In its Motion, Hypower argued that Plaintiff cannot establish a breach of the Employee Handbook because he has failed to proffer any evidence of a specific provision breached by Hypower. *See* Motion, at 11. Similar to the Employee Handbook, Plaintiff again fails to allege, let alone offer any evidence to identify a specific provision of the Offer Letter that has been breached. *See generally* Response.

Notably, the Offer Letter does not contain any language that requires Hypower to pay Plaintiff any accrued PTO upon his termination. *See* Offer Letter, at SOF, Exhibit "A." Rather, the Offer Letter merely states:

**The Company PTO policy for the construction hourly workforce will be as follows:**

- 0 hours paid PTO from hire date until December 31st of that same year.
- 40 hours paid PTO starting on January 1st after your hire date. This is available for the calendar year, and then again each year thereafter.

*Id.* (emphasis in original). Based on the express language of the Offer Letter, it is clear that the above-stated provision does not state how unused PTO will be paid out at termination or whether Plaintiff would be entitled to any purported payout at termination. *Id.* Rather, it merely outlines how PTO accrues. *Id.*

Additionally, in his Response, Plaintiff misrepresents the record evidence by stating, "[t]he offer letter further stated that Defendant would pay Mr. Hernandez the compensation he earned (including his hourly rate of pay and PTO) through the end of his employment." *See* Response, at 4. However, the language of the Offer Letter relied upon by Plaintiff to support this misrepresentation directly contradicts the assertion. *Id.* Indeed, the Offer Letter provides that:

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

> … Similarly, nothing in this letter shall be construed as an agreement, expressed or implied, to provide you with any compensation or benefit beyond the end of your employment other than what is expressly stated above.

*See* Offer Letter, at 2, at SOF, Exhibit "A." Contrary to Plaintiff's suggestion, the aforementioned language does not require Hypower to pay Plaintiff any accrued PTO. *Id.* Rather, the aforementioned language expressly disclaims any post-employment benefits. *Id.*

As discussed herein, a party cannot establish a breach of contract claim without establishing a breach of a specific provision of the contract. *See Toca*, 430 F.Supp.3d at 1324; *Wohl Built v. Maxum Indemnity Co.*, 2017 WL 10410373, at *2 (S.D. Fla. 2017) ("Without pointing to a specific provision that Defendant allegedly breached in the Policy, Plaintiff's Complaint is more akin to a '[t]hreadbare recital[ ] of the elements' of breach of contract than a plausibly-pled claim.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *City of Delray Beach v. Sherman Williams American Legion, Post 188*, 358 So.3d 440, 443 (S.D. Fla. 2023) ("a well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached."); *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 17, 2014) ("In order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege which provision of the contract has been breached.").

To be sure, the Offer Letter does not contain any provision that requires Hypower to pay Plaintiff any unused PTO upon his termination. *See* Offer Letter, at SOF, Exhibit "A." Accordingly, based on a reading of the Offer Letter, Hypower was under no obligation to pay Plaintiff any unused PTO. As such, Plaintiff has not established any breach of the Offer Letter, and thus, the breach of contract claim fails as a matter of law.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

### III.    Plaintiff's Contradictory Arguments Cannot Be Mistaken for a Factual Dispute

Lastly, Plaintiff's argument that there is a factual dispute because the Court must determine whether Plaintiff was terminated for cause before ruling on his breach of contract claim is without merit. *See* Response, at 1.

Initially, Plaintiff's attempt to circumvent the requisite administrative remedies for claims of discrimination and retaliation through his breach of contract claim is entirely improper. In the Response, Plaintiff asserts that in order for the Court to rely on the Handbook in determining that Plaintiff was not entitled to PTO, the Court would need to determine whether Plaintiff was terminated for cause. *See* Response, at 2. In order to do so, Plaintiff asserts that the Court must consider whether Hypower retaliated against Plaintiff in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act ("Title VII"), and the Florida Civil Rights Act ("FCRA"). *Id.*

Under Title VII and the FCRA, a plaintiff must exhaust administrative remedies before filing suit. *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004) ("Prior to filing a Title VII action, however, a plaintiff first must file a charge of discrimination with the EEOC."). Indeed, Plaintiff's purported retaliation and discrimination claims are currently pending before the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Rights ("FCHR") (collectively, the EEOC and FCHR will be referred to as the "Commission"). To the best of the undersigned's knowledge, as of the date of this Reply, the Commission's investigation is still pending and Plaintiff has not received a right to sue.

To be clear, Plaintiff has not raised any allegations of discrimination or retaliation in the Complaint, and thus, Plaintiff's tactical attempt to bypass both the requisite administrative requirements and the federal pleading requirements through his purported breach of contract claim amounts to gamesmanship and must be precluded. *See generally* Compl. *See also See Cruz v.*

*Advance Stores Co., Inc.*, 842 F.Supp.2d 1356, 1360 (S.D. Fla. 2012) ("a party may not raise a new theory for the first time in response to a summary judgment motion."); *Menzie v. Ann Taylor Retail, Inc.*, No. 3:11cv416/MCR/CJK, 2013 WL 709608, at *6 n. 16 (N.D. Fla. Feb. 27, 2013) (finding plaintiff had not included a theory of liability in her complaint but relied on it in her summary judgment motion, and determining defendant was consequently deprived of adequate notice of claim based on this theory).

Additionally, Plaintiff's own assertions contained in the Response directly contradict his argument that the Court must first determine whether Plaintiff was terminated for cause. *See generally* Response. Specifically, Plaintiff now claims that the Offer Letter, not the Handbook, is the basis for his breach of contract claim. *See generally* Response. However, as discussed herein, the Offer Letter does not contain any provision that requires Hypower to pay Plaintiff any unused PTO upon his termination, whether or not Plaintiff was terminated with or without cause. *See* Offer Letter, at SOF, Exhibit "A." Accordingly, Plaintiff's attempt to create a factual dispute over a purported issue that his own new theory renders meaningless is nothing more than a poor attempt to avoid summary judgment.

Put simply, Plaintiff cannot have it both ways by arguing that the Offer Letter is the operative contract but then relying on the Handbook's cause-based PTO policy to try and create a factual dispute. Either the Offer Letter controls, in which case cause does not matter because there is no entitlement to unused PTO whatsoever, or the Handbook controls, in which case Plaintiff's termination for cause precludes the payment of unused PTO. Either way, Plaintiff's breach of contract claim fails as a matter of law.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**WHEREFORE**, Defendant, HYPOWER, LLC, requests this Honorable Court to enter partial summary judgment in its favor against Plaintiff, GUSTAVO HERNANDEZ, and to grant any other relief that this Court deems just and proper in favor of Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Telephone (561) 612-3454
Facsimile (561) 683-8977
Primary e-mail: emma.mccarthy@csklegal.com
Secondary e-mail: jillian.strasser@csklegal.com

By: _/s/ Jillian Strasser_
JILLIAN STRASSER
Florida Bar No.: 113611
EMMA L. MCCARTHY
Florida Bar No.: 1048504