UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-CV-20207

GUSTAVO HERNANDEZ,

     Plaintiff,

v.

HYPOWER, LLC,

     Defendant.

_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE AND/OR TO EXCLUDE

Defendant, HYPOWER, LLC ("Defendant"), by and through the undersigned counsel, hereby files this Response in Opposition to Plaintiff's Motion in Limine and/or To Exclude [D.E. 51] ("Motion"), and states as follows:

## INTRODUCTION AND SUMMARY OF ARGUMENT

By way of background, this matter involves Plaintiff, Gustavo Hernandez's ("Plaintiff"), allegations that: (i) Defendant violated the Fair Labor Standards Act ("FLSA") and that Plaintiff is owed overtime wages and (ii) Defendant breached a purported contract. *See generally* Compl. [D.E. 1]. On February 21, 2025, Plaintiff filed the instant Motion, wherein he seeks a blanket and ambiguous exclusion of "all documents not previously produced before the close of discovery." *See generally* Motion.

In support of his Motion, Plaintiff relies on the termination form that was attached as Exhibit "G" to Defendant's Statement of Material Facts in Support of its Motion Partial for Summary Judgment ("Unproduced Termination Form") [D.E. 49-1, at 318]. *See* Unproduced Termination Form, attached as **Exhibit 1.** Specifically, Plaintiff argues that during the course of

discovery, Defendant produced an illegible version of the termination form, bates stamped as Hypower_0334 ("Produced Termination Form"). *See* Produced Termination Form, attached as **Exhibit 2.** Based on this single example, Plaintiff represents to this Court that Defendant has a "demonstrated practice of withholding key relevant and responsive documents," and seeks the exclusion of <u>all</u> documents not previously produced before the close of discovery.

However, Plaintiff's Motion must be denied for the following reasons:

(i)    Federal case law is clear that courts routinely deny blanket exclusions of evidence prior to trial. *See N.A.S. v. Morada-Haute Furniture Boutique LLC*, No. 20-24676-Civ, 2022 WL 845013, at *3 (S.D. Fla. Mar. 21, 2022); *United States v. Benitez*, No. 2:14-CR-124-FTM-38CM, 2015 WL 5760811, at *2 (M.D. Fla. Sept. 16, 2015); *Santiago v. Sanders*, No. 14-61505-CIV, 2015 WL 12860500, at *4 (S.D. Fla. Apr. 16, 2015); *Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 1986968, at *7 (S.D. Fla. Apr. 27, 2020).

(ii)   Even relying on the Unproduced Termination Form, Plaintiff's Motion must still be denied, as Defendant's supposed "failure to produce" the document was substantially justified and harmless. Fed. R. Civ. P. 37.

(iii)  Plaintiff failed to adequately confer with the undersigned on the issues raised in this Motion prior to filing the Motion, as required by Local Rule 7.1(a)(3).

As explained further herein, Plaintiff's Motion must be denied.

## ARGUMENT AND MEMORANDUM OF LAW

### I.    Plaintiff's Motion Must Be Denied

#### A.  Blanket Exclusions of Evidence Prior to Trial Are Highly Disfavored

Federal courts routinely deny motions in limine seeking to exclude broad categories of potential evidence without first confronting each particular piece of evidence and the purpose for which it is being offered. *See e.g., N.A.S. v. Morada-Haute Furniture Boutique LLC*, No. 20-24676-Civ, 2022 WL 845013, at *3 (S.D. Fla. Mar. 21, 2022) ("We will not issue a blanket exclusion of [items not produced in discovery] without first being appraised of its nature or the

purposes of its introduction. Instead, this Court can address any objections to such evidence or testimony at trial. Accordingly, Plaintiff's fourth motion is DENIED."); *United States v. Benitez*, No. 2:14-CR-124-FTM-38CM, 2015 WL 5760811, at *2 (M.D. Fla. Sept. 16, 2015) (denying motions in limine that were "merely generalized requests [to exclude evidence not disclosed in discovery] not related to specific evidence to be presented at trial."); *Santiago v. Sanders*, No. 14-61505-CIV, 2015 WL 12860500, at *4 (S.D. Fla. Apr. 16, 2015) ("At this point in the proceedings, it is unknown what documents, if any, the defendants will use for rebuttal or impeachment purposes that were not produced during discovery. Accordingly, the plaintiff's motion is DENIED."); *Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 1986968, at *7 (S.D. Fla. Apr. 27, 2020) ("Plaintiff's motion in limine is premature because … it is unknown what documents, if any, Defendant will attempt to use at trial, either for rebuttal or impeachment purposes, that were not produced during discovery.").

Notably, Plaintiff fails to cite any authority that supports his position that he is entitled to a blanket exclusion of "all evidence not previously produced during discovery." *See generally* Motion. In the Motion, Plaintiff relies on the following citation and parenthetical language:

> *Doe v. Mia. Gardens Square One, Inc.*, 2025 U.S. Dist. LEXIS 9732, 2025 WL 246253, at *15-16 (S.D. Fla. Jan. 20, 2025) (precluding entry of evidence not disclosed during discovery).

Motion, ¶10. However, upon a review of the *Doe* case, it is apparent that this Court actually held the opposite of what Plaintiff represents in his citation. *Doe*, 2025 WL 246253, at *4 (S.D. Fla. Jan. 20, 2025). Indeed, this Court in *Doe* <u>denied</u> the plaintiff's motion in limine to exclude any evidence that was not previously disclosed in discovery finding that the request was too overbroad and "this issue is better addressed once such evidence is presented at trial." *Id.* Likewise, Plaintiff's reliance on *Wammock v. Celotex Corp.*, 793 F.2d 1518, 1527 (11th Cir. 1986), is misplaced, as

*Wammock* involved a determination of whether the exclusion of evidence was appropriate at the trial stage, and was not considered on a motion in limine. *Id.*

## B. Any Purported Failure to Produce Evidence Was Substantially Justified and Harmless

Additionally, Plaintiff's Motion wrongly suggests that Rule 26 mandates the exclusion of any document not disclosed before the close of discovery, and provides the following rule:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard…

Motion, ¶4. Notably, Plaintiff is not citing Rule 26, but is citing Rule 37, which governs discovery sanctions. Notwithstanding, neither Rule 26 nor Rule 37 provide for an automatic exclusion of documents untimely disclosed. Fed. R. Civ. P. 26; 37(c)(1). Rather, Rule 37(c)(1) provides that exclusion is warranted only where the failure to disclose is neither substantially justified nor harmless. *Id.*

"Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Weaver v. Lexington Ins. Co.*, No. 8:05-CV-1913-T, 2007 WL 1288759, at *2 (M.D. Fla. May 2, 2007). Likewise, federal courts in this Circuit typically consider the following factors in determining if a failure to disclose was harmless:

(1) the unfair prejudice or surprise of the opposing party;

(2) the opposing party's ability to cure the surprise;

(3) the likelihood and extent of disruption to the trial;

(4) the importance of the evidence; and

(5) the offering party's explanation for its failure to timely disclose the evidence.

