UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-20207-MARTINEZ/SANCHEZ

GUSTAVO HERNANDEZ,

Plaintiff,

vs.

HYPOWER, LLC,

Defendant.

_______________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S OMNIBUS MOTION IN LIMINE**

Plaintiff, Gustavo Hernandez ("Mr. Hernandez"), through his undersigned counsel, pursuant to Local Rule 7.1 and other applicable Rules and law, requests that the Court deny Defendant's Motion in Limine [ECF No. 50] in part, and states as follows in support thereof:

## I. INTRODUCTION

In Defendant's Motion, it seeks to exclude all reference to the following at the trial of this case: (i) insurance coverage maintained by Defendant; (ii) citizenship of Defendant's current and former employees; and (iii) "[a]nything pertaining to race and national origin discrimination and retaliation." [ECF No. 50, at 1-2.] However, as stated in Mr. Hernandez's Motion in Limine [ECF No. 51, at 2], the parties have already agreed to exclude these first two categories of evidence other than for purposes of impeachment. [*See* 2/21/25 Email Correspondence, attached hereto as "Exhibit A."] As to the third category—discrimination and retaliation—the Court properly denies Defendant's Motion given that such evidence is directly relevant to Mr. Hernandez's breach of contract claim and to Defendant's affirmative defense that he was terminated "for cause," and that such evidence poses no risk of prejudice or confusion outweighing its probative value.



135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.928.4893 FAX 305.230.4844
www.fairlawattorney.com

## II. ARGUMENT

Given that the parties have agreed to exclude evidence, argument, inference or reference regarding Defendant's insurance policies and the immigration status of its employees (unless for purposes of impeachment), only Defendant's third requested exclusion—discrimination and retaliation—need be addressed in the instant Response. In Defendant's Motion, it seeks to exclude any reference at trial to discrimination or retaliation on the bases that: (i) Mr. Hernandez has only asserted claims for unpaid overtime wages under the FLSA, and breach of contract under Florida common law; (ii) no determination has yet been made by the EEOC or FCHR in connection with Mr. Hernandez's pending Charge of Discrimination; and (iii) probative value will be outweighed by risk of prejudice or jury confusion. [*See* ECF No. 50, at 5-6.] However, given this evidence's direct relevance to the claims and defenses at issue, coupled with its high level of probative value, reference to Mr. Hernandez's claims of discrimination and retaliation must be considered by the finder of fact at the trial of this case.

In ruling on a motion in limine, the Court may "exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *U.S. v. Laurent*, 603 F. Supp. 3d 1247, 1251 (S.D. Fla. 2022) (quoting *Mowbray v. Carnival Corp.*, No. 08-20937-CIV, 2009 U.S. Dist. LEXIS 139933, 2009 WL 10667070, at *2 (S.D. Fla. Apr. 13, 2009)). "If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Mowbray*, 2009 U.S. Dist. LEXIS 139933, 2009 WL 10667070, at *6. Rule 402 of the Federal Rules of Evidence provides that relevant evidence is admissible (unless precluded by the U.S. Constitution, federal statute, the Federal Rules of Evidence,



135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.928.4893 FAX 305.230.4844
*www.fairlawattorney.com*

or rules prescribed by the U.S. Supreme Court), while irrelevant evidence is not. Fed. R. Evid. 402. Rule 401 sets forth the following criteria for determining whether evidence is relevant:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. Here, evidence of discrimination and retaliation will tend to prove that Mr. Hernandez was not terminated for "cause," and that he is therefore entitled to payment of his accrued but unused paid time off ("PTO") hours. Without considering such evidence, a finder of fact will be left unable to adequately determine whether Mr. Hernandez is entitled to recover for his breach of contract claim.

