UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 24-20207-CIV-MARTINEZ

GUSTAVO HERNANDEZ,

    Plaintiff,

v.

HYPOWER, LLC,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

**THIS CAUSE** came before the Court on Defendant Hypower LLC's Motion for Partial Summary Judgment ("Motion"), (ECF No. 49). This Court has reviewed the Motion, Plaintiff's Response, (ECF No. 55), Defendant's Reply, (ECF No. 57), pertinent portions of the record, and applicable law and is otherwise fully advised of the premises. Accordingly, after careful consideration, the Motion is **GRANTED** for the reasons set forth herein.

**I.**     **BACKGROUND**[1]

On July 22, 2022, Defendant extended an offer of employment to Plaintiff. (ECF No. 49-1, Defendant's Statement of Undisputed Material Facts ("DSUMF") ¶ 1). On January 5, 2024, Plaintiff was terminated from his employment with Defendant. (*Id.* ¶ 5). At the time of his termination, Plaintiff had accrued eighty hours of paid time off ("PTO") which he had not yet used. (ECF No. 54, Pl.'s Statement of Material Facts ("PSMF") ¶ 6). Defendant did not pay Plaintiff for the eighty hours of unused PTO. (ECF No. 1, Compl. ¶ 33, 35).

---

[1]     The facts are undisputed unless stated otherwise. Where the facts are in dispute, the Court construes them in favor of the non-moving party. *See Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1303–04 (11th Cir. 2016).

Plaintiff brings an action for breach of contract against Defendant for failure to pay Plaintiff the unused PTO after his termination. (*Id.* ¶ 29–37). In his response to Defendant's Motion, Plaintiff argues that this breach of contract claim "is premised on the written offer letter he signed." (ECF No. 55 at 1). The offer letter provides that "[t]he Company PTO policy for the construction hourly workforce" includes, in relevant part, "40 hours paid PTO starting on January 1st after your hire date. This is available for the calendar year, and then again each year thereafter." (ECF No. 49-1, Ex. A). Defendant moves for partial summary judgment on the grounds that there is no record evidence to support Plaintiff's breach of contract claim. (*See* Mot.).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , interrogatory answers, or other materials . . . show . . . that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.*

When the moving party has carried its burden, the party opposing summary judgment must do more than show that there is "metaphysical doubt" as to any material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate *specific facts showing that there is a*

*genuine issue for trial.*" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (emphasis added) (cleaned up). "[C]onclusory allegations without specific supporting facts have no probative value." *Myers v. Bowman*, 713 F.3d 1319, 1327 (11th Cir. 2013) (quoting *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)). At summary judgment, this Court must view the evidence and draw inferences in the light most favorable to the nonmoving party. *See Chapman v. American Cyanamid Co.*, 861 F.2d 1515, 1518 (11th Cir. 1988) ("All reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant.").

### III. DISCUSSION

Under Florida law, the elements of a breach of contract claim are: "(1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). To prove the existence of a valid contract, a claimant must show: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).

Plaintiff has relied on three different theories throughout the course of litigation to support his claim that an enforceable contract exists. First, in his answers to Hypower's first set of interrogatories, Plaintiff answered that Hypower's Employee Handbook ("Handbook") provided the factual basis for his breach of contract claim:

> Describe in detail the factual basis for your claim that as of January 4, 2024, you had accrued 80 hours of unused paid time off, and you were entitled to such paid time off, as alleged in paragraph 34-35 of the Complaint.
>
> ANSWER: According to Hypower's internal rules, all Foreman Electricians at Hypower are entitled to 80 hours of paid time off (PTO) per year. Per Hypower's employee handbook, Hypower is obligated to pay any unused PTO to its employees who leave the company for any reason, other than termination for cause or resignation. I did not resign from my position and was not terminated for any valid cause.

3

(ECF No. 49-1, Ex. E). Second, in Plaintiff's deposition, Plaintiff suggested that his breach of contract claim in premised on "the law:"

> Q: So with respect to the PTO, what contract says that you're going to receive that upon termination?
>
> A: I understand that I have the right to enjoy 80 hours of vacation time during the year. Now, I understand, and you can correct me if I'm wrong, but I understand that according to law when somebody leaves or is fired from a company, if they have some vacation time accumulated, then that time should be paid to the person.

(ECF No. 49-1, Ex. B). Third, in Plaintiff's response to the instant Motion, he argued for the first time that the breach of contract claim was premised on the written offer of employment. (ECF No. 55 at 1). Defendant argues that summary judgment as to this claim must be granted in its favor as none of these theories establish that a contract was formed between the parties. (*See* Mot.).

First, it is well-settled that employment manuals, such as the Handbook, are not enforceable contracts. *See, e.g.*, *Quaker Oats Co. v. Jewell,* 818 So. 2d 574, 576–77 (Fla. 5th DCA 2002) (citing *Muller v. Stromberg Carlson Corp.,* 427 So. 2d 266 (Fla. 2d DCA 1983)) ("It is well established Florida law that policy statements contained in employment manuals do not give rise to enforceable contract rights in Florida unless they contain specific language which expresses the parties' explicit mutual agreement that the manual constitutes a separate employment contract."); *Sleit v. Ricoh Corp.*, No. 8:07-cv-724-T-23TBM, 2007 WL 2565967, at *1 (M.D. Fla. Aug. 31, 2007) ("Employee manuals such as handbooks and memoranda—even those that include compensation policies—are unilateral policy statements and do not contractually bind employers."); *Vega*, 564 F.3d at 1273 (same). The Handbook does not contain an explicit mutual agreement that the Handbook constitutes a separate employment contract and explicitly states that it is *not* a contract:

> Nothing in this Handbook or any other policy, practice, procedure, or benefit constitutes an express or implied contract, guarantee, promise, or covenant of any

4

> type. Employment at Hypower is at-will, meaning it may be terminated by you or the Company for any reason without notice, cause, at any time.
>
> This Handbook expresses guidelines regarding the Company's policies and procedures. The rules, regulations, policies and procedures contained in this guide may be modified, added to, suspended, interpreted or canceled by the Company at any time, without notice to its employees and without a written revision of the guide.

(ECF No. 49-1, Ex. D). Thus, the Handbook cannot be a valid legal basis for Plaintiff's breach of contract claim.

Second, Plaintiff's statement during his deposition that his breach of contract claim is premised on "the law" does not provide a basis for an enforceable contract, as it does not identify or allege the existence of a contract.

Third, Plaintiff presented a new theory for the first time in his response to Defendant's Motion—that the Offer Letter created an enforceable contract. (*See* ECF No. 55). "However, a party may not raise a new theory for the first time in response to a summary judgment motion." *Cruz v. Advance Stores Co., Inc.*, 842 F. Supp. 2d 1356, 1360 (S.D. Fla. 2012); *see also MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 548 F. Supp. 3d 1269, 1277 (S.D. Fla. 2021) (noting that any attempt to add new facts at summary judgment is improper if it presents a new theory of recovery under a previously asserted right). "At the summary judgment stage, the proper procedure for [a plaintiff] to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Therefore, Plaintiff's new theory is not properly before this Court.

As to Count II of the Complaint, which alleges breach of contract against Defendant, Plaintiff has not alleged existence of an enforceable contract. Thus, the Court will grant Defendant summary judgment on this Count.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Partial Summary Judgment, (ECF No. 49), is **GRANTED**.

2. This case shall proceed to trial as to Count I.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of March 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record