UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-CV-20207

GUSTAVO HERNANDEZ,

    Plaintiff,

v.

HYPOWER, LLC,

    Defendant.

_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIALLY UNOPPOSED OMNIBUS MOTION IN LIMINE

Defendant, HYPOWER, LLC ("Hypower"), by and through the undersigned counsel, hereby files this Reply to Plaintiff's, GUSTAVO HERNANDEZ ("Plaintiff"), Response in Opposition to Defendant's Partially Unopposed Omnibus Motion in Limine [D.E. 61] ("Response"), and in support thereof, states as follows:

### INTRODUCTION AND SUMMARY OF ARGUMENT

By way of background, this case arises from Plaintiff's employment with Hypower. *See generally* Compl. In the Complaint, Plaintiff brought the following causes of action:

(i)     Count I – Fair Labor Standards Act ("FLSA") Overtime Wage Violations; and

(ii)    Count II – Breach of Contract[1].

---

[1] As discussed below, on March 11, 2025, the Court entered an Order granting Hypower's Motion for Partial Summary Judgment and dismissing Count II. [D.E. 62].

*See generally* Compl., [D.E. 1]. On February 21, 2025, Hypower filed its Partially Unopposed Omnibus Motion in Limine ("Motion"), wherein Hypower seeks to exclude any reference to the following at trial:

    a. Any insurance coverage Hypower may have;

    b. The citizenship or immigration status of any past or present Hypower employees; and

    c. Anything pertaining to race and national origin discrimination and retaliation.

*See generally* Motion, [D.E. 50]. While Plaintiff does not oppose Hypower's request to preclude any evidence or argument at trial regarding Hypower's insurance coverage and the citizenship of past or present Hypower employees, Plaintiff does oppose Hypower's request to preclude any evidence or argument to any unpled claims of discrimination or retaliation. *See generally* Response. On March 7, 2025, Plaintiff filed the instant Response, wherein Plaintiff argues that the exclusion of any reference to the purported discrimination or retaliation is improper because such purported evidence is "directly relevant to [Plaintiff]'s breach of contract claim." *See* Response, at 1.

    Notably, on March 11, 2025, this Court granted Hypower's Motion for Partial Summary Judgment ("MSJ"), dismissing Plaintiff's breach of contract claim. *See* Order, [D.E. 62]. Accordingly, Plaintiff's sole argument that Plaintiff's discrimination and retaliation claims are relevant to his breach of contract claim is moot, as the breach of contract claim has been precluded as a matter of law. As Plaintiff has failed to present any other argument to support the inclusion of any reference to the purported discrimination and retaliation claims, Hypower's Motion should be granted.

## **MEMORANDUM OF LAW**

**I.       Plaintiff's Response Confirms that Any Reference to Discrimination or Retaliation is Irrelevant and Improper**

In the Motion, Hypower argued that any reference to Plaintiff's claims of discrimination or retaliation pending before the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Rights ("FCHR") (collectively, the EEOC and FCHR will be referred to as the "Commission"), should be excluded at trial, as these claims are not pled in the Complaint. *See generally* Motion; *see also Orellana v. Tecta American South Fla., Inc.*, 2011 WL 13220457, *2 (S.D. Fla. May 23, 2021) (granting defendants' motion in limine to exclude the plaintiff's unpled breach of contract claim); *Goodman-Gable-Gould Co. v. Tiara Condo. Assoc., Inc.*, 595 F.3d 1203 (11th Cir. 2010) (affirming order excluding at trial evidence of an unpled misrepresentation theory).

In the Response, Plaintiff asserts that Plaintiff's discrimination and retaliation claims are directly relevant to Plaintiff's breach of contract claim. *See* Response, at 1. Specifically, Plaintiff asserts that Plaintiff's "testimony and evidence regarding discrimination and retaliation are directly relevant to the dispositive issue of whether he was terminated for "cause" – and, therefore, whether he is entitled to payment of accrued but unused PTO." *See* Response, at 4. However, as discussed herein, the Court has since granted Hypower's MSJ and dismissed Plaintiff's breach of contract claim. Thus, Plaintiff's sole argument that the purported discrimination and retaliation claims are relevant is not only moot, but nonsensical. *See* Order, [D.E. 62].

With only the FLSA overtime claim remaining, any reference to alleged discrimination or retaliation would serve no proper purpose at trial. Indeed, such references are not probative of whether Plaintiff worked overtime that he was not compensated for, which is the sole issue left for determination. Notably, Plaintiff's Response does not assert that the purported discrimination or

retaliation have any relevance to the remaining FLSA overtime claim. *See generally* Response. Rather, Plaintiff, through his Response, asserts that the only potential basis for introducing these allegations was in connection with the now-dismissed breach of contract claim. *See generally* Response. Accordingly, any reference to discrimination or retaliation is wholly irrelevant and must be excluded.

Nonetheless, even if Plaintiff could articulate some marginal relevance between the purported discrimination and retaliation and the FLSA claim, which Hypower maintains he has not and cannot, any reference would create a significant risk of unfair prejudice to Hypower. Specifically, as discussed in the Motion, allowing the jury to hear any reference to or evidence, including testimony, pertaining to discrimination or retaliation will only confuse and potentially mislead the jurors as to the claims before them, which would undoubtedly cause prejudice to Hypower. *See Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995) ("The admission of an EEOC report, in certain circumstances, may be such more likely to present the danger of creating unfair prejudice in the minds of the jury."); *DeCurtis LLC v. Carnival Corp.,* 2023 WL 2401733, at *6 (S.D. Fla. Feb. 13, 2023) (finding that "evidence and argument relating exclusively to unpled theories of breach will be irrelevant and will run the risk of inviting unfair prejudice and confusion."). Additionally, such inclusion could provide Plaintiff with the ability to potentially recover damages for claims which he has not pled in the Complaint.

As there are no claims or relief sought for discrimination or retaliation pled in the Complaint, any reference to discrimination or retaliation would be relatively low in probative value, and thus, it is substantially outweighed by the risk of unfairly prejudicing Hypower. *See DeCurtis,* 2023 WL 2401733, at *6; *Kipu Systems, LLC v. ZenCharts, LLC*, 2020 WL 9460639, *8-9 (S.D. Fla. Nov. 24, 2020) (finding that "a judgment may not be based on issues not presented

in the pleadings and not tried with the express or implied consent of the parties."); *Cook v. CSK Transp., Inc.*, 2008 WL 2064549, *1 (M.D. Fla. 2008) (finding that "[a]s discovery is now over … any reference by Plaintiff to these unpled claims would be untimely and unfairly prejudicial to [defendant]").

WHEREFORE, Defendant, HYPOWER, LLC, requests the Court enter an Order granting Defendant's Partially Unopposed Motion in Limine, and to grant any other relief in favor of the Defendant.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of March, 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Telephone (561) 612-3454
Facsimile (561) 683-8977
Primary e-mail: emma.mccarthy@csklegal.com
Secondary e-mail: jillian.strasser@csklegal.com

By: /s/ *Emma L. McCarthy*
JILLIAN STRASSER
Florida Bar No.: 113611
EMMA L. MCCARTHY
Florida Bar No.: 1048504