UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GUSTAVO HERNANDEZ,

                Plaintiff,

v.

HYPOWER, LLC,

                Defendant.

_____ /

CASE NO.: 1:24-CV-20207-JEM

## JOINT PRE-TRIAL STIPULATION

**COMES NOW** Defendant, HYPOWER, LLC ("Hypower" or "Defendant") and Plaintiff, GUSTAVO HERNANDEZ ("Mr. Hernandez" or "Plaintiff"), by and through the undersigned counsel, hereby provide the Court with their Joint Pre-Trial Stipulation:

**1.**     **Joint Neutral Statement of the Case by the Parties**

Hypower is a fully licensed Florida general electrical and utility contractor company. On July 22, 2022, Hypower extended an offer of employment to Plaintiff for the Foreman position, with a start date of August 8, 2022. Throughout Plaintiff's employment with Hypower, he reported to two (2) different job sites. From August 8, 2022, through February 17, 2023, Plaintiff worked at the Palmer Lakes project ("Palmer Lakes"), during which he was paid $32.00 per hour. From February 20, 2023, through the end of his employment on January 5, 2024, Plaintiff worked at the MSC Cruise Terminal project ("MSC"), where he was paid $42.58 and $43.79 per hour in 2023 and 2024, respectively.

Plaintiff asserts that Hypower failed to pay him for overtime work he performed during his employment, in violation of the Fair Labor Standards Act. Hypower denies this claim and raises certain affirmative defenses that will be explained to you in more detail later.

**2.**     **The Basis of Federal Jurisdiction**

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (Federal Question

Jurisdiction), as Plaintiff alleges a violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b)

("FLSA").

**3.**     **The Pleadings Raising the Issues**

    a.   Plaintiff's Complaint [D.E. 1].

    b.   Defendant's Third Amended Answer and Affirmative Defenses [D.E. 41].

**4.**     **List of All Undisposed of Motions or Other Matters Requiring Action by the Court**

    a.   Defendant's Partially Unopposed Omnibus Motion in Limine [D.E. 50].

    b.   Plaintiff's Motion in Limine and/or To Exclude [D.E. 51].

**5.**     **List of Any Uncontested Facts Requiring No Proof at Trial**

    a.   Hypower is a Florida general electrical and utility contractor company.

    b.   Hypower's gross annual revenue was not less than $500,000 for the calendar years
        2022 and 2023.

    c.   On July 22, 2022, Hypower extended a written offer of employment to Mr. Hernandez
        for the Foreman position ("Foreman"), with a start date of August 8, 2022 ("Offer
        Letter").

    d.   Mr. Hernandez executed and agreed to the terms within the Offer Letter.

    e.   Plaintiff's employment with Hypower was at-will.

    f.   On July 22, 2022, Mr. Hernandez signed an acknowledgment that he had read and
        received a copy of Hypower's Employee Handbook ("Handbook"), and understood the
        Handbook's contents ("Acknowledgement").

g.  During his employment with Hypower, Mr. Hernandez reported to two (2) different job sites – Palmer Lakes project ("Palmer Lakes") and MSC Cruise Terminal project ("MSC").

h.  From August 8, 2022, through February 17, 2023, Mr. Hernandez worked at Palmer Lakes project, for which Hypower agreed to pay Mr. Hernandez $32.00 per hour.

i.  From February 20, 2023, through January 5, 2024, Mr. Hernandez worked at MSC, for which Hypower agreed to pay Mr. Hernandez $42.58 and $43.79 per hour in 2023 and 2024, respectively.

j.  MSC was a prevailing wage job that the government required Mr. Hernandez be paid an additional fringe benefit payment of $12.39 and $13.07 for each hour worked at MSC in 2023 and 2024, respectively.

k.  While working at Palmer Lakes, Mr. Hernandez worked under the direction and supervision of Hypower's Superintendent, Alcides Fleites.

l.  While working at MSC, Mr. Hernandez worked under the direction and supervision of Hypower's Superintendent, Raul Gonzalez.

m.  While working at Palmer Lakes and MSC, Mr. Hernandez typically had between five (5) to fifteen (15) employees reporting to him.

6.  **Statement of Disputed Issues of Fact to be Tried**

a.  Whether Mr. Hernandez was responsible for logging his hours worked each day throughout his employment.

b.  Whether Hypower paid Mr. Hernandez overtime wages, equal to time and one-half his regular hourly rate of pay whenever he reported that he worked more than 40 hours in a workweek.

    c.   Whether Mr. Hernandez was entitled to overtime wages.

    d.   Whether Hypower paid Mr. Hernandez the overtime wages for the hours over forty (40) that he worked.

    e.   Whether Hypower required Mr. Hernandez to work before he clocked in.

    f.   Whether Mr. Hernandez performed any work pursuant to his job description before he clocked in, and, if so, the amount of such time spent performing work before his scheduled shifts.

    g.   Whether the time for which Plaintiff alleges he worked and was not paid is compensable, including whether any of such time is *de minimis* and therefore not compensable.

    h.   Whether Hypower intentionally or willfully failed to pay Mr. Hernandez the overtime wages he earned.

