UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 24-20207-CIV-MARTINEZ

GUSTAVO HERNANDEZ,

    Plaintiff,
v.

HYPOWER, LLC,

    Defendant.
_____/

## ORDER ON MOTIONS IN LIMINE

**THIS MATTER** is before the Court on Defendant Hypower LLC's Motion in Limine, (ECF No. 50), and Plaintiff Gustavo Hernandez's Motion in Limine, (ECF No. 51). For the reasons explained below, the Court rules as follows.

### I.  LEGAL STANDARD

Motions in limine "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mowbray v. Carnival Corp.*, No. 08-cv-20937, 2009 WL 10667070, at *2 (S.D. Fla. Apr. 13, 2009) (citations omitted). Yet, "it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.* (internal citations omitted); *see also O'Bryan v. Joe Taylor Restoration*, No. 20-cv-80993, 2021 WL 4991300, at *1 (S.D. Fla. June 3, 2021) ("Motions in limine are best limited to those issues that the mere mention of which would deprive a party of a fair trial."). A court, therefore, "has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.* (citation omitted). "If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow

1

questions of foundation, relevancy, and prejudice to be resolved in context." *Id.* The burden of demonstrating that the evidence is inadmissible on any relevant ground rests with the movant. *Id.* (citation omitted). "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41–42 (1984)). "[L]imine motions that are granted are done so without prejudice to the adverse party's proffering the evidence, outside the presence of the jury" and "[l]imine motions that are denied are done so without prejudice to the movant's renewing the objection, if and when the objected-to evidence is offered at trial." *O'Bryan*, 2021 WL 4991300, at *1.

## II. DISCUSION

Below, the Court addresses Plaintiff's in limine request (Request No. 1), and Defendant's three in limine requests (Request Nos. A–C).

### PLAINTIFF'S MOTION IN LIMINE:

1. **Documents Not Timely Disclosed/Produced During Discovery**: DENIED. Plaintiff asks the Court to preclude "Defendant from raising this issue—whether through the introduction of evidence, through inferences, or by argument—to avoid prejudice or disruption of the trial." (ECF No. 51 at 2). While Plaintiff asks for a blanket exclusion of evidence, he only provides one example of a document that was disclosed past the discovery deadline. (ECF No. 51 at 3–4). This Court declines Plaintiff's request to exclude a broad category of potential evidence without first assessing each piece of evidence and the purpose for which it is being offered. *See e.g., N.A.S. v. Morada-Haute Furniture Boutique LLC*, No. 20-24676-Civ, 2022 WL 845013, at *3 (S.D. Fla. Mar. 21, 2022) ("We will not issue a blanket exclusion of [items not produced in discovery] without first being appraised of its nature or the purposes of its introduction. Instead, this Court can address any objections to such evidence or testimony at trial."); *RJ's Int'l Trading, LLC v. Crown Castle S. LLC*, No. 20-25162-CIV, 2021 WL 6135137, at *4 (S.D. Fla. Dec.

2, 2021) ("In general, evidence that is not produced in discovery is excluded from trial (*see* Fed. R. Civ. P. 26(a)); however, the Court cannot preemptively exclude a broad category of evidence without knowing the evidence's substance."). If Defendant attempts to introduce evidence not produced during discovery at trial, Plaintiff may make appropriate objections, and the Court will make a ruling.

**DEFENDANT'S MOTION IN LIMINE:**

A. **Reference to Insurance Coverage**: **DENIED AS MOOT**. Plaintiff does not oppose this request. The parties should have conferred prior to presenting this request to the Court. *See Bodden v. Quigley*, No. 13-cv-21834, 2014 WL 5461807, at *1 (S.D. Fla. Oct. 27, 2014) (denying as moot motions in limine where opposing party agreed to the relief requested).

B. **Reference to the Citizenship or Immigration Status of Any Hypower Employee**: **DENIED AS MOOT**. Plaintiff does not oppose this request. The parties should have conferred prior to presenting this request to the Court.

C. **Reference to Discrimination or Retaliation**: **GRANTED**. Plaintiff argues that this evidence "is directly relevant to Mr. Hernandez's breach of contract claim and to Defendant's affirmative defense that he was terminated 'for cause,' and that such evidence poses no risk of prejudice or confusion outweighing its probative value." (ECF No. 61 at 1). However, the Court granted summary judgment in favor of Defendant on the breach of contract claim. (ECF No. 62). Plaintiff fails to present any other argument to support the inclusion of any reference to the purported discrimination and retaliation claims.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26 day of March 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record