UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-20207-JEM

GUSTAVO HERNANDEZ,

    Plaintiff,
v.

HYPOWER, LLC,

    Defendant.
_____/

**JOINT MOTION FOR CONTINUANCE OF TRIAL
AND TO MODIFY CERTAIN PRE-TRIAL DEADLINES**

    Plaintiff, GUSTAVO HERNANDEZ ("Plaintiff"), and Defendant, HYPOWER, LLC ("Defendant") (hereafter, Plaintiff and Defendant will be collectively referred to as the "Parties"), by and through their undersigned counsels, respectfully file this Joint Motion for Continuance of Trial and to Modify Certain Pre-Trial Deadlines, and in support thereof, state as follows:

    1.    On January 18, 2024, Plaintiff initiated this action by filing his initial complaint against Defendant ("Complaint"). [D.E. 1].

    2.    On February 12, 2024, Defendant filed its Answer and Affirmative Defenses to the Complaint. [D.E. 8]. On March 7, 2024, and May 1, 2024, with the consent of Plaintiff, Defendant filed its Amended Answer and Affirmative Defenses and Second Amended Answer and Affirmative Defenses, respectively. [D.E. 17; D.E. 26].

    3.    On April 24, 2024, the Court entered its Amended Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge ("Trial Order") and set the trial of this matter for this Court's trial period commencing on April 7, 2025, with calendar call on April 3, 2025. [D.E. 25].

4. On or around June 7, 2024, Jillian Strasser, Esq. and Emma McCarthy, Esq. of the law firm of Cole, Scott & Kissane, P.A. were retained as defense counsel in this matter. [D.E. 35; D.E. 38].

5. On July 11, 2024, Defendant filed an Unopposed Motion for Leave to Amend Defendant's Second Amended Answer and Affirmative Defenses, which the Court subsequently granted. [D.E. 39; D.E. 40]. As such, on July 11, 2024, Defendant filed its Third Amended Answer and Affirmative Defenses. [D.E. 41].

6. In an attempt to avoid expending additional attorneys' fees and costs on discovery and depositions, the Parties agreed to attend an early mediation on October 3, 2024. The Parties participated in mediation, which ultimately resulted in an impasse. [D.E. 46]. Despite the impasse at mediation, the Parties continue to engage in good-faith settlement negotiations.

7. On February 24, 2025, the Court entered its Order on Trial Procedures. [D.E. 53].

8. On March 28, 2025, the Court entered its Order Revising Trial Date, wherein the Court *sua sponte* revised the trial period to the Court's two-week period commencing on May 5, 2025, with calendar call on May 1, 2025. [D.E. 68].

9. Additionally, on March 28, 2025, the Court entered its paperless Order referring this matter to Magistrate Judge Ellen F. D'Angelo for a mandatory settlement conference. [D.E. 67].

10. As an initial matter, the undersigned counsel, Jillian Strasser, Esq., will be taking maternity leave on or around May 13, 2025, through July 14, 2025.[1] Given that the undersigned's maternity is set to begin on or around May 13, 2025 (*i.e.,* during the revised trial period), the Parties seek a continuance of the trial date.

---

[1] The undersigned notes that these dates may change depending on the date of labor. However, as of the date of filing this Motion, these are the anticipated dates of the undersigned's leave.

11. As such, the Parties request that this Court continue this trial to a trial period beginning on or after August 11, 2025.

12. Additionally, per the Trial Order, the following pre-trial deadlines are still impending:

    a. March 31, 2025: Proposed jury instructions and/or proposed findings of fact and conclusions of law.

    b. April 2, 2025: Proposed *voir dire* questions.

(the "Remaining Deadlines").

13. The Parties respectfully request that, if the Court grants the requested continuance, the Remaining Deadlines be extended accordingly to align with the new trial and calendar call date entered by this Court.

14. Alternatively, should the Court deny the requested continuance, the Parties request that the Remaining Deadlines be extended by twenty-one (21) days as follows:

    a. April 21, 2025: Proposed jury instructions and/or proposed findings of fact and conclusions of law.

    b. April 23, 2025: Proposed *voir dire* questions.

15. The Parties request this extension in light of the Court's recent *sua sponte* continuance of this case's trial period [*see* D.E. 68], and to foster the Parties' potential for settlement at their upcoming Settlement Conference [*see* D.E. 67] by avoiding the incurrence of additional attorneys' fees.

16. Under Federal Rule of Civil Procedure 6(b), the Court has broad authority to enlarge the period within which the Parties must comply with the Deadlines "if a request is made, before the original time or its extension expires." FED. R. CIV. P. 6(b). The Parties' request herein to extend the deadline to file proposed *voir dire* questions is made prior to the expiration of the

Remaining Deadlines. Accordingly, the Court has the authority to grant this Motion under Federal Rule of Civil Procedure 6(b).

17. Additionally, under Federal Rule of Civil Procedure 6(b)(1)(B), the Court has broad authority to enlarge the period within which the Parties must comply with the Deadlines "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B); *see also Quinn v. Deutshe Bank Nat. Trust Co.*, 625 Fed.Appx. 937, 939 (11th Cir. 2015) (quoting Federal Rule of Civil Procedure 6(b)(1)(B)). As such, the Court has discretion to grant the Parties' request to extend the deadline to file jury instructions and/or proposed findings of fact and conclusions of law.

18. As discussed herein, the Court *sua sponte* revised the trial period in this matter and compelled the parties to attend a mandatory settlement conference with Magistrate D'Angelo. Resetting the Remaining Deadlines to align with the new trial period and calendar call dates will allow the Parties to minimize costs and fees ahead of the settlement conference, while they continue to work towards a resolution of this matter.

19. This Motion is being filed in good faith and not for the purposes of unreasonable delay nor prejudice to any party. Rather, the requests made herein are to ensure that (i) when this matter is tried, the Parties and their respective counsel are adequately prepared and able to attend and (ii) the Parties are able to mitigate fees and costs by extending the Remaining Deadlines while they continue to work towards a potential resolution.

**WHEREFORE**, the parties to this action jointly request this Honorable Court enter an order granting a continuance of this trial until on or after August 11, 2025, and extending the remaining pre-trial deadlines to align with new trial period and calendar call, and for any other relief that this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of March 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record.

| | |
|---|---|
| COLE, SCOTT & KISSANE, P.A.<br>*Counsel for Defendant*<br>Esperante Building<br>222 Lakeview Avenue, Suite 500<br>West Palm Beach, Florida 33401<br>Telephone (561) 612-3426<br>Facsimile (561) 683-8977<br>E-mail: jillian.strasser@csklegal.com<br>E-mail: emma.mccarthy@csklegal.com<br><br>/s/ *Emma McCarthy*<br>Jillian Strasser, Esq.<br>Florida Bar No.: 113611<br>Emma L. McCarthy, Esq.<br>Florida Bar No: 1048504 | FAIRLAW FIRM<br>*Counsel for Plaintiff*<br>135 San Lorenzo Avenue, Suite 770<br>Coral Gables, Florida 33146<br>Telephone: (305) 230-4884<br>E-mail: brian@fairlawattorney.com<br>E-mail: brooks@fairlawattorney.com<br><br>/s/ *Patrick Brooks LaRou*<br>Brian H. Pollock, Esq.<br>Florida Bar No.: 174742<br>Patrick Brooks LaRou, Esq.<br>Florida Bar No.: 1039018 |