UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-20207-JEM

GUSTAVO HERNANDEZ,

    Plaintiff,
v.

HYPOWER, LLC,

    Defendant.
_____/

**DEFENDANT'S *UNOPPOSED* MOTION FOR LEAVE TO ALLOW INSURANCE REPRESENTATIVE TO APPEAR TELEPHONICALLY AT SETTLEMENT CONFERENCE**

Defendant, HYPOWER, LLC ("Defendant"), by and through the undersigned counsel, respectfully file this Unopposed Motion for Leave to Allow Insurance Representative to Appear Telephonically at Settlement Conference, and in support thereof, states as follows:

1. On January 18, 2024, Plaintiff initiated this action by filing his initial complaint against Defendant ("Complaint"). [D.E. 1].

2. On March 28, 2025, the Court entered its paperless Order referring this matter to Magistrate Judge Ellen F. D'Angelo for a mandatory settlement conference. [D.E. 67].

3. In accordance with this Court Order, the parties are in the process of scheduling the settlement conference with Magistrate Judge Ellen F. D'Angelo's Chambers.

4. Pursuant to the Court's Order, "[e]xcept as provided under Local Rule 16.2(e), the appearance of counsel and each party, or a representative of each party with full settlement authority, is mandatory." [D.E. 67].

5. The Court's Order further provides that, "[a]ppearance shall be in person. Telephonic appearances are prohibited absent a court order." [D.E. 67].

6. Local Rule 16.2(e) provides that "[u]nless excused in writing by the Court, all parties and required claims professionals (e.g., insurance adjusters) must participate in the mediation conference with full authority to negotiate a settlement."

7. With respect to the instant matter, Defendant has an insurance liability policy with Zurich American Insurance Group that provides coverage for defense costs only.

8. A representative of Defendant, who has full settlement authority in this matter, will be present at the settlement conference. However, Defendant's insurance representative, Thomas White ("Mr. White"), resides in New Jersey.

9. In the interests of time and economy, and in order to further the settlement posture of the parties by saving monies on travel (from New Jersey to Florida), Defendant requests leave to allow Mr. White to appear telephonically at the settlement conference in this matter.

10. In this regard, Federal Rule of Civil Procedure 16 provides the court with full discretion to enter orders regarding case management for purposes which include, inter alia, the possible facilitation of the case's settlement. The Court has the sole discretion to do so where all parties would benefit thereby. *See e.g., Sadowski v. Bombardier, Ltd.*, 539 F.2d 615 (7th Cir. 1976).

11. No party will be prejudiced if Mr. White is permitted to appear telephonically at the settlement conference. Indeed, Plaintiff, through his counsel, advised that he does not oppose the relief requested herein.

### LOCAL RULE 7.1(a)(3) CERTIFICATION

Prior to the filing of this Motion, the undersigned conferred with Plaintiff's counsel in an effort to resolve in good faith the issues raised herein, and Plaintiff's counsel does not oppose the

relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of April, 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

>COLE, SCOTT & KISSANE, P.A.
>*Counsel for Defendant*
>Esperante Building
>222 Lakeview Avenue, Suite 500
>West Palm Beach, Florida 33401
>Telephone (561) 612-3454
>Facsimile (561) 683-8977
>Primary e-mail: emma.mccarthy@csklegal.com
>Secondary e-mail: jillian.strasser@csklegal.com
>
>By:  /s/ *Jillian Strasser*
>JILLIAN STRASSER
>Florida Bar No.:  113611
>EMMA L. MCCARTHY
>Florida Bar No.:  1048504