*Dynamic Motion Rides GMBH v. Universal City Dev. Partners, Ltd.*, No. 6:21-cv-752, 2022 WL
2774301, at *4 (M.D. Fla. June 3, 2022) (citing Mobile Shelter Sys. USA, Inc. v. Grate Pallet
Sols., LLC, 845 F. Supp. 2d 1241, 1250 (M.D. Fla. 2012)).

Here, the Defendant's purported failure to produce the Unproduced Termination Form was
both substantially justified and harmless. Initially, the form Plaintiff bases his Motion on was
produced, albeit it was not the most legible version. Furthermore, Plaintiff's representation that
the legible Unproduced Termination Form was "directly responsive" to his requests for production
is wholly misleading. *See* Motion, ¶7. The Produced Termination Form was provided within and/or
as part of Plaintiff's personnel file, which was explicitly requested in Request No. 1 of Plaintiff's
First Request for Production. *See* Defendant's Responses to Request for Production, attached as
**Exhibit 3.**

Pursuant to the Federal Rules of Civil Procedure, documents must be produced in the
matter that they are kept. Fed. R. Civ. P. 34. Here, Defendant complied with this requirement by
producing Plaintiff's personnel file in its original form, which included the Produced Termination
Form. Neither Defendant nor the undersigned had any obligation to alter, edit, or replace the
Produced Termination Form with another version that was not encompassed in Plaintiff's
personnel file. Fed. R. Civ. P. 34.

Moreover, the Unproduced Termination Form was either not responsive to any of
Plaintiff's remaining Requests for Production or, to the extent it may have been responsive,
Defendant properly objected to the request as overbroad and vague, and Plaintiff never made any

attempt to overcome these objections. *See* Defendant's Responses to Request for Production, at Exhibit 3.

Lastly, as mentioned herein, Defendant produced the Produced Termination Form on July 19, 2024. Since then, the Parties have engaged in ample discovery, depositions, and mediation, and not once did Plaintiff bring up the Produced Termination Form, let alone ask the undersigned if we had a legible copy of or could try to retrieve one. Similarly, during the conferral with Plaintiff's counsel regarding the relief sought by the Motion, Plaintiff's counsel failed to advise defense counsel what specific document(s) the Motion relied upon and/or what document(s) Plaintiff claimed was not produced. Now, seven (7) months after Plaintiff's receipt of the Produced Termination Form, Plaintiff, for the first time, raises concerns with the legibility of the document. *See generally* Motion. Furthermore, as Plaintiff concedes in his Motion, he has since been provided with a copy of the Unproduced Termination Form, as it was attached to Defendant's Motion for Partial Summary Judgment. Motion, ¶7. Thus, any claim that Plaintiff is now being unfairly "ambushed" by a mere legible version of the Produced Termination Form is unsupported.

Given Defendant's reasons outlined herein, it is clear that the purported failure to produce the Unproduced Termination Form was substantially justified as Defendant fully complied with its discovery obligations. Moreover, the purported failure is entirely harmless, as Plaintiff's only concern with the Unproduced Termination Form is legibility, not substance. Any claim of unfair surprise is also baseless  because Plaintiff was provided with a copy of the Unproduced Termination Form on February 11, 2025. *See generally* Motion. Thus, denial of Plaintiff's Motion is further warranted.

## II.     Plaintiff's Motion Should Further Be Denied Because Plaintiff Failed to Adequately Confer in Violation of Local Rule 7.1(a)(3)

Initially, Local Rule 7.1(a)(3) of the Southern District of Florida requires that:

> Prior to filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, … counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. **Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion** and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee. ...

*See* Local Rule 7.1(a)(3). On February 12, 2025, Plaintiff's counsel sent the undersigned an e-mail to confer on various topics it wished to exclude at trial, including but not limited to, "documents not timely disclosed/produced in discovery." *See* E-mail Exchange, attached as **Exhibit 4.** In response, the undersigned addressed Defendant's positions as to each of the topics in blue:

On Feb 12, 2025, at 2:30 PM, Brooks LaRou <brooks@fairlawattorney.com> wrote:

Good afternoon, Jillian and Emma:

Looking at the trial order in this case, our deadline to file Motions in Limine is this Friday, February 14. I'm reaching out to see if we can agree on what testimony/evidence should be excluded from the trial of this case, to avoid the need for filing a Motion in Limine. It's our position that any evidence, reference, or argument regarding the following should be excluded:

- Mr. Hernandez's immigration status, or when he obtained citizenship in the U.S.; We are agreeable to this, with the exception that it can come in the Court finds that Plaintiff opened the door to this evidence.
- Whether Mr. Hernandez paid income taxes before/during his employment with your clients; We are agreeable to this, with the exception that it can be used for impeachment purposes.
- Attorneys' fees and costs; We are agreeable to this.
- Liquidated damages; and We are agreeable to not mentioning liquidated damages, but we reserve our right to introduce evidence of Hypower's good faith in order to defend against the liquidated damages claim, without referring to and/or mentioning "liquidated damages."
- Documents not timely disclosed/produced in discovery. We cannot agree to this. *N.A.S. v. Morada-Haute Furniture Boutique LLC*, 2022 WL 845013, at *3 (S.D. Fla. Mar. 21, 2022) ("We will not issue a blanket exclusion of [items not produced in discovery] without first being appraised of its nature or the purposes of its introduction. Instead, this Court can address any objections to such evidence or testimony at trial. Accordingly, Plaintiff's fourth motion is DENIED.").

Please let me know whether you object these exclusions, and feel free to give me a call at my direct line below if you'd like to discuss further.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

*See* E-mail Exchange, at Exhibit 4.[1] On February 21, 2025, Plaintiff's counsel replied that they will be filing a motion in limine to exclude "all evidence not produced during discovery." *Id.* Subsequently, the undersigned advised that Defendant would have to "oppose the request for a blanket exclusion of items not previously disclosed or produced in discovery." *Id.* (emphasis added). Despite the fact that our concern with Plaintiff's proposal was that Plaintiff was seeking a blanket exclusion, without identifying any specific documents it may be concerned with, Plaintiff's counsel refused to advise defense counsel what specific document(s) Plaintiff and counsel were taking issue with. *Id.*

As evidenced from the undersigned's communications with Plaintiff's counsel above, it is clear that Plaintiff never raised this issue with Defendant, and thus, Plaintiff has failed to adequately confer on the issues raised in the Motion, in violation of Local Rule 7.1(a)(3).

WHEREFORE, Defendant, HYPOWER, LLC, requests the Court enter an Order denying Plaintiff's Motion in Limine and/or To Exclude, and grant any other relief in favor of Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant*
> Esperante Building
> 222 Lakeview Avenue, Suite 500
> West Palm Beach, Florida 33401
> Telephone (561) 612-3454
> Facsimile (561) 683-8977
> Primary e-mail: emma.mccarthy@csklegal.com
> Secondary e-mail: jillian.strasser@csklegal.com

---

[1] We note that the original e-mail, as attached in Exhibit 4, does not contain highlighted language, but for purposes of this Motion we highlighted the relevant portion.