As the basis for his breach of contract claim, Mr. Hernandez asserts that Defendant failed to pay him 80 hours of accrued but unused PTO upon his separation of employment, pursuant to the parties' agreement. [*See* ECF No. 1, at ¶¶ 29-37.] Defendant attempts to justify its non-payment of PTO by stating as its Twenty-Second Affirmative Defense that Mr. Hernandez "was terminated for cause, and thus, was not entitled to any accrued paid time off at the time of his termination." [ECF No. 41, at 10-11.] To the contrary, however, Mr. Hernandez contends that his employment "was not terminated for any valid cause" [ECF No. 49-1, at 238, no. 12], and that he was fired in retaliation for complaining about discriminatory treatment to which he and other Cuban employees were subjected by Defendant's superintendent, Raul Gonzalez. [*See id.* at 38:4-11, 57:3-58:16, 59:19-61:1, 66:1-67:3, 86:9-23, 101:2-102:4, 104:14-19, 109:11-19, 120:5-21, 121:4-13; *see also* ECF No. 50, at 5-6.] To that end, following his termination, Mr. Hernandez jointly filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and Florida Commission on Human



135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.928.4893 FAX 305.230.4844
*www.fairlawattorney.com*

Relations alleging that he was discriminated against during his employment with Defendant, and that he suffered retaliation as a result of his complaints of discrimination. [*See* ECF No. 50, at 5-6; *see also* ECF No. 54, at ¶ 7.]

Here, Mr. Hernandez's testimony and evidence regarding discrimination and retaliation are directly relevant to the dispositive issue of whether he was terminated for "cause"—and, therefore, whether he is entitled to payment of accrued but unused PTO. By complaining about discriminatory comments made by his supervisor, Mr. Hernandez engaged in protected activity under Title VII of the Civil Rights Act, and the Florida Civil Rights Act. *Alburquerque v. de Moya Grp., Inc.*, 2024 U.S. App. LEXIS 16518 (11th Cir. July 8, 2024). Within twenty-four hours of lodging these complaints, Defendant terminated his employment. [ECF No. 49-1, at 66:1-67:3.] The close temporal proximity between Mr. Hernandez's complaints about being subjected to discriminatory treatment and the adverse action of terminating his employment supports a finding that he was terminated in retaliation, not for cause. *Alburquerque*, 2024 U.S. App. LEXIS 16518, at *7. Terminating Mr. Hernandez because he engaged in protected activity would not constitute "cause" sufficient to justify termination or losing the PTO he accrued. Therefore, introduction of evidence at trial regarding discrimination and/or retaliation would tend to disprove Defendant's assertion that Mr. Hernandez's assertion that he was terminated for "cause"—which is a central issue to a fact finder's determination of Mr. Hernandez's breach of contract claim.

On the other hand, if Mr. Hernandez is precluded from introducing evidence or testimony at trial regarding discrimination or retaliation, he will undoubtedly suffer prejudice as a result. In support of its Motion for Summary Judgment, Defendant cites to a "Termination Form" which contains a checkbox signifying that Defendant found "cause" for Mr. Hernandez's termination. [*See*



135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.928.4893 FAX 305.230.4844
*www.fairlawattorney.com*

ECF No. 49-1, at 318.] Defendant's corporate representative also testified that Mr. Hernandez was terminated for cause, albeit for a different reason than the justification stated in Defendant's Termination Form. [*See* ECF No. 54, at ¶ 5.] If precluded from introducing testimony or evidence at trial regarding discrimination or retaliation, Mr. Hernandez would effectively be foreclosed from countering against Defendant's pretextual assertion that he was terminated for cause—resulting in a finding in Defendant's favor. It is clear, then, that Mr. Hernandez will undoubtedly suffer greater prejudice if evidence regarding discrimination and retaliation is excluded, than Defendant would suffer if such evidence were introduced. Moreover, Defendant has failed to prove that evidence of discrimination and retaliation is "clearly inadmissible on all potential grounds[,]" precluding the Court's exclusion of evidence in limine. *Laurent*, 603 F. Supp. 3d at 1251 (quoting *Mowbray*, 2009 U.S. Dist. LEXIS 139933, 2009 WL 10667070, at *2). Accordingly, the Court properly denies Defendant's Motion in Limine with respect to evidence of discrimination and retaliation.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff, Gustavo Hernandez, requests that the Court deny Defendant's Motion in Limine as to all evidence regarding discrimination and retaliation, and grant such further relief as the Court deems just and proper.

Respectfully submitted this 7th day of March 2025.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*