**7.**    **Statement of Undisputed Issues of Law**

    a.   Venue is proper in the Southern District of Florida.

    b.   The Court shall decide whether Plaintiff is entitled to any liquidated damages.

    c.   Hypower is subject to the provisions of the FLSA with regard to its employees, including Mr. Hernandez.

    d.   The matters stipulated by the parties in #5 above.

**8.**    **Statement of Disputed Issues of Law to be Determined By the Court**

    a.   Issues of law concerning the facts in #6 above to be litigated at trial.

    b.   Whether Plaintiff suffered any damages.

    c.   How much, if any, unpaid overtime wages are owed to Plaintiff.

d.  Whether fringe benefits paid by Hypower under the Davis Bacon Act or Walsh-Healy Act should be included in Mr. Hernandez's "regular rate of pay" for purposes of determining his applicable overtime rate of pay.

e.   Whether Hypower can rely upon the defense of waiver based on its claim that any alleged failure of Hypower to pay Mr. Hernandez overtime wages under the FLSA should have been discovered by Mr. Hernandez through the exercise of ordinary diligence.

f.  Whether Hypower can rely upon the defense of ratification based on its claim that any alleged failure of Hypower to pay Mr. Hernandez overtime wages under the FLSA should have been discovered by Mr. Hernandez through the exercise of ordinary diligence.

g.  Whether Hypower can rely upon the defense of unclean hands based on its claim that any alleged failure of Hypower to pay Mr. Hernandez overtime wages under the FLSA should have been discovered by Mr. Hernandez through the exercise of ordinary diligence.

h.  Whether Hypower is entitled to a set-off offset, or recoupment for overpayments made to Mr. Hernandez throughout his employment with Hypower.

i.  Whether Hypower can show that Mr. Hernandez is seeking compensation for any activities, which were preliminary or postliminary to the performance of the principal activities he was employed to perform, and if so, whether Mr. Hernandez is exempt from compensation for those activities under the Portal to Portal Act.

j.  Whether Mr. Hernandez can show that Hypower knew or showed reckless disregard for whether the FLSA prohibited its actions or inactions.

k.  Whether Hypower can show that its actions or inactions were done in good faith and that it had reasonable grounds for believing its acts or omissions were not in violation of the FLSA.

l.  If Mr. Hernandez prevails on his claim for unpaid overtime wages at trial, whether the Court should award him liquidated damages or prejudgment interest after trial, and the amount thereof.

m.  Whether Plaintiff's FLSA claim was brought in bad faith, and thus, Hypower is entitled to attorneys' fees.

n.  If Mr. Hernandez prevails at trial on his claim for overtime wages, the amount of attorneys' fees and costs this Court deems reasonable to be awarded to Mr. Hernandez.

9.  **Trial Exhibit Lists:**

a.  The Parties will file their respective Trial Exhibit Lists by the deadline identified in the Court's Order on Trial Procedures [D.E. 53].

10.  **Trial Witness Lists**

a.  Plaintiff's Preliminary Trial Witness List [D.E. 45] is attached as **Exhibit "A."**

b.  Defendant's Trial Witness List [D.E. 44] is attached as **Exhibit "B."**

c.  The Parties will file their respective final Trial Witness Lists by the deadline identified in the Court's Order on Trial Procedures [D.E. 53].

11.  **Estimated Trial Time**

The parties estimate the trial of this case will take 3 to 5 days.

12.  **Where Attorney's Fees May be Awarded to the Prevailing Party – An Estimate of Each Party as to the Maximum Amount Properly Allowable**

    a.  Plaintiff anticipates that his attorneys' fees through trial will be approximately $140,000.

    b.  Defendant anticipates that its attorneys' fees through trial will be approximately $175,000.

**13.   Pretrial Stipulations:**

The parties stipulate that during the trial of the case, including during voir dire, there will be no evidence, argument, inference, or reference regarding:

    a.  Mr. Hernandez's immigration status, unless he first introduces such evidence or testimony;

    b.  The immigration status of any of Hypower's employees, except for impeachment purposes;

    c.  Mr. Hernandez's payment of income taxes before or during his employment with Hypower, except for impeachment purposes;

    d.  Attorneys' fees and costs incurred or to be paid as a result of this case;

    e.  Mention of "liquidated damages"; and

    f.  Any insurer or the insurance coverage available to Hypower applicable to this case.

Respectfully submitted on this 14th day of March 2025,

| | |
|---|---|
| FAIRLAW FIRM | COLE, SCOTT & KISSANE, P.A. |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
| 135 San Lorenzo Avenue, Suite 770 | Esperante Building |
| Coral Gables, Florida 33146 | 222 Lakeview Avenue, Suite 500 |
| Telephone: (305) 230-4884 | West Palm Beach, Florida 33401 |
| E-mail: brian@fairlawattorney.com | Telephone (561) 612-3426 |
| E-mail: brooks@fairlawattorney.com | Facsimile (561) 683-8977 |
| | E-mail: jillian.strasser@csklegal.com |
| | E-mail:  emma.mccarthy@csklegal.com |
| | |
| /s/ *Patrick Brooks LaRou* | /s/ *Jillian Strasser* |
| Brian H. Pollock, Esq. | Jillian Strasser, Esq. |
| Florida Bar No.: 174742 | Florida Bar No.:  113611 |

P. Brooks LaRou, Esq.                          Emma McCarthy, Esq.
Florida Bar No.: 1039018                       Florida Bar No.: 1048504