By:   /s/ *Jillian Strasser*
        JILLIAN STRASSER
        Florida Bar No.:  113611
        EMMA L. MCCARTHY
        Florida Bar No.:  1048504

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

# EXHIBIT 1

## Termination Form

| | | |
|---|---|---|
| **Employee Name** | **Today's Date** | **Spectrum Employee ID** |
| Hernandez, Gustavo | 01/05/2024 | 2091 |
| **Hire Date** | **Last Day Worked** | **Last Position Worked** |
| 08/08/2022 | 01/04/2024 | Foreman 3 |

**Is Termination Voluntary?**  ○ Yes  ◉ No

**Was Employee Terminated For Cause?**  ◉ Yes  ○ No

**Did Employee Quit?**  ○ Yes  ◉ No

**Eligible for Rehire?**  ○ Yes  ◉ No

**Provide Reason**

Gustavo was terminated for sending an email saying if Raul Gonzalez wasn't leaving MSC that he wouldn't work with Raul Gonzalez.

**Notes**

**Checkoff all Hypower property needs to be collected at the time of Termination**

☐ Badges
☐ Company Tools
☐ Credit Card (HD)
☐ Laptop Computer

☐ Camera
☐ Company Vehicle
☐ Gas Cards
☐ Office/Co. Key/Fobs

☐ Car Keys
☐ Credit Card (AMEX)
☐ Gate Opener
☐ Toll Cards/E-Pass

☑ Cellular Phone
☐ Credit Card (Comdata)
☑ Ipad

**\*\*For Administrative use only:\*\***

| Management Authorization | | |
|---|---|---|
| **Approved By** | **Status** | **Comments** |
| Adam Johnson | Approved | |
| Kathy Weissman | Pending | |

# EXHIBIT 2

## Termination Form



**For Administrative use only:**

WBD ✓

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-CV-20207-JEM

GUSTAVO HERNANDEZ,

Plaintiff,

vs.

HYPOWER, LLC,

Defendant.

_____/

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION

Defendant, HYPOWER, LLC ("Defendant"), by and through the undersigned counsel and

pursuant to the Federal Rules of Civil Procedure, hereby responds to Plaintiff's, GUSTAVO

HERNANDEZ ("Plaintiff"), First Request for Production as follows:

## REQUESTS FOR PRODUCTION

1.      All personnel files you maintained for Plaintiff, including all documents executed
and/or provided to her from interviewing, applying, hiring, up through today.

**RESPONSE:** *See* **Personnel File, bates stamped at Hypower_0298-339, being
produced simultaneously.**

2.      All documents concerning monies paid, advanced, loaned, or otherwise provided
to Plaintiff since May 2022.

**RESPONSE:** *See* **Earning Records and Retirement Account Statement, bates
stamped at Hypower_0337-0339 and Hypower_0349-0353, respectively, being
produced simultaneously.**

3.      All documents provided by Defendant to Plaintiff concerning his work for
Defendant in any capacity since May 2022.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad, not
reasonably calculated to lead to admissible evidence, seeks information that is not**

related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at *3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter."). Here, a request for "all documents provided by Defendant to Plaintiff concerning his work for Defendant in any capacity" undeniably seeks information outside the scope of this litigation, including but not limited to the allegations asserted by Plaintiff and the defenses raised.

4.      All receipts relating to cash payments made to Plaintiff by or for Defendant since May 2022.

**RESPONSE:  None in Defendant's possession, custody, or control.**

5.      All documents identifying the amount, reason for, and recipient(s) for all payments made by direct deposit, money transfer, Zelle, CashApp, and/or Venmo for work performed by Plaintiff for Defendant since May 2022.

**RESPONSE: None in Defendant's possession, custody, or control.**

6.      All time sheets and time records used to determine and/or document the days, hours, and times that Plaintiff worked for Defendant since May 2022.

**RESPONSE: Defendant objects as this request improperly assumes facts. *See V.B v. Advanced Bionics,* LLC, 2013 WL 12094316, at 3-4 (upholding a defendant's objection that that a request assumed facts). Here, the request undeniably assumes that Plaintiff worked for the Defendant in May 2022.**

**Without waiving the above-stated objections, *see* Daily Sign-in Sheets, bates stamped at Hypower_0001-0297, previously produced to Plaintiff; *see also* Employee Hours Summary Report, bates stamped at Hypower_0340-0346, being produced simultaneously.**

7.      All logs signed/completed by Plaintiff since May 2022.

**RESPONSE: Defendant objects as this request improperly assumes facts. *See V.B v. Advanced Bionics,* LLC, 2013 WL 12094316, at 3-4 (upholding a defendant's objection that that a request assumed facts). Here, the request undeniably assumes that Plaintiff worked for the Defendant in May 2022.**

**Without waiving the above-stated objections, *see* Daily Sign-in Sheets, bates stamped at 0001-0297, previously produced to Plaintiff.**

8.      All correspondence, written statements, notes of conversations, memoranda, and

other documents concerning oral or written communications between you and Plaintiff since May 2022.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad and unlimited in subject matter, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter."). Here, this request is for a time period *prior* to Plaintiff's hire date at Defendant and is unlimited in subject matter.**

**Defendant further objects to this request to the extent it seeks documents and/or communications that may be in the possession of non-party employees of Defendant. Accordingly, it is impossible for the Defendant to determine whether responsive documents exist, as those would not be in its possession, custody, or control.**

9.      All documents in your possession, custody, and/or control that were written and/or signed by Plaintiff since May 2022.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad and unlimited in subject matter, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter."). Here, this request is for a time period *prior* to Plaintiff's hire date at Defendant and is unlimited in subject matter.**

10.     All documents reflecting the job performance of Plaintiff since May 2022.

**RESPONSE: None in Defendant's possession, custody, or control.**

11.     Every form W-2, 1099, W-4, W-9, I-9, application, written work agreement, written pay agreement, written disclosure statement, and other employment-related document concerning Plaintiff.

**RESPONSE: *See* documents bates stamped at Hypower_0298-0299; Hypower_0304; Hypower_0347-348, being produced simultaneously.**

12.     All contracts and agreements in effect from May 2022 to February 2024, between Defendant and all contractees for which Plaintiff performed electrical and/or construction services.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter."). Here, this request is for a time period *prior* to Plaintiff's hire date at Defendant and is unlimited in subject matter.**

**Further, this request is a mere fishing expedition calculated for the purpose of harassment. *See Gov't Employees Ins. Co. v. Prushanksy*, No. 12-80556-CIV, 2013 WL 499382, at \*3 (S.D. Fla. 2013) ("No party has the right to conduct a general fishing expedition into the personnel records of another. Any request for information that does not directly relate to legitimate issues that may arise in the course of the trial ought to be denied."). Here, documents regarding Defendant's business dealings undeniably seek information outside the scope of this litigation, including but not limited to the allegations asserted by Plaintiff and the defenses raised.**

**Defendant further objects to this request as it seeks confidential proprietary and business information not relevant to the contested issues in this case.**

13.    All contracts and agreements in effect from May 2022 to February 2024, between Defendant and the payor for each contract or agreement for which Plaintiff performed electrical and/or construction services.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter."). Here, this request is for a time period *prior* to Plaintiff's hire date at Defendant and is unlimited in subject matter.**

**Further, this request is a mere fishing expedition calculated for the purpose of harassment. *See Gov't Employees Ins. Co. v. Prushanksy*, No. 12-80556-CIV, 2013 WL 499382, at \*3 (S.D. Fla. 2013) ("No party has the right to conduct a general fishing expedition into the personnel records of another. Any request for information that does not directly relate to legitimate issues that may arise in the course of the trial ought to be denied."). Here, documents regarding Defendant's business dealings**

undeniably seek information outside the scope of this litigation, including but not limited to the allegations asserted by Plaintiff and the defenses raised.

Defendant further objects to this request as it seeks confidential proprietary and business information not relevant to the contested issues in this case.

14. All documents that Defendant sent to or received from the U.S. Department of Labor ("USDOL") for the period during the past five (5) years.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad as it is unlimited in subject matter, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter."). Here, "documents that Defendant sent to or received for the U.S. Department of Labor" undeniably seeks information outside the scope of this litigation, including but not limited to the allegations asserted by Plaintiff and the defenses raised.**

15. All documents that explain the meaning of any codes, shorthand, untitled columns of data fields, or other data presentation conventions used in the documents that Defendant produced in this litigation.

**RESPONSE: None in Defendant's possession, custody, or control.**

16. All documents concerning investigations of Defendant by the U.S. Department of Labor, any state employment service, or any other agency of state, federal, or local government, concerning compliance with laws concerning the payment of wages to employees past 3 years.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter."). The request seeks records of all purported investigations conducted by various government agencies. Records pertaining to anyone other than Plaintiff and his employment are not relevant to the claims and defenses of this case. *See Williams v. Rock, Crush & Fill Corp.*, 2009 WL 10670168 \*1, \*4 (M.D. Fla. 2009) (finding that the plaintiff's requests of personnel files of every employee who has filed a complaint and all time cards or other documents which indicate or reflect the hours**

worked by employees other than the plaintiff employed at the defendant's facility during the relevant time period exceeded the scope of discovery because the requests "reache[d] beyond employees that are similarly situated to the [p]laintiff."). Here, "documents concerning investigations … concerning the payment of wages to employees" undeniably seeks information outside the scope of this litigation, including but not limited to the allegations asserted by Plaintiff and the defenses raised.

Defendant objects to the request as it pertains to non-parties to this action, as it invades the constitutional privacy rights of non-party individuals unrelated to the underlying matters without notice and opportunity to be heard. *See Alterra Healthcare Corp. v. Estate of Shelly*, 827 So.2d 936, 944-45 (Fla. 2022) (holding that a non-party's privacy right may extend to personal information contained in non-public employee personnel files); *see also* Fla. Const. art I, § 23.

Additionally, Defendant objects to the request to the extent it seeks communications protected by the attorney-client privilege. *See Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981) ("[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law").

17.     If you or your agents or employers have made a settlement, deal, agreement, or arrangement of any kind with a person or party of their attorney, including an insurance policy, concerning or that would apply to this case (including the resolution of any claim brought against you pursuant to the Fair Labor Standards Act), please produce a copy of such settlement, deal, agreement, or arrangement. This request includes, but is not limited to an arrangement to indemnify another party or to pay any attorney's fees or expenses of any party, and also an arrangement for another person or entity to indemnify you or pay any of your attorney's fees or expenses.

RESPONSE: Defendant objects to this request as Plaintiff is already in possession of the applicable insurance policies. Aside from those agreements previously produced to Plaintiff, none in Defendant's possession, custody, or control.

18.     All correspondence or other communications and documents whatsoever exchanged between you and the person(s) whom you may call as an expert witness.

RESPONSE: Pursuant to the current Amended Order Setting Civil Trial Date and Pretrial Schedule [D.E. 25], Defendant is required to disclose an expert on September 9, 2024. As of the serving of this response, Defendant has not retained an expert witness.

19.     All documents that have been made or prepared by an expert whom you may call to testify as a witness in this case.

RESPONSE: Pursuant to the current Amended Order Setting Civil Trial Date and Pretrial Schedule [D.E. 25], Defendant is required to disclose an expert on September

**9, 2024. As of the serving of this response, Defendant has not retained an expert witness.**

20.     All documents that state the subject matter on which any expert witness whom you expect to call at trial is expected to testify, that have been provided or relied on by any such expert, or that state the substance of the facts or opinions to which the expert is expected to testify or grounds for each opinion.

**RESPONSE: Pursuant to the current Amended Order Setting Civil Trial Date and Pretrial Schedule [D.E. 25], Defendant is required to disclose an expert on September 9, 2024. As of the serving of this response, Defendant has not retained an expert witness.**

21.     All statements that were signed or recorded by parties and witnesses and all statements that were offered and refused signature by parties and witnesses.

**RESPONSE: None in Defendant's possession, custody, or control.**

22.     All documents concerning Defendant's business structure for the period from May 2022 to February 2024, including those showing the identity of all persons who own or operate the business and all persons who recruit, solicit, hire, employ, furnish, or evaluate workers for the business, as well as all persons responsible for accounts receivables, accounts payables, and payroll.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter."). Here, a request for documents showing the identity of "all persons" involved in Defendant's business undeniably seeks information outside the scope of this litigation, including but not limited to the allegations asserted by Plaintiff and the defenses raised.**

**Defendant further objects to the request as it pertains to non-parties to this action, as it invades the constitutional privacy rights of non-party individuals unrelated to the underlying matters without notice and opportunity to be heard. *See Alterra Healthcare Corp. v. Estate of Shelly*, 827 So.2d 936, 944-45 (Fla. 2022) (holding that a non-party's privacy right may extend to personal information contained in non-public employee personnel files); *see also* Fla. Const. art I, § 23.**

**Defendant further objects to this request as it seeks proprietary business information not relevant to the contested issues in this case. Defendant further objects to this**

**request as it seeks proprietary and confidential business information not relevant to the contested issues in this case.**

23.     All documents showing Plaintiff's total earnings for each pay period, the hourly rate or piece rate, the hours of employment which had been offered, the hours Plaintiff actually worked, the deductions made from the wages, and all other documents utilized to determine when Plaintiff started work each day, stopped working for a break, resumed working after a break, and ceased working at the end of each day.

> **RESPONSE:** *See* **Daily Sign-in Sheets, bates stamped at 0001-0297, previously produced to Plaintiff;** *see also* **Earning Records, bates stamped at Hypower_0337-0339; Employee Hours Summary Report, bates stamped at Hypower_0340-0346, being produced simultaneously.**

24.     All documents consulted, reviewed, and/or referenced in connection with your providing answers/responses to Plaintiff's Interrogatories.

> **RESPONSE: Defendant objects to the request which facially calls for the disclosure of counsel's legal opinion and selection process of information (including documents); the process itself is protected under the work product doctrine.** *See, e.g., In re Mongelluzzi*, **568 B.R. 702, 709-10 (M.D. Fla. 2017) ("the work-product privilege protects from discovery materials that reflect an attorney's mental impressions, conclusions, opinions, or legal theories that were prepared in anticipation of litigation and intended to remain confidential.");** *Hickman v. Taylor*, **329 U.S. 495, 510–11, (1947). Here, "all documents consulted, reviewed, and/or referenced in connection with your providing answers/responses to Plaintiff's Interrogatories" undeniably seeks information protected by the work-product doctrine.**
>
> **Additionally, Defendant objects to the request to the extent it seeks communications protected by the attorney-client privilege.** *See Upjohn Co. v. U.S.*, **449 U.S. 383, 389 (1981) ("[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law").**

25.     All documents identified in your disclosures pursuant to Fed. R. Civ. P. 26.

> **RESPONSE: None at this time as Defendant has not yet filed its disclosures pursuant to Fed. R. Civ. P. 26.**

26.     All documents identifying and/or describing the job duties of Plaintiff.

> **RESPONSE:** *See* **Electrical Foreman Job Description, bates stamped at Hypower_0354-0356, being produced simultaneously.**

27.     All logs and/or documents in which Plaintiff documented the activities he performed for Defendant and/or its contractees or clients maintained from May 2022 to February 2024.

**RESPONSE: Defendant objects to this request as overbroad as the request is unlimited in subject matter. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter.").**

**Defendant further objects to this request as the request appears to be a request for documents that may in the possession of non-party "contractees or clients." Accordingly, it is impossible for the Defendant to determine whether responsive documents exist, as those would not be in its possession, custody, or control.**

**Without waiving the above-stated objections, *see* Daily Sign-in Sheets, bate stamped at Hypower_0001-0297, previously produced to Plaintiff.**

28.     All employee manuals, handbooks, and all memoranda distributed, made available, signed by, and/or actually provided to Plaintiff from May 2022 to February 2024.

**RESPONSE: *See* Employee Handbook and Employee Safety Handbook, bates stamped at Hypower_0357-0481 being produced simultaneously.**

29.     All documents supporting your Answer and Affirmative Defenses to the operative Complaint, or otherwise supporting the contention that you are not liable to Plaintiff as alleged in the operative Complaint in this case.

**RESPONSE: Defendant objects to the request which facially calls for the disclosure of counsel's legal opinion and selection process of information (including documents); the process itself is protected under the work product doctrine. *See, e.g., In re Mongelluzzi*, 568 B.R. 702, 709-10 (M.D. Fla. 2017) ("the work-product privilege protects from discovery materials that reflect an attorney's mental impressions, conclusions, opinions, or legal theories that were prepared in anticipation of litigation and intended to remain confidential."); *Hickman v. Taylor*, 329 U.S. 495, 510–11, (1947). Here, "all documents supporting your Answer and Affirmative Defenses" undeniably seeks information protected by the work-product doctrine.**

**Additionally, Defendant objects to the request to the extent it seeks communications protected by the attorney-client privilege. *See Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981) ("[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law").**

30.     All documents on which Defendant bases its belief that Plaintiff was not entitled to minimum and/or overtime wages.

**RESPONSE: Defendant objects as this request improperly assumes facts. *See V.B v. Advanced Bionics,* LLC, 2013 WL 12094316, at 3-4 (upholding a defendant's objection**

**that that a request assumed facts). Here, the request undeniably assumes that Defendant believed that Plaintiff was not entitled to minimum or overtime wages.**

31.    All laws, rules, regulations, evaluations, and written opinions on which Defendant relied to classify and pay Plaintiff as an exempt employee and/or a subcontractor.

**RESPONSE: Defendant objects as this request improperly assumes facts. *See V.B v. Advanced Bionics,* LLC, 2013 WL 12094316, at 3-4 (upholding a defendant's objection that that a request assumed facts). Here, the request undeniably assumes that Defendant paid Plaintiff as an exempt employee and/or subcontractor.**

32.    Copies of all documents describing the duties that Defendant expected Plaintiff to perform.

**RESPONSE: *See* Electrical Foreman Job Description, bates stamped at Hypower_0354-0356, being produced simultaneously.**

33.    Copies of all documents, including electronic materials, in which Defendant billed its clients or contractees for the time/work expended by Plaintiff in 2022.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter.").**

**This request is a mere fishing expedition calculated for the purpose of harassment. *See Gov't Employees Ins. Co. v. Prushanksy*, No. 12-80556-CIV, 2013 WL 499382, at \*3 (S.D. Fla. 2013) ("No party has the right to conduct a general fishing expedition into the personnel records of another. Any request for information that does not directly relate to legitimate issues that may arise in the course of the trial ought to be denied."). Here, documents regarding Defendant's business dealings undeniably seek information outside the scope of this litigation, including but not limited to the allegations asserted by Plaintiff and the defenses raised.**

**Defendant objects that this request as vague, as "clients" and "contractees" are not defined. *Doerr v. Abplanalp*, 2020 WL 6870912 (M.D. Fla. 2020) (finding that the use of the word "property" without any definition or clarification is clearly vague and ambiguous on its face).**

**Defendant also objects to the request as it pertains to non-parties to this action, as it invades the constitutional privacy rights of non-party individuals unrelated to the**

underlying matters without notice and opportunity to be heard. *See Alterra Healthcare Corp. v. Estate of Shelly*, 827 So.2d 936, 944-45 (Fla. 2022) (holding that a non-party's privacy right may extend to personal information contained in non-public employee personnel files); *see also* Fla. Const. art I, § 23.

Defendant further objects to this request as it seeks confidential proprietary and business information not relevant to the contested issues in this case.

34.    Copies of all documents, including electronic materials, in which Defendant billed its clients or contractees for the time/work expended by Plaintiff in 2023.

RESPONSE: Defendant objects to the request on the basis that it is overbroad, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at *3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter.").

This request is a mere fishing expedition calculated for the purpose of harassment. *See Gov't Employees Ins. Co. v. Prushansky*, No. 12-80556-CIV, 2013 WL 499382, at *3 (S.D. Fla. 2013) ("No party has the right to conduct a general fishing expedition into the personnel records of another. Any request for information that does not directly relate to legitimate issues that may arise in the course of the trial ought to be denied."). Here, documents regarding Defendant's business dealings undeniably seek information outside the scope of this litigation, including but not limited to the allegations asserted by Plaintiff and the defenses raised.

Defendant objects that this request as vague, as "clients" and "contractees" are not defined. *Doerr v. Abplanalp*, 2020 WL 6870912 (M.D. Fla. 2020) (finding that the use of the word "property" without any definition or clarification is clearly vague and ambiguous on its face).

Defendant also objects to the request as it pertains to non-parties to this action, as it invades the constitutional privacy rights of non-party individuals unrelated to the underlying matters without notice and opportunity to be heard. *See Alterra Healthcare Corp. v. Estate of Shelly*, 827 So.2d 936, 944-45 (Fla. 2022) (holding that a non-party's privacy right may extend to personal information contained in non-public employee personnel files); *see also* Fla. Const. art I, § 23.

Defendant further objects to this request as it seeks confidential proprietary and business information not relevant to the contested issues in this case.

35.    Copies of all documents, including electronic materials, in which Defendant billed its

clients or contractees for the time/work expended by Plaintiff in 2024.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter.").**

**This request is a mere fishing expedition calculated for the purpose of harassment. *See Gov't Employees Ins. Co. v. Prushanksy*, No. 12-80556-CIV, 2013 WL 499382, at \*3 (S.D. Fla. 2013) ("No party has the right to conduct a general fishing expedition into the personnel records of another. Any request for information that does not directly relate to legitimate issues that may arise in the course of the trial ought to be denied."). Here, documents regarding Defendant's business dealings undeniably seek information outside the scope of this litigation, including but not limited to the allegations asserted by Plaintiff and the defenses raised.**

**Defendant objects that this request as vague, as "clients" and "contractees" are not defined. *Doerr v. Abplanalp*, 2020 WL 6870912 (M.D. Fla. 2020) (finding that the use of the word "property" without any definition or clarification is clearly vague and ambiguous on its face).**

**Defendant also objects to the request as it pertains to non-parties to this action, as it invades the constitutional privacy rights of non-party individuals unrelated to the underlying matters without notice and opportunity to be heard. *See Alterra Healthcare Corp. v. Estate of Shelly*, 827 So.2d 936, 944-45 (Fla. 2022) (holding that a non-party's privacy right may extend to personal information contained in non-public employee personnel files); *see also* Fla. Const. art I, § 23.**

**Defendant further objects to this request as it seeks confidential proprietary and business information not relevant to the contested issues in this case.**

36.     Copies of all documents, including electronic materials, in which Defendant billed any person or entity for the time/work expended by Plaintiff from May 2022 to February 2024.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at \*3 (M.D. Fla.**

2010) ("The production request is overbroad as it has no limitations to time or to subject matter.").

This request is a mere fishing expedition calculated for the purpose of harassment. *See Gov't Employees Ins. Co. v. Prushanksy*, No. 12-80556-CIV, 2013 WL 499382, at *3 (S.D. Fla. 2013) ("No party has the right to conduct a general fishing expedition into the personnel records of another. Any request for information that does not directly relate to legitimate issues that may arise in the course of the trial ought to be denied."). Here, documents regarding Defendant's business dealings undeniably seek information outside the scope of this litigation, including but not limited to the allegations asserted by Plaintiff and the defenses raised.

Defendant also objects to the request as it pertains to non-parties to this action, as it invades the constitutional privacy rights of non-party individuals unrelated to the underlying matters without notice and opportunity to be heard. *See Alterra Healthcare Corp. v. Estate of Shelly,* 827 So.2d 936, 944-45 (Fla. 2022) (holding that a non-party's privacy right may extend to personal information contained in non-public employee personnel files); *see also* Fla. Const. art I, § 23.

Defendant further objects to this request as it seeks confidential proprietary and business information not relevant to the contested issues in this case.

37.    Copies of all documents, including electronic materials, identifying the class of services performed by Plaintiff from May 2022 to February 2024.

RESPONSE: Defendant objects that this request as overbroad and vague, as "class of services" is not defined. *Doerr v. Abplanalp*, 2020 WL 6870912 (M.D. Fla. 2020) (finding that the use of the word "property" without any definition or clarification is clearly vague and ambiguous on its face). Here, Defendant is unaware what Plaintiff is referring to as to "class of services," and thus, is unable to search for or provide documents responsive to such a request.

38.    All documents and information upon which Defendant relied for its good faith belief that, at all material times, it was acting in compliance with the FLSA, including all documents reflecting the date each such document and/or piece of information was consulted and from where each was received/retrieved.

RESPONSE: Defendant objects to the request on the basis that it is overbroad and unlimited in subject matter, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at *3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter.").

Defendant objects to the request to the extent it calls for the disclosure of counsel's legal opinion and selection process of information (including documents); the process itself is protected under the work product doctrine. *See, e.g., In re Mongelluzzi*, 568 B.R. 702, 709-10 (M.D. Fla. 2017) ("the work-product privilege protects from discovery materials that reflect an attorney's mental impressions, conclusions, opinions, or legal theories that were prepared in anticipation of litigation and intended to remain confidential."); *Hickman v. Taylor*, 329 U.S. 495, 510–11, (1947).

Additionally, Defendant objects to the request to the extent it seeks communications protected by the attorney-client privilege. *See Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981) ("[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law").

39.     All text messages exchanged with Plaintiff from May 2022 to February 2024.

RESPONSE: Defendant objects to this request as overbroad as the request is unlimited in subject matter. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Rossbach v. Rundle*, 128 F.Supp. 1348, 1353 (S.D. Fla. 2000); *Reist v. Source Interlink Cos., Inc.*, 2010 WL 4940096, at *3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter.").

Defendant further objects to this request as the request appears to be a request for documents in possession of any person who is currently employed by Defendant. Accordingly, it is impossible for the Defendant to determine whether responsive documents exist, as those would not be in its possession, custody, or control.

40.     All monthly, quarterly, and annual bank statements for all bank accounts utilized by Defendant from May 2022 to February 2024.

RESPONSE: Defendant objects to this request as it seeks confidential proprietary and business information not relevant to the contested issues in this case. Defendant does not contest that it is subject to the provisions of the FLSA with regard to its employees. As such, any financial records and information pertaining to Defendant are not proportionate to the needs of this case. *See Gallina v. Commerce and Industry Ins.*, 2008 WL 3895918, *5 (M.D. Fla. 2008) (finding that "[i]n light of the proprietary nature of the financial worth information sought, and the statutory protections against discovery of such information," it is recommended that this court defer discovery of Defendant's financial records until it is deemed necessary (*i.e.,* a claim for punitive damages can be awarded)).

41.     Documents identifying and/or accounting for all cash received by Defendant from May 2022 to February 2024.

**RESPONSE: Defendant objects to this request as overbroad as the request is unlimited in subject matter. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation."** *Rossbach v. Rundle*, **128 F.Supp. 1348, 1353 (S.D. Fla. 2000);** *Reist v. Source Interlink Cos., Inc.*, **2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter.").**

**Defendant further objects to this request as it seeks proprietary business information not relevant to the contested issues in this case. Defendant does not contest that it is subject to the provisions of the FLSA with regard to its employees. As such, any financial records and information pertaining to Defendant are not proportionate to the needs of this case.** *See Gallina v. Commerce and Industry Ins.*, **2008 WL 3895918, \*5 (M.D. Fla. 2008) (finding that "[i]n light of the proprietary nature of the financial worth information sought, and the statutory protections against discovery of such information," it is recommended that this court defer discovery of Defendant's financial records until it is deemed necessary (*i.e.,* a claim for punitive damages can be awarded)).**

42.     All federal and state tax returns, including all attachments, schedules, and supporting documents for Defendant for calendar years 2022, 2023, and 2024.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation."** *Rossbach v. Rundle*, **128 F.Supp. 1348, 1353 (S.D. Fla. 2000);** *Reist v. Source Interlink Cos., Inc.*, **2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter.").**

**Defendant further objects to this request as it seeks proprietary and confidential business information not relevant to the contested issues in this case. Defendant does not contest that it is subject to the provisions of the FLSA with regard to its employees. As such, any financial records and information pertaining to Defendant are not proportionate to the needs of this case.** *See Gallina v. Commerce and Industry Ins.*, **2008 WL 3895918, \*5 (M.D. Fla. 2008) (finding that "[i]n light of the proprietary nature of the financial worth information sought, and the statutory protections against discovery of such information," it is recommended that this court defer discovery of Defendant's financial records until it is deemed necessary (*i.e.,* a claim for punitive damages can be awarded)).**

43.     All W-2 and/or 1099 forms issued by/for Defendant to Plaintiff since 2022.

**RESPONSE:** *S*ee documents bates stamped at Hypower_0347-348, being produced simultaneously.

44.     Documents identifying all persons who worked for Defendant from May 2022 to February 2024, including the capacity in which each such person worked for it (as an independent contractor or employee), the weeks worked for it, and the hours worked during each such week by each such person.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation."** ***Rossbach v. Rundle***, **128 F.Supp. 1348, 1353 (S.D. Fla. 2000);** ***Reist v. Source Interlink Cos., Inc.***, **2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter."). Here, a request for documents identifying "all persons" who have worked for Defendant from May 2022 through February 2024 undeniably seeks information outside the scope of this litigation, including but not limited to the allegations asserted by Plaintiff and the defenses raised.**

**Defendant further objects to the request as it pertains to non-parties to this action, as it invades the constitutional privacy rights of non-party individuals unrelated to the underlying matters without notice and opportunity to be heard.** ***See Alterra Healthcare Corp. v. Estate of Shelly***, **827 So.2d 936, 944-45 (Fla. 2022) (holding that a non-party's privacy right may extend to personal information contained in non-public employee personnel files);** *see also* **Fla. Const. art I, § 23.**

45.     Documents identifying each person who held a supervisory and/or management position over Plaintiff during his work for Defendant between May 2022 to February 2024.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation."** ***Rossbach v. Rundle***, **128 F.Supp. 1348, 1353 (S.D. Fla. 2000);** ***Reist v. Source Interlink Cos., Inc.***, **2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter."). It is unclear from the request, what specifically and/or what type of document Plaintiff is seeking.**

**Defendant further objects to the request as it pertains to non-parties to this action, as it invades the constitutional privacy rights of non-party individuals unrelated to the underlying matters without notice and opportunity to be heard.** ***See Alterra Healthcare Corp. v. Estate of Shelly***, **827 So.2d 936, 944-45 (Fla. 2022) (holding that a**

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

non-party's privacy right may extend to personal information contained in non-public employee personnel files); *see also* **Fla. Const. art I, § 23.**

46.     Documents identifying the location and/or times at which Plaintiff logged into each tablet and/or handheld device issued by Defendant since May 2002.

**RESPONSE:** *See* **Daily Sign-in Sheets, bates stamped at Hypower_0001-0297, previously produced to Plaintiff.**

47.     All licenses held by Defendant to perform work as an electrical, general, and/or utility contractor since May 2022.

**RESPONSE: Defendant objects to the request on the basis that it is overbroad, not reasonably calculated to lead to admissible evidence, seeks information that is not related to the subject matter of this action, and is beyond the scope of this litigation. Pursuant to Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to material "regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation."** *Rossbach v. Rundle*, **128 F.Supp. 1348, 1353 (S.D. Fla. 2000);** *Reist v. Source Interlink Cos., Inc.*, **2010 WL 4940096, at \*3 (M.D. Fla. 2010) ("The production request is overbroad as it has no limitations to time or to subject matter.").**

**Further, this request is a mere fishing expedition calculated for the purpose of harassment.** *See Gov't Employees Ins. Co. v. Prushansky*, **No. 12-80556-CIV, 2013 WL 499382, at \*3 (S.D. Fla. 2013) ("No party has the right to conduct a general fishing expedition into the personnel records of another. Any request for information that does not directly relate to legitimate issues that may arise in the course of the trial ought to be denied."). Here, documents regarding Defendant's business dealings undeniably seek information outside the scope of this litigation, including but not limited to the allegations asserted by Plaintiff and the defenses raised.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of July, 2024, a true and correct copy of the foregoing was served by email to: Patrick Brooks LaRou, Esq., FAIRLAW FIRM, 135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146, brooks@fairlawattorney.com, *Counsel for Plaintiff.*

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3454
Facsimile (561) 683-8977
Primary e-mail: jillian.strasser@csklegal.com
Secondary e-mail: emma.mccarthy@csklegal.com


By:   /s/ *Emma L. McCarthy*
      EMMA L. MCCARTHY
      Florida Bar No.:  1048504
      JILLIAN STRASSER
      Florida Bar No.:  113611

# EXHIBIT 4

**Emma McCarthy**

---

| | |
|---|---|
| **From:** | Emma McCarthy |
| **Sent:** | Friday, February 21, 2025 11:58 AM |
| **To:** | Brooks LaRou |
| **Cc:** | Jillian Strasser; Denise Parisi; Jennifer Lespinasse; Brian Pollock; Steffany Sanguino; Juan Aragon |
| **Subject:** | RE: Conferral re Motion in Limine - Gustavo Hernandez vs. Hypower, LLC; Case No. 1:24-cv-20207-JEM |

Hi, Brooks –

Based on the case law we previously sent, we will have to oppose the request for a blanket exclusion of items not previously disclosed or produced in discovery.

Additionally, we will be moving to exclude anything pertaining to discrimination or retaliation and the pending EEOC/FCHR investigation. Please let us know if you are agreeable to this.

Regards,

---

**From:** Brooks LaRou <brooks@fairlawattorney.com>
**Sent:** Friday, February 21, 2025 10:48 AM
**To:** Emma McCarthy <Emma.McCarthy@csklegal.com>
**Cc:** Jillian Strasser <Jillian.Strasser@csklegal.com>; Denise Parisi <Denise.Parisi@csklegal.com>; Jennifer Lespinasse <Jennifer.Lespinasse@csklegal.com>; Brian Pollock <brian@fairlawattorney.com>; Steffany Sanguino <steffany@fairlawattorney.com>; Juan Aragon <juan@fairlawattorney.com>
**Subject:** Re: Conferral re Motion in Limine - Gustavo Hernandez vs. Hypower, LLC; Case No. 1:24-cv-20207-JEM

Hi Emma,

Thanks for working with us to narrow down most of these issues. We're agreeable to excluding evidence/reference/testimony regarding insurance coverage or the immigration status of Hypower's employees (other than for impeachment purposes). However, we will still be filing a Motion in Limine seeking to exclude evidence not disclosed/produced during discovery.

Best regards,

P. Brooks LaRou, Esq.
FairLaw Firm
Dir:  786.254.0366
Ofc: 305.230.4884
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com


On Feb 20, 2025, at 3:58 PM, Emma McCarthy <Emma.McCarthy@csklegal.com> wrote:

Hi, Brooks –

I wanted to circle back with you on the below.

Regards,


**Emma McCarthy**
*Associate*
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: 561-612-3454│Fax: 561-683-8977
Email: Emma.McCarthy@csklegal.com

2025 U.S. News Best Law Firms ®
    Am Law 200

---

**From:** Emma McCarthy
**Sent:** Wednesday, February 19, 2025 8:58 AM
**To:** Brooks LaRou <brooks@fairlawattorney.com>; Jillian Strasser <Jillian.Strasser@csklegal.com>
**Cc:** Denise Parisi <Denise.Parisi@csklegal.com>; Jennifer Lespinasse
<Jennifer.Lespinasse@csklegal.com>; Brian Pollock <brian@fairlawattorney.com>; Steffany Sanguino
<steffany@fairlawattorney.com>; Juan Aragon <juan@fairlawattorney.com>
**Subject:** RE: Conferral re Motion in Limine - Gustavo Hernandez vs. Hypower, LLC; Case No. 1:24-cv-20207-JEM

Good morning, Brooks –

Please see our responses in blue below. Additionally, please let us know if you are agreeable to excluding any reference, evidence, or testimony relating to:

(i)     Insurance coverage for this matter; and
(ii)    The immigration status of any Hypower employees, or when he/she obtained citizenship in the U.S.

Please let me know if you have any questions, or wish to discuss further.

Regards,

---

**From:** Emma McCarthy
**Sent:** Tuesday, February 18, 2025 1:09 PM
**To:** Brooks LaRou <brooks@fairlawattorney.com>; Jillian Strasser <Jillian.Strasser@csklegal.com>
**Cc:** Denise Parisi <Denise.Parisi@csklegal.com>; Jennifer Lespinasse
<Jennifer.Lespinasse@csklegal.com>; Brian Pollock <brian@fairlawattorney.com>; Steffany Sanguino
<steffany@fairlawattorney.com>; Juan Aragon <juan@fairlawattorney.com>
**Subject:** RE: Conferral re Motion in Limine - Gustavo Hernandez vs. Hypower, LLC; Case No. 1:24-cv-20207-JEM

Hi, Brooks –

I apologize for the delay in getting back to you. We will look into the proposed exclusions and get back to you by tomorrow.

Regards,

---

**From:** Brooks LaRou <brooks@fairlawattorney.com>
**Sent:** Tuesday, February 18, 2025 12:07 PM
**To:** Jillian Strasser <Jillian.Strasser@csklegal.com>; Emma McCarthy <Emma.McCarthy@csklegal.com>
**Cc:** Denise Parisi <Denise.Parisi@csklegal.com>; Jennifer Lespinasse
<Jennifer.Lespinasse@csklegal.com>; Brian Pollock <brian@fairlawattorney.com>; Steffany Sanguino
<steffany@fairlawattorney.com>; Juan Aragon <juan@fairlawattorney.com>
**Subject:** Re: Conferral re Motion in Limine - Gustavo Hernandez vs. Hypower, LLC; Case No. 1:24-cv-
20207-JEM

Hi Jillian and Emma,

Following up on my previous emails, please let me know whether Hypower will agree to the
exclusion of the evidence/testimony mentioned in my email sent 2/12.

Thanks and best regards,

P. Brooks LaRou, Esq.
FairLaw Firm
Dir:  786.254.0366
Ofc: 305.230.4884
Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com

> On Feb 13, 2025, at 4:34 PM, Brooks LaRou <brooks@fairlawattorney.com>
> wrote:
>
> Hi Jillian and Emma,
>
> Re-reviewing the pretrial schedule, it looks like our deadline to file Motions in
> Limine is actually February 21, not February 14. At any rate, please let me
> know if you'll agree to exclude the testimony/evidence listed in my previous
> email. Otherwise, we will plan on filing the Motion in Limine by next Friday.



> Best regards,
>
> P. Brooks LaRou, Esq.
> FairLaw Firm
> Dir:  786.254.0366
> Ofc: 305.230.4884
> Fax: 305.230.4844
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146

brooks@fairlawattorney.com
www.fairlawattorney.com

On Feb 12, 2025, at 2:30 PM, Brooks LaRou
<brooks@fairlawattorney.com> wrote:

Good afternoon, Jillian and Emma:

Looking at the trial order in this case, our deadline to file
Motions in Limine is this Friday, February 14. I'm reaching out
to see if we can agree on what testimony/evidence should be
excluded from the trial of this case, to avoid the need for filing
a Motion in Limine. It's our position that any evidence,
reference, or argument regarding the following should be
excluded:

- Mr. Hernandez's immigration status, or when he
  obtained citizenship in the U.S.; We are agreeable to
  this, with the exception that it can come in the Court
  finds that Plaintiff opened the door to this evidence.
- Whether Mr. Hernandez paid income taxes
  before/during his employment with your clients; We are
  agreeable to this, with the exception that it can be used
  for impeachment purposes.
- Attorneys' fees and costs; We are agreeable to this.
- Liquidated damages; and We are agreeable to not
  mentioning liquidated damages, but we reserve our
  right to introduce evidence of Hypower's good faith in
  order to defend against the liquidated damages claim,
  without referring to and/or mentioning "liquidated
  damages."
- Documents not timely disclosed/produced in
  discovery. We cannot agree to this. *N.A.S. v. Morada-
  Haute Furniture Boutique LLC*, 2022 WL 845013, at *3
  (S.D. Fla. Mar. 21, 2022) ("We will not issue a blanket
  exclusion of [items not produced in discovery] without
  first being appraised of its nature or the purposes of its
  introduction. Instead, this Court can address any
  objections to such evidence or testimony at trial.
  Accordingly, Plaintiff's fourth motion is DENIED.").

Please let me know whether you object these exclusions, and
feel free to give me a call at my direct line below if you'd like to
discuss further.

P. Brooks LaRou, Esq.
FairLaw Firm
Dir:  786.254.0366
Ofc: 305.230.4884

4

Fax: 305.230.4844
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
brooks@fairlawattorney.com
www.fairlawattorney